E-filing

ORIGINAL

1  PERRIE M. WEINER (SBN 134146)
   perrie.weiner@dlapiper.com
2  EDWARD D. TOTINO (SBN 169237)
   edward.totino@dlapiper.com
3  ANA TAGVORYAN (SBN 246536)
   ana.tagvoryan@dlapiper.com
4  **DLA PIPER LLP (US)**
   2000 Avenue of the Stars, Suite 400, North Tower
5  Los Angeles, CA 90067-6023
   Telephone: 310.595.3000
6  Facsimile: 310.595.3300

7  Attorneys for Defendants
   INTERCONTINENTAL HOTELS GROUP
8  RESOURCES, INC; INTERCONTINENTAL
   HOTELS OF SAN FRANCISCO, INC.; and SIX
9  CONTINENTS HOTELS, INC.

FILED
SEP 14 2012
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND

ADR

NC

10             UNITED STATES DISTRICT COURT

11             NORTHERN DISTRICT OF CALIFORNIA

12

13  LAURA MCCABE and LATROYA            CASE NO. **C12-4818**
    SIMPSON, individually and on behalf
14  of similarly situated individuals,

15             Plaintiffs,               **DEFENDANTS' NOTICE OF
                                         REMOVAL OF ACTION**
16         v.                            **(28 U.S.C. § 1332(d), 1441, 1446, and
                                         1453)**
17  INTERCONTINENTAL HOTELS
18  GROUP RESOURCES, INC;               Complaint Filed:   July 8, 2012
    INTERCONTINENTAL HOTELS OF          Trial Date:        None
19  SAN FRANCISCO, INC.; SIX
    CONTINENTS HOTELS, INC.; and        **FILE BY FAX**
20  DOES 2 through 10, inclusive,

21             Defendants.

22

23

24

25

26

27

28

DLA PIPER LLP (US)
LOS ANGELES                DEFENDANTS' NOTICE OF REMOVAL OF ACTION

1   TO THE CLERK OF THE ABOVE-ENTITLED COURT AND PLAINTIFFS:

2        PLEASE TAKE NOTICE that Defendants InterContinental Hotels Group

3   Resources, Inc., InterContinental Hotels of San Francisco, Inc., and Six Continents

4   Hotels, Inc. (collectively, "Defendants") hereby remove to this Court pursuant to 28

5   U.S.C. §§ 1332(d), 1441, and 1446, as amended in relevant part by the Class Action

6   Fairness Act of 2005 ("CAFA"), this action, which was originally filed in the

7   Superior Court of California in the County of Alameda and assigned Case No.

8   12637671. The grounds for this removal are set forth herein.

9   **I.    INTRODUCTION.**

10       On July 8, 2012, Plaintiffs Laura McCabe and Latroya Simpson (collectively,

11  "Plaintiffs") commenced a putative class action in the Superior Court of the State of

12  California for the County of Alameda, entitled *Laura McCabe and Latroya*

13  *Simpson, individually and on behalf of a class of similarly situated individuals v.*

14  *InterContinental Hotels Group Resources, Inc.; InterContinental Hotels of San*

15  *Francisco, Inc. and DOES 1 through 10*, inclusive, as Case No. 12637671. A copy

16  of the Complaint is attached hereto as Exhibit "A." Plaintiffs amended the

17  Complaint on July 19, 2012, adding Defendant Six Continents Hotels, Inc. to the

18  case. A copy of the First Amended Complaint is attached hereto as Exhibit "B."

19  The First Amended Complaint ("Complaint") alleges one cause of action for

20  unlawful recording and interception of cellular telephone calls in violation of

21  California Penal Code § 632.7, and seeks statutory damages of $5,000 "per

22  violation" under California Penal Code § 637.2 (hereafter, the "State Court

23  Action"). (Exhibit B, ¶¶ 38, 41.)

24  **II.   THIS COURT HAS JURISDICTION UNDER CAFA.**

25       Defendants remove the State Court Action pursuant to CAFA, codified under

26  28 U.S.C. § 1332(d). CAFA provides this Court with original jurisdiction of this

27  action and permits Defendants to remove the State Court Action from the California

28  state court to this Court.

- 1 -

DEFENDANTS' NOTICE OF REMOVAL OF ACTION

1    CAFA vests district courts with original jurisdiction over class actions when

2  the aggregate amount in controversy for all putative class members exceeds $5

3  million (exclusive of interest and costs) and when any member of the putative class

4  of plaintiffs is a citizen of a state different from any defendant. 28 U.S.C.

5  § 1332(d)(2). These requirements are satisfied in this action, as set forth below.

6    Neither the permissive nor mandatory provisions of CAFA for declining

7  original jurisdiction are applicable to this action. Accordingly, as discussed further

8  below, federal jurisdiction is mandatory under CAFA.

9    A.    **Class Action.**

10    The State Court Action is a class action as defined by CAFA. CAFA

11  provides:

12
> [T]he term "class action" means any civil action filed
13  under rule 23 of the Federal Rules of Civil Procedure or
     similar State statute or rule of judicial procedure
14  authorizing an action to be brought by 1 or more
15  representative persons as a class action.

16  28 U.S.C. § 1332(d)(1)(B).

17    Plaintiffs filed the State Court Action as a putative class action on behalf of

18  themselves and a proposed class of plaintiffs, under California Code of Civil

19  Procedure section 382. (*See* Exhibit B, ¶ 23.)

20    The California rule governing the maintenance of class actions, California

21  Code of Civil Procedure section 382, is analogous to Federal Rule of Civil

22  Procedure 23.

23    The State Court Action therefore falls within the definition of a "class action"

24  under CAFA.

25    B.    **Removal Under CAFA.**

26    CAFA provides that a class action against a non-governmental entity may be

27  removed if: (1) the number of proposed class members is not less than 100; (2) any

28
- 2 -

1 member of the proposed plaintiff class is a citizen of a state different from any

2 defendant; and (3) the aggregate amount in controversy exceeds $5 million,

3 excluding interests and costs. 28 U.S.C. § 1332(d), (d)(5), and § 1453(b).

### 1. Plaintiffs' Proposed Class.

5 Plaintiffs purport to represent a class of California individuals who called

6 Defendants' reservation telephone numbers from a cellular or cordless telephone

7 located in California, and whose telephone conversations were allegedly recorded

8 and/or monitored by Defendants without adequate disclosures during the applicable

9 claims period.[1] (*See* Exhibit B, ¶ 23.)

10 As set forth in the attached declaration, Defendants estimate that

11 approximately 7,000 California calls that reached an agent and were recorded

12 within the one year preceding the filing of the Complaint were made from cellular

13 telephones. (*See* Declaration of Kevin Randall in Support of Defendants'

14 InterContinental Hotels Group Resources, Inc., InterContinental Hotels of San

15 Francisco, Inc., and Six Continents Hotels, Inc.'s Notice of Removal of Action,

16 attached hereto as Exhibit L, ¶ 4.) Therefore, CAFA's minimum putative class size

17 of 100 members is satisfied.

### 2. Diversity of Citizenship Under CAFA.

19 Defendants are incorporated under the laws of the State of Delaware, with

20 their principal places of business in Atlanta, Georgia. (Exhibit L, ¶ 1.) Therefore,

21 each Defendant is a citizen of Delaware and Georgia.

22 Plaintiffs reside in California. (Exhibit B, ¶ 4). Therefore, each Plaintiff is a

23 citizen of the State of California. 28 U.S.C. § 1332(a). Also, the putative class is

24 made up of persons in California. (Exhibit B, ¶ 23.)

25 [1] Plaintiffs telephoned the reservation telephone numbers of Defendant Six
26 Continents Hotels, Inc. By way of this Notice, Defendants do not concede
Defendants InterContinental Hotels Group, Inc. and InterContinental Hotels of San
27 Francisco, Inc. are proper defendants, and reserve all arguments with respect
28 thereto.

- 3 -

DEFENDANTS' NOTICE OF REMOVAL OF ACTION

1  Because at least one member of the proposed class of plaintiffs is a citizen of
2  a state different from a Defendant, within the meaning of 28 U.S.C.
3  § 1332(d)(2)(A), CAFA's diversity of citizenship requirement is satisfied.

4  The diversity that exists in this action not only satisfies the minimal diversity
5  of citizenship requirement under CAFA, but also precludes the applicability of
6  exceptions in 28 U.S.C. § 1332(d)(3) and (d)(4) because Defendants are not citizens
7  of the forum state of California.

8  ### 3.  Amount in Controversy.

9  CAFA's third requirement—that the aggregate amount in controversy,
10  exclusive of interest and costs, exceed $5 million—is also satisfied here.  28 U.S.C.
11  § 1332(d)(2).

12  As to damages, Plaintiffs seek to recover "$5,000 in statutory damages per
13  violation, even in the absence of proof of actual damages...." (Exhibit B, ¶ 41.)
14  California Penal Code § 637.2 states, in relevant part, that "[a]ny person who has
15  been injured by a violation of this chapter may bring an action against the person
16  who committed the violation for the greater of the following amounts: (1) Five
17  thousand dollars ($5,000)...." Therefore, the damages that Plaintiffs seek for the
18  putative class for each telephone call recorded during the putative class period
19  referenced in the Complaint is $5,000.[2]

20  As set forth in the attached declaration, approximately seven thousand
21  (7,000) cellular telephone calls from California were recorded during the putative
22  class period. (*See* Exhibit L, ¶ 4.) Because there were approximately seven
23  thousand telephone calls recorded during the alleged class period, and Plaintiffs
24  seek to recover at least $5,000 per call, the amount in controversy in this action

25

26  [2] Defendants do not admit that the Complaint states a claim upon which relief may
27  be granted, or that each Plaintiff or any putative class member is entitled to $5,000
     per violation, much less any damages or any other relief sought in the Complaint.
28  Nor do Defendants admit that a class can be certified here.

- 4 -

1 exceeds $5 million. Therefore, CAFA's requirement that the aggregate amount in
2 controversy exceed $5 million is met here.

3 **III.  28 U.S.C. § 1446 REQUIREMENTS.**

4     **A.  This Notice of Removal Is Timely Filed.**

5     Defendants were served with the Complaint and supporting documents on
6 August 30, 2012. This notice of removal is timely pursuant to 28 U.S.C. sections
7 1446(b) and 1453(b), because it is filed within thirty (30) days after Defendants
8 were served. A copy of the Summons is attached hereto as Exhibit "C." Copies of
9 the Notices of Acknowledgement and Receipt by each Defendant are attached
10 hereto as Exhibit "D."

11     **B.  Procedural Requirements.**

12     Section 1446(a) requires a removing party to provide this Court a copy of all
13 "process, pleadings and orders" served on it in the State Court Action. The
14 Complaint, First Amended Complaint (with application) and Summons are attached
15 as Exhibits "A," "B," and "C" respectively. Attached hereto as Exhibit "E" is the
16 ADR Information Packet. Attached hereto as Exhibit "F" is the Notice of Hearing.
17 Attached hereto as Exhibit "G" is the Order Designating Case as Complex.
18 Attached hereto as Exhibit "H" is Plaintiffs' Case Management Conference
19 Statement. Attached hereto as Exhibit "I" is Defendants' Case Management
20 Conference Statement. Attached hereto as Exhibit "J" is the Order Continuing the
21 Case Management Conference.

22     Exhibits A through J constitute all of the pleadings, process, and orders in the
23 State Court Action.

24     Pursuant to 28 U.S.C. section 1446(d), Defendants are filing a copy of the
25 Notice of Removal with the Clerk of the Alameda County Superior Court and
26 serving Plaintiffs with same. A copy of the Notice to the Superior Court (which is
27 being served on Plaintiffs) is attached hereto as Exhibit "K".

28

1    WHEREFORE, Defendants respectfully submit that (1) CAFA applies to this

2    action because the proposed class contains at least 100 members, (2) at least one

3    member of the proposed class is a citizen of a state different than a Defendant's

4    state of citizenship, (3) the aggregate amount in controversy exceeds $5 million,

5    and (4) the procedural requirements under 28 U.S.C. § 1446 are met. For these

6    reasons, this action is properly removed to this Court.

7

8    Dated: September 13, 2012          DLA PIPER LLP (US)

9

10                                      By: _____
                                            EDWARD D. TOTINO
11                                          ANA TAGVORYAN
                                            Attorneys for Defendants
12                                          INTERCONTINENTAL HOTELS
                                            GROUP RESOURCES, INC.;
13                                          INTERCONTINENTAL HOTELS OF
                                            SAN FRANCISCO, INC.; and SIX
14                                          CONTINENTS HOTELS, INC.

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT A

1  ERIC A. GROVER (SBN 136080)
   eagrover@kellergrover.com
2  CAREY G. BEEN (SBN 240996)
   cbeen@kellergrover.com
3  KELLER GROVER LLP
   1965 Market Street
4  San Francisco, California 94103
   Telephone: (415) 543-1305
5  Facsimile: (415) 543-7861

6  SCOT BERNSTEIN (SBN 94915)
   swampadero@sbernsteinlaw.com
7  LAW OFFICES OF SCOT D. BERNSTEIN,
   A PROFESSIONAL CORPORATION
8  101 Parkshore Drive, Suite 100
   Folsom, California 95630
9  Telephone: (916) 447-0100
   Fax: (916) 933-5533

10

11  Attorneys for Plaintiffs
    LAURA MCCABE and LATROYA SIMPSON

12

13          SUPERIOR COURT OF THE STATE OF CALIFORNIA

14              IN AND FOR THE COUNTY OF ALAMEDA

15

16  LAURA MCCABE and LATROYA           Case No. RG12637671
    SIMPSON, individually and on behalf of a
17  class of similarly situated individuals,     CLASS ACTION

                    Plaintiffs,                   COMPLAINT FOR DAMAGES AND
18                                                INJUNCTIVE RELIEF

19  v.                                            DEMAND FOR JURY TRIAL

20  INTERCONTINENTAL HOTELS GROUP
    RESOURCES, INC.; INTERCONTINENTAL
21  HOTELS OF SAN FRANCISCO, INC.; and
    DOES 1 through 10, inclusive,
22
                    Defendants.
23

24

25

26

27

28

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

Exhibit A 7

FILED
ALAMEDA COUNTY

JUL - 9 2012

By _____ Clerk

BY FAX

1

## CLASS ACTION COMPLAINT

2    Plaintiffs Laura McCabe and Latroya Simpson ("Plaintiffs"), on behalf of themselves and

3  a class (the "Class") of similarly situated individuals as defined below, allege on information and

4  belief and the investigation by counsel as follows:

5                                  ## INTRODUCTION

6         1.       This class action lawsuit arises out of Defendants' policy and practice of

7  recording and/or intercepting calls made or routed to the telephone numbers 1-888-HOLIDAY

8  (1-888-465-4329) and 1-888-211-9874 without the consent of all parties (collectively "toll-free

9  reservation telephone numbers"). 1-888-HOLIDAY connects callers with central reservations

10 for Holiday Inn hotels, a hotel brand of Defendants. 1-888-211-9874 connects callers with

11 Priority Club Rewards, a rewards program owned by Defendants, through which callers can

12 make hotel reservations for Holiday Inn hotels. Defendants then intentionally and surreptitiously

13 record and/or intercept (i.e., monitor) telephone calls made or routed to the toll-free reservation

14 telephone numbers without warning or disclosing to callers that they are doing so. (The terms

15 "intercept" and "monitor" are used interchangeably in this complaint.)

16        2.       Defendants' policy and practice of recording and intercepting telephone

17 conversations without the consent of all parties violates California's Invasion of Privacy Act

18 (Penal Code §§ 630, et seq.). Specifically, Defendants' policy and practice violate Penal Code §

19 632.7, which prohibits the recording or intercepting (i.e., monitoring) of a communication made

20 from a cellular or cordless telephone without the consent of all parties to the communication.

21        3.       As a result of Defendants' violations, all individuals who called or were routed to

22 the toll-free reservation telephone numbers and were recorded or monitored by Defendants

23 surreptitiously and without disclosure are entitled to an award of statutory damages and

24 injunctive relief as set forth in Penal Code § 637.2.

25                                    ## PARTIES

26        4.

27        a.       Plaintiff Laura McCabe is an individual and a resident of California.

28        b.       Plaintiff Latroya Simpson is an individual and resident of Sacramento,

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF                                              1

Exhbit A 8

1    5.    Intercontinental Hotels Group Resources, Inc. ("IHGR") is a corporation

2 headquartered in Atlanta, Georgia. IHGR regularly does business throughout the United States.

3 Defendant systematically and continuously does business in California and with California

4 residents.

5    6.    Intercontinental Hotels of San Francisco, Inc. ("IHSF") is a corporation

6 headquartered in Atlanta, Georgia. IHSF regularly does business throughout the United States.

7 Defendant systematically and continuously does business in California and with California

8 residents.

9    7.    Plaintiffs are ignorant of the true names and capacities of defendants sued herein

10 as DOES 1 through 10, inclusive, and therefore sue those defendants by those fictitious names.

11 Plaintiffs will amend this Complaint to allege their true names and capacities when ascertained.

12 Plaintiffs are informed and believe and on that ground allege that each of the fictitiously named

13 defendants is responsible in some manner for the occurrences alleged and that Plaintiffs' injuries

14 and damages, as alleged, are proximately caused by those occurrences.

15    8.    "Defendants" means and refers to defendant IHGR, defendant IHSF, and the

16 fictitiously named Defendants, each and all of them.

17    9.    Plaintiffs are informed and believe and on that ground allege that, at all relevant

18 times, each Defendant was the principal, agent, partner, joint venturer, officer, director,

19 controlling shareholder, subsidiary, affiliate, parent corporation, successor in interest and/or

20 predecessor in interest of some or all of the other Defendants, and was engaged with some or all

21 of the other Defendants in a joint enterprise for profit, and bore such other relationships to some

22 or all of the other Defendants so as to be liable for their conduct with respect to the matters

23 alleged below. Plaintiffs are informed and believe and on that ground allege that each Defendant

24 acted pursuant to and within the scope of the relationships alleged above, and that each knew or

25 should have known about and authorized, ratified, adopted, approved, controlled, aided and

26 abetted the conduct of all Defendants.

27                  **JURISDICTION AND VENUE**

28

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

2

1      10.    This Court has subject matter jurisdiction over this action under California Penal

2  Code §§ 632.7 and 637.2.

3      11.    This Court has personal jurisdiction over the parties because defendants IHGR

4  and IHSF continually and systematically have conducted business in the State of California.

5  Likewise, Plaintiffs' rights were violated in the State of California and arose out of their contact

6  with Holiday Inn from California.

7      12.    Venue is proper in this Court because Code of Civil Procedure §§ 395 and 395.5

8  and case law interpreting those sections provide that if a foreign business entity fails to designate

9  with the office of the California Secretary of State a principal place of business in California, it is

10  subject to being sued in any county that a plaintiff desires.  On information and belief, Defendant

11  IHGR and Defendant IHSF both are foreign business entities and each has failed to designate a

12  principal place of business with the office of the Secretary of State as of the date this Complaint

13  was filed.

14               **FACTUAL ALLEGATIONS COMMON TO THE CLASS**

15      13.    Plaintiffs are informed and believe and on that ground allege that Holiday Inn is a

16  hotel brand owned by Defendants.

17      14.    Plaintiffs are informed and believe and on that ground allege that the toll-free

18  reservation telephone numbers connect callers to central reservations for Holiday Inn; that the

19  central reservations system is owned and operated by defendants; and that all Holiday Inn hotels,

20  including Holiday Inn franchises, are required to participate in the central reservations system.

21      15.    Plaintiffs are informed and believe and on that ground allege that Defendants'

22  employees and agents at the central reservations call center receive incoming calls from callers

23  including California callers.

24      16.    Plaintiffs are informed and believe and on that ground allege that Defendants

25  intentionally have used technology consisting of hardware and/or software to carry out a practice

26  and policy of recording and/or intercepting (i.e., monitoring) those calls made to the central

27  reservations call center.

28      17.    Plaintiffs are informed and believe and on that ground allege that Defendants'

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF                       3

1    employees and agents at the central reservations call center were directed, trained, and instructed

2    to, and did, record and/or monitor telephone calls between the central reservations call center and

3    callers, including California callers.

4         18.    During the period 2011 through early 2012, Plaintiff Laura McCabe ("McCabe")

5    called 1-888-211-9874 from California using her cellular telephone. McCabe called 1-888-211-

6    9874 to inquire about hotel rates and/or to make reservations. Accordingly, during her telephone

7    calls with Defendants, McCabe shared sensitive personal information with Defendants, including

8    her name and/or credit card information.

9         19.    From February through July 2011 and in September 2011, Plaintiff Latroya

10   Simpson ("Simpson") called 1-888-HOLIDAY from California using her cellular telephone.

11   Simpson called 1-888-HOLIDAY to inquire about hotel rates and/or to make reservations.

12   Accordingly, during her telephone calls with Defendants, Simpson shared sensitive personal

13   information with Defendants, including her name and/or credit card information.

14        20.    During Plaintiffs' telephone calls to Defendants, Defendants failed to disclose to

15   Plaintiffs that their telephone conversations with Defendants were being recorded and/or

16   monitored. Plaintiffs did not give and could not have given consent for the telephone calls to be

17   recorded or monitored because they were unaware that Defendants were engaged in that practice

18   during the telephone calls. Plaintiffs are informed and believe and on that ground allege that

19   callers who called or were routed to the toll-free reservation telephone numbers were not

20   informed by Defendants or anyone else that their calls were being recorded and/or monitored.

21   Thus, that recording and/or monitoring necessarily occurred without the callers' knowledge or

22   consent.

23        21.    Because there was no warning that calls would be recorded or monitored,

24   Plaintiffs had a reasonable expectation that their telephone conversations with Defendants'

25   employees and agents were, and would remain, private and confined to the parties on the

26   telephone. That recording and/or monitoring without their consent is highly offensive to

27   Plaintiffs and would be highly offensive to a reasonable person, including members of the

28   proposed Plaintiff Class.

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

4

Exhbit A 11

## CLASS ACTION ALLEGATIONS

22.     Plaintiffs bring this action under California Code of Civil Procedure § 382 on behalf of themselves and the class (the "Class") defined as follows:

All California residents who, at any time during the applicable limitations period preceding the filing of this Complaint through the date of resolution, participated in one or more telephone conversations with the Holiday Inn toll-free reservation telephone numbers from a cellular or cordless telephone located in California and whose calls with the Holiday Inn toll-free reservation telephone numbers were recorded and/or monitored by Defendants surreptitiously or without disclosure.

23.     The Class Plaintiffs seek to represent contains numerous members and is clearly ascertainable including, without limitation, by using the Defendants' records and/or Defendants' telephone company's or other toll-free service provider's records regarding calls to the toll-free reservation telephone numbers to determine the size of the Class and to determine the identities of individual Class members.  Plaintiffs reserve the right under Rule 3.765 of the California Rules of Court to amend or modify the Class definitions or to add subclasses or limitations to particular issues.

24.     By their unlawful actions, Defendants have violated Plaintiffs' and the Class's privacy rights under California's Invasion of Privacy Act, California Penal Code §§ 630 *et seq.* The questions raised are, therefore, of common or general interest to the Class members, who have a well-defined community of interest in the questions of law and fact raised in this action.

25.     Plaintiffs' claims are typical of those of the Class, as Plaintiffs now suffer from the same violations of the law as other putative Class members.  Plaintiffs have retained counsel with substantial experience in prosecuting complex litigation and class actions to represent them and the Class, and Plaintiffs will fairly and adequately represent the interests of the Class.

26.     This action may properly be maintained as a class action under Code of Civil Procedure § 382 because there is a well-defined community of interest in the litigation and the proposed Class is ascertainable.

**Numerosity**

27.   Based on information and belief, the Class consists of at least seventy-five individuals, making joinder of individual cases impracticable.

**Typicality**

28.   Plaintiffs' claims are typical of the claims of all of the other members of the Class. Plaintiffs' claims and the Class members' claims are based on the same legal theories and arise from the same unlawful conduct, resulting in the same injury to Plaintiffs and to all of the other Class members.

**Common Questions of Law and Fact**

29.   There are questions of law and fact common to the Class that predominate over any questions affecting only individual Class members.  Those common questions of law and fact include, without limitation, the following:

   a.   Whether Defendants have a policy or practice of recording and/or intercepting telephone calls made to the Holiday Inn toll-free reservation telephone numbers;

   b.   Whether Defendants have a policy or practice of not disclosing to callers whose calls are recorded and/or intercepted that their conversations with the Holiday Inn toll-free reservation telephone numbers would be recorded and/or monitored;

   c.   Whether Defendants have a policy or practice of not obtaining callers' consent to record and/or monitor telephone calls made to the Holiday Inn toll-free reservation telephone numbers;

   d.   Whether Defendants violated California Penal Code § 632.7 by recording and/or monitoring telephone conversations between callers and the Holiday Inn toll-free reservation telephone numbers surreptitiously and without disclosure;

   e.   Whether Class members are entitled to statutory damages of $5,000 under Penal Code § 637.2 for every violation of Penal Code § 632.7.

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

6

**Adequacy**

1    30.   Plaintiffs will fairly and adequately represent and protect the interests of the other members of the Class. Plaintiffs have retained counsel with substantial experience in prosecuting complex litigation and class actions. Plaintiffs and their counsel are committed to prosecuting this action vigorously on behalf of the other Class members and have the financial resources to do so. Neither Plaintiffs nor their counsel have any interests adverse to those of the other Class members.

**Superiority**

31.   A class action is superior to other available methods for the fair and efficient adjudication of this controversy because individual litigation of the claims of all Class members is impracticable and questions of law and fact common to the Class predominate over any questions affecting only individual members of the Class. Even if every individual Class member could afford individual litigation, the court system could not. It would be unduly burdensome to the courts if individual litigation of the numerous cases were to be required. Individualized litigation also would present the potential for varying, inconsistent, or contradictory judgments and would magnify the delay and expense to all parties and to the court system resulting from multiple trials of the same factual issues. By contrast, the conduct of this action as a class action with respect to some or all of the issues will present fewer management difficulties, conserve the resources of the court system and the parties and protect the rights of each Class member. Further, it will prevent the very real harm that would be suffered by numerous putative Class members who simply will be unable to enforce individual claims of this size on their own, and by Defendants' competitors, who will be placed at a competitive disadvantage as their reward for obeying the law. Plaintiffs anticipate no difficulty in the management of this case as a class action.

32.   The prosecution of separate actions by individual Class members may create a risk of adjudications with respect to them that would, as a practical matter, be dispositive of the interests of other Class members not parties to those adjudications or that would substantially impair or impede the ability of those non-party Class members to protect their interests.

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

7

Exhbit A 14

33.   The prosecution of individual actions by Class members would establish inconsistent standards of conduct for Defendants.

34.   Defendants have acted or refused to act in respects generally applicable to the Class, thereby making appropriate final and injunctive relief or corresponding declaratory relief with regard to members of the Class as a whole as requested herein. Likewise, Defendants' conduct as described above is unlawful, is capable of repetition, and will continue unless restrained and enjoined by the Court.

## FIRST CAUSE OF ACTION

### Unlawful Recording and Intercepting of Communications against All Defendants

### (Violation of California Penal Code § 632.7)

35.   Plaintiffs incorporate each allegation set forth above as if fully set forth herein and further alleges as follows.

36.   Each of Plaintiffs participated in at least one telephone call that she made from California with Defendants' employees or agents at the Holiday Inn toll-free reservation telephone numbers and each is informed and believes that she initiated it through a call to the toll-free reservation telephone numbers. Each of Plaintiffs used a cellular telephone to engage in the conversations.

37.   Plaintiffs are informed and believe and on that ground allege that, at all relevant times, Defendants had a policy and practice of using a telephone system that enabled them to surreptitiously record and/or monitor conversations between Plaintiffs and Class members using cellular or cordless telephones and the Holiday Inn toll-free reservation telephone numbers.

38.   Plaintiffs are informed and believe and on that ground allege that Defendants had and followed a policy and practice of intentionally and surreptitiously recording and/or monitoring Plaintiffs' and Class members' cellular and cordless telephone conversations with the Holiday Inn toll-free reservation telephone numbers.

39.   Plaintiffs are informed and believe and on that ground allege that Defendants had and followed a policy and practice of not advising or warning Plaintiffs or Class members that their cellular and cordless telephone communications with the Holiday Inn toll-free reservation

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

8

1  telephone numbers would be recorded and/or monitored. Because Defendants did not disclose to

2  Plaintiffs or Class members that their calls were being recorded and/or monitored, Defendants

3  did not obtain, and could not have obtained, Plaintiffs' or Class members' express or implied

4.  advance consent to the recording or monitoring of those conversations. As a result, Plaintiffs

5  and Class members had an objectively reasonable expectation that their calls were not being

6  recorded and/or monitored. That expectation and its objective reasonableness arise, in part, from

7  the objective offensiveness of surreptitiously recording people's conversations, the absence of

8  even a simple pre-recorded message as short as four simple words – "calls may be recorded" –

9  and the ease with which such a message could have been put in place. As the California

10  Supreme Court has stated, "in light of the circumstance that California consumers are

11  accustomed to being informed at the outset of a telephone call whenever a business entity intends

12  to record the call, it appears equally plausible that, in the absence of such an advisement, a

13  California consumer reasonably would anticipate that such a telephone call is not being recorded,

14  particularly in view of the strong privacy interest most persons have with regard to the personal

15  financial information frequently disclosed in such calls." (See *Kearney v. Salomon Smith Barney*

16  (2006) 39 Cal. 4th 95.)

17.     40.    Defendants' conduct as described above violated California Penal Code §

18  632.7(a). Under Penal Code § 637.2, Plaintiffs and Class members therefore are entitled to

19  $5,000 in statutory damages per violation, even in the absence of proof of actual damages, the

20  amount deemed proper by the California Legislature. Plaintiffs and Class members also are

21  entitled to injunctive relief to enjoin further violations.

22

23  PRAYER FOR RELIEF

24     WHEREFORE, Plaintiffs, on behalf of themselves and members of the Class, pray for

25  the following relief:

26     a.    An order certifying the Class and appointing Plaintiffs representatives of the

27        Class, and appointing counsel for Plaintiffs as lead counsel for the Class;

28

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

9

1    b.    An order declaring that the actions of Defendants, as described above, violate

2           California Penal Code § 632.7;

3    c.    A judgment for and award of statutory damages to Plaintiffs and the members of

4           the Class pursuant to California Penal Code § 637.2;

5    d.    A permanent injunction under Penal Code § 637.2 enjoining Defendants from

6           engaging in further conduct in violation of California Penal Code § 630, *et seq;*

7    e.    Payment of costs of the suit;

8    f.    Payment of attorneys' fees under California Code of Civil Procedure § 1021.5;

9    g.    An award of pre- and post-judgment interest to the extent allowed by law; and

10    h.    For such other or further relief as the Court may deem proper.

11

12                        Respectfully submitted,

13  Dated: July 3, 2012                 KELLER GROVER LLP

14

15                        Eric A. Grover

16                        Attorneys for Plaintiffs

17

18

19

20

21

22

23

24

25

26

27

28

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

10

1                  **JURY DEMAND**

2     Plaintiffs request a trial by jury of all claims that can be so tried.

3

4                             Respectfully submitted,

5    Dated: July 3, 2012              **KELLER GROVER LLP**

6

7

8                           Eric A. Grover
                              Attorneys for Plaintiffs

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF             11

Exhibit A 18

# EXHIBIT B

u-R

*10022223*

1  ERIC A. GROVER (SBN 136080)
   eagrover@kellergrover.com
2  CAREY G. BEEN (SBN 240996)
   cbeen@kellergrover.com
3  KELLER GROVER LLP
   1965 Market Street
4  San Francisco, California 94103
   Telephone: (415) 543-1305
5  Facsimile: (415) 543-7861

6  SCOT BERNSTEIN (SBN 94915)
   swampadero@sbernsteinlaw.com
7  LAW OFFICES OF SCOT D. BERNSTEIN,
   A PROFESSIONAL CORPORATION
8  101 Parkshore Drive, Suite 100
   Folsom, California 95630
9  Telephone: (916) 447-0100
   Fax: (916) 933-5533

10

11  Attorneys for Plaintiffs
    LAURA MCCABE and LATROYA SIMPSON

12

13          SUPERIOR COURT OF THE STATE OF CALIFORNIA

14             IN AND FOR THE COUNTY OF ALAMEDA

15
16  LAURA MCCABE and LATROYA              )  Case No: RG12637671
    SIMPSON, individually and on behalf of a )
17  class of similarly situated individuals,  )
                                             )  CLASS ACTION
18              Plaintiffs,                   )
                                             )  FIRST AMENDED COMPLAINT FOR
19      v.                                   )  DAMAGES AND INJUNCTIVE RELIEF
                                             )
20  INTERCONTINENTAL HOTELS GROUP          )
    RESOURCES, INC.; INTERCONTINENTAL      )  DEMAND FOR JURY TRIAL
21  HOTELS OF SAN FRANCISCO, INC.; SIX     )
    CONTINENTS HOTELS, INC.; and DOES 2    )
22  through 10, inclusive,                   )
                                             )
23              Defendants                   )

24

25

26

27

28

FIRST AMENDED COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF          Exhbit B 19

FILED
ALAMEDA COUNTY

2012 JUL 19  PM 4:21

Judith de Jesus

BY FAX

## CLASS ACTION COMPLAINT

Plaintiffs Laura McCabe and Latroya Simpson ("Plaintiffs"), on behalf of themselves and a class (the "Class") of similarly situated individuals as defined below, allege on information and belief and the investigation by counsel as follows:

### INTRODUCTION

1.  This class action lawsuit arises out of Defendants' policy and practice of recording and/or intercepting calls made or routed to the telephone numbers 1-888-HOLIDAY (1-888-465-4329) and 1-888-211-9874 without the consent of all parties (collectively "toll-free reservation telephone numbers"). 1-888-HOLIDAY connects callers with central reservations for Holiday Inn hotels, a hotel brand of Defendants. 1-888-211-9874 connects callers with Priority Club Rewards, a rewards program owned by Defendants, through which callers can make hotel reservations for Holiday Inn hotels. Defendants then intentionally and surreptitiously record and/or intercept (i.e., monitor) telephone calls made or routed to the toll-free reservation telephone numbers without warning or disclosing to callers that they are doing so. (The terms "intercept" and "monitor" are used interchangeably in this complaint.)

2.  Defendants' policy and practice of recording and intercepting telephone conversations without the consent of all parties violates California's Invasion of Privacy Act (Penal Code §§ 630, et seq.). Specifically, Defendants' policy and practice violate Penal Code § 632.7, which prohibits the recording or intercepting (i.e., monitoring) of a communication made from a cellular or cordless telephone without the consent of all parties to the communication.

3.  As a result of Defendants' violations, all individuals who called or were routed to the toll-free reservation telephone numbers and were recorded or monitored by Defendants surreptitiously and without disclosure are entitled to an award of statutory damages and injunctive relief as set forth in Penal Code § 637.2.

### PARTIES

4.

~~a.     Plaintiff Laura McCabe is an individual and a resident of California.~~

b.     Plaintiff Latroya Simpson is an individual and resident of California.

FIRST AMENDED COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

1

1    5.    Intercontinental Hotels Group Resources, Inc. ("IHGR") is a corporation
2  headquartered in Atlanta, Georgia. IHGR regularly does business throughout the United States.
3  Defendant systematically and continuously does business in California and with California
4  residents.

5    6.    Intercontinental Hotels of San Francisco, Inc. ("IHSF") is a corporation
6  headquartered in Atlanta, Georgia. IHSF regularly does business throughout the United States.
7  Defendant systematically and continuously does business in California and with California
8  residents.

9    7.    Six Continents Hotels, Inc. ("SCH"), hereby substituted in for Doe Number 1, is a
10  corporation headquartered in Atlanta, Georgia. SCH regularly does business throughout the
11  United States. Defendant systematically and continuously does business in California and with
12  California residents.

13    8.    Plaintiffs are ignorant of the true names and capacities of defendants sued herein
14  as DOES 1 through 10, inclusive, and therefore sue those defendants by those fictitious names.
15  Plaintiffs will amend this Complaint to allege their true names and capacities when ascertained.
16  Plaintiffs are informed and believe and on that ground allege that each of the fictitiously named
17  defendants is responsible in some manner for the occurrences alleged and that Plaintiffs' injuries
18  and damages, as alleged, are proximately caused by those occurrences.

19    9.    "Defendants" means and refers to defendant IHGR, defendant IHSF, defendant
20  SCH, and the fictitiously named Defendants, each and all of them.

21    10.    Plaintiffs are informed and believe and on that ground allege that, at all relevant
22  times, each Defendant was the principal, agent, partner, joint venturer, officer, director,
23  controlling shareholder, subsidiary, affiliate, parent corporation, successor in interest and/or
24  predecessor in interest of some or all of the other Defendants, and was engaged with some or all
25  of the other Defendants in a joint enterprise for profit, and bore such other relationships to some
26  or all of the other Defendants so as to be liable for their conduct with respect to the matters
27  alleged below. Plaintiffs are informed and believe and on that ground allege that each Defendant
28  acted pursuant to and within the scope of the relationships alleged above, and that each knew or

FIRST AMENDED COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF                                2

Exhibit B 21

1   should have known about and authorized, ratified, adopted, approved, controlled, aided and

2   abetted the conduct of all Defendants.

3   <u>JURISDICTION AND VENUE</u>

4       11.    This Court has subject matter jurisdiction over this action under California Penal

5   Code §§ 632.7 and 637.2.

6       12.    This Court has personal jurisdiction over the parties because defendants IHGR,

7   IHSF and SCH continually and systematically have conducted business in the State of California.

8   Likewise, Plaintiffs' rights were violated in the State of California and arose out of their contact

9   with Holiday Inn from California.

10      13.    Venue is proper in this Court because Code of Civil Procedure §§ 395 and 395.5

11  and case law interpreting those sections provide that if a foreign business entity fails to designate

12  with the office of the California Secretary of State a principal place of business in California, it is

13  subject to being sued in any county that a plaintiff desires.  On information and belief, Defendant

14  IHGR, Defendant IHSF, and Defendant SCH all are foreign business entities and each has failed

15  to designate a principal place of business with the office of the Secretary of State as of the date

16  this Complaint was filed.

17  <u>FACTUAL ALLEGATIONS COMMON TO THE CLASS</u>

18      14.    Plaintiffs are informed and believe and on that ground allege that Holiday Inn is a

19  hotel brand owned by Defendants.

20      15.    Plaintiffs are informed and believe and on that ground allege that the toll-free

21  reservation telephone numbers connect callers to central reservations for Holiday Inn; that the

22  central reservations system is owned and operated by defendants; and that all Holiday Inn hotels,

23  including Holiday Inn franchises, are required to participate in the central reservations system.

24      16.    Plaintiffs are informed and believe and on that ground allege that Defendants'

25  employees and agents at the central reservations call center receive incoming calls from callers

26  including California callers.

27      17.    Plaintiffs are informed and believe and on that ground allege that Defendants

28  intentionally have used technology consisting of hardware and/or software to carry out a practice

FIRST AMENDED COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF                                3

Exhbit B 22

1    and policy of recording and/or intercepting (i.e., monitoring) those calls made to the central

2    reservations call center.

3        18.    Plaintiffs are informed and believe and on that ground allege that Defendants'

4    employees and agents at the central reservations call center were directed, trained, and instructed

5    to, and did, record and/or monitor telephone calls between the central reservations call center and

6    callers, including California callers.

7        19.    During the period 2011 through early 2012, Plaintiff Laura McCabe ("McCabe")

8    called 1-888-211-9874 from California using her cellular telephone.  McCabe called 1-888-211-

9    9874 to inquire about hotel rates and/or to make reservations.  Accordingly, during her telephone

10   calls with Defendants, McCabe shared sensitive personal information with Defendants, including

11   her name and/or credit card information.

12       20.    From February through July 2011 and in September 2011, Plaintiff Latroya

13   Simpson ("Simpson") called 1-888-HOLIDAY from California using her cellular telephone.

14   Simpson called 1-888-HOLIDAY to inquire about hotel rates and/or to make reservations.

15   Accordingly, during her telephone calls with Defendants, Simpson shared sensitive personal

16   information with Defendants, including her name and/or credit card information.

17       21.    During Plaintiffs' telephone calls to Defendants, Defendants failed to disclose to

18   Plaintiffs that their telephone conversations with Defendants were being recorded and/or

19   monitored.  Plaintiffs did not give and could not have given consent for the telephone calls to be

20   recorded or monitored because they were unaware that Defendants were engaged in that practice

21   during the telephone calls.  Plaintiffs are informed and believe and on that ground allege that

22   callers who called or were routed to the toll-free reservation telephone numbers were not

23   informed by Defendants or anyone else that their calls were being recorded and/or monitored.

24   Thus, that recording and/or monitoring necessarily occurred without the callers' knowledge or

25   consent.

26       22.    Because there was no warning that calls would be recorded or monitored,

27   Plaintiffs had a reasonable expectation that their telephone conversations with Defendants'

28   employees and agents were, and would remain, private and confined to the parties on the

FIRST AMENDED COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

4

1    telephone.   That recording and/or monitoring without their consent is highly offensive to

2    Plaintiffs and would be highly offensive to a reasonable person, including members of the

3    proposed Plaintiff Class.

4                              ## CLASS ACTION ALLEGATIONS

5        23.    Plaintiffs bring this action under California Code of Civil Procedure § 382 on

6    behalf of themselves and the class (the "Class") defined as follows:

7            All California residents who, at any time during the applicable limitations period

8            preceding the filing of this Complaint through the date of resolution, participated in one

9            or more telephone conversations with the Holiday Inn toll-free reservation telephone

10           numbers from a cellular or cordless telephone located in California and whose calls with

11           the Holiday Inn toll-free reservation telephone numbers were recorded and/or monitored

12           by Defendants surreptitiously or without disclosure.

13

14       24.    The Class Plaintiffs seek to represent contains numerous members and is clearly

15   ascertainable including, without limitation, by using the Defendants' records and/or Defendants'

16   telephone company's or other toll-free service provider's records regarding calls to the toll-free

17   reservation telephone numbers to determine the size of the Class and to determine the identities

18   of individual Class members.   Plaintiffs reserve the right under Rule 3.765 of the California

19   Rules of Court to amend or modify the Class definitions or to add subclasses or limitations to

20   particular issues.

21       25.    By their unlawful actions, Defendants have violated Plaintiffs' and the Class's

22   privacy rights under California's Invasion of Privacy Act, California Penal Code §§ 630 *et seq.*

23   The questions raised are, therefore, of common or general interest to the Class members, who

24   have a well-defined community of interest in the questions of law and fact raised in this action.

25       26.    Plaintiffs' claims are typical of those of the Class, as Plaintiffs now suffer from

26   the same violations of the law as other putative Class members.  Plaintiffs have retained counsel

27   with substantial experience in prosecuting complex litigation and class actions to represent them

28   and the Class, and Plaintiffs will fairly and adequately represent the interests of the Class.

1    27.    This action may properly be maintained as a class action under Code of Civil

2  Procedure § 382 because there is a well-defined community of interest in the litigation and the

3  proposed Class is ascertainable.

4  **Numerosity**

5    28.    Based on information and belief, the Class consists of at least seventy-five

6  individuals, making joinder of individual cases impracticable.

7  **Typicality**

8    29.    Plaintiffs' claims are typical of the claims of all of the other members of the

9  Class. Plaintiffs' claims and the Class members' claims are based on the same legal theories and

10  arise from the same unlawful conduct, resulting in the same injury to Plaintiffs and to all of the

11  other Class members.

12  **Common Questions of Law and Fact**

13    30.    There are questions of law and fact common to the Class that predominate over

14  any questions affecting only individual Class members. Those common questions of law and

15  fact include, without limitation, the following:

16    a.    Whether Defendants have a policy or practice of recording and/or

17        intercepting telephone calls made to the Holiday Inn toll-free reservation

18        telephone numbers;

19    b.    Whether Defendants have a policy or practice of not disclosing to callers

20        whose calls are recorded and/or intercepted that their conversations with

21        the Holiday Inn toll-free reservation telephone numbers would be recorded

22        and/or monitored;

23    c.    Whether Defendants have a policy or practice of not obtaining callers'

24        consent to record and/or monitor telephone calls made to the Holiday Inn

25        toll-free reservation telephone numbers;

26    d.    Whether Defendants violated California Penal Code § 632.7 by recording

27        and/or monitoring telephone conversations between callers and the

28

FIRST AMENDED COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

6

Exhibit B 26

1    Holiday Inn toll-free reservation telephone numbers surreptitiously and

2    without disclosure;

3        e.    Whether Class members are entitled to statutory damages of $5,000 under

4    Penal Code § 637.2 for every violation of Penal Code § 632.7.

5    <u>Adequacy</u>

6        31.    Plaintiffs will fairly and adequately represent and protect the interests of the other

7    members of the Class.   Plaintiffs have retained counsel with substantial experience in

8    prosecuting complex litigation and class actions.   Plaintiffs and their counsel are committed to

9    prosecuting this action vigorously on behalf of the other Class members and have the financial

10   resources to do so.  Neither Plaintiffs nor their counsel have any interests adverse to those of the

11   other Class members.

12   <u>Superiority</u>

13       32.    A class action is superior to other available methods for the fair and efficient

14   adjudication of this controversy because individual litigation of the claims of all Class members

15   is impracticable and questions of law and fact common to the Class predominate over any

16   questions affecting only individual members of the Class.   Even if every individual Class

17   member could afford individual litigation, the court system could not.   It would be unduly

18   burdensome to the courts if individual litigation of the numerous cases were to be required.

19   Individualized litigation also would present the potential for varying, inconsistent, or

20   contradictory judgments and would magnify the delay and expense to all parties and to the court

21   system resulting from multiple trials of the same factual issues.  By contrast, the conduct of this

22   action as a class action with respect to some or all of the issues will present fewer management

23   difficulties, conserve the resources of the court system and the parties and protect the rights of

24   each Class member.  Further, it will prevent the very real harm that would be suffered by

25   numerous putative Class members who simply will be unable to enforce individual claims of this

26   size on their own, and by Defendants' competitors, who will be placed at a competitive

27   disadvantage as their reward for obeying the law.  Plaintiffs anticipate no difficulty in the

28   management of this case as a class action.

FIRST AMENDED COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

7

Exhibit B 26

33.   The prosecution of separate actions by individual Class members may create a risk of adjudications with respect to them that would, as a practical matter, be dispositive of the interests of other Class members not parties to those adjudications or that would substantially impair or impede the ability of those non-party Class members to protect their interests.

34.   The prosecution of individual actions by Class members would establish inconsistent standards of conduct for Defendants.

35.   Defendants have acted or refused to act in respects generally applicable to the Class, thereby making appropriate final and injunctive relief or corresponding declaratory relief with regard to members of the Class as a whole as requested herein.   Likewise, Defendants' conduct as described above is unlawful, is capable of repetition, and will continue unless restrained and enjoined by the Court.

## FIRST CAUSE OF ACTION

### Unlawful Recording and Intercepting of Communications against All Defendants

### (Violation of California Penal Code § 632.7)

36.   Plaintiffs incorporate each allegation set forth above as if fully set forth herein and further alleges as follows.

37.   Each of Plaintiffs participated in at least one telephone call that she made from California with Defendants' employees or agents at the Holiday Inn toll-free reservation telephone numbers and each is informed and believes that she initiated it through a call to the toll-free reservation telephone numbers. Each of Plaintiffs used a cellular telephone to engage in the conversations.

38.   Plaintiffs are informed and believe and on that ground allege that, at all relevant times, Defendants had a policy and practice of using a telephone system that enabled them to surreptitiously record and/or monitor conversations between Plaintiffs and Class members using cellular or cordless telephones and the Holiday Inn toll-free reservation telephone numbers.

39.   Plaintiffs are informed and believe and on that ground allege that Defendants had and followed a policy and practice of intentionally and surreptitiously recording and/or monitoring Plaintiffs' and Class members' cellular and cordless telephone conversations with the

8

Exhibit B 27

1    Holiday Inn toll-free reservation telephone numbers.

2        40.    Plaintiffs are informed and believe and on that ground allege that Defendants had

3    and followed a policy and practice of not advising or warning Plaintiffs or Class members that

4    their cellular and cordless telephone communications with the Holiday Inn toll-free reservation

5    telephone numbers would be recorded and/or monitored. Because Defendants did not disclose to

6    Plaintiffs or Class members that their calls were being recorded and/or monitored, Defendants

7    did not obtain, and could not have obtained, Plaintiffs' or Class members' express or implied

8    advance consent to the recording or monitoring of those conversations. As a result, Plaintiffs

9    and Class members had an objectively reasonable expectation that their calls were not being

10   recorded and/or monitored. That expectation and its objective reasonableness arise, in part, from

11   the objective offensiveness of surreptitiously recording people's conversations, the absence of

12   even a simple pre-recorded message as short as four simple words – "calls may be recorded" –

13   and the ease with which such a message could have been put in place. As the California

14   Supreme Court has stated, "in light of the circumstance that California consumers are

15   accustomed to being informed at the outset of a telephone call whenever a business entity intends

16   to record the call, it appears equally plausible that, in the absence of such an advisement, a

17   California consumer reasonably would anticipate that such a telephone call is not being recorded,

18   particularly in view of the strong privacy interest most persons have with regard to the personal

19   financial information frequently disclosed in such calls." (See *Kearney v. Salomon Smith Barney*

20   (2006) 39 Cal. 4th 95.)

21       41.    Defendants' conduct as described above violated California Penal Code §

22   632.7(a). Under Penal Code § 637.2, Plaintiffs and Class members therefore are entitled to

23   $5,000 in statutory damages per violation, even in the absence of proof of actual damages, the

24   amount deemed proper by the California Legislature. Plaintiffs and Class members also are

25   entitled to injunctive relief to enjoin further violations.

26

27   ///

28

PRAYER FOR RELIEF

WHEREFORE, Plaintiffs, on behalf of themselves and members of the Class, pray for the following relief:

a.  An order certifying the Class and appointing Plaintiffs representatives of the Class, and appointing counsel for Plaintiffs as lead counsel for the Class;

b.  An order declaring that the actions of Defendants, as described above, violate California Penal Code § 632.7;

c.  A judgment for and award of statutory damages to Plaintiffs and the members of the Class pursuant to California Penal Code § 637.2;

d.  A permanent injunction under Penal Code § 637.2 enjoining Defendants from engaging in further conduct in violation of California Penal Code § 630, *et seq;*

e.  Payment of costs of the suit;

f.  Payment of attorneys' fees under California Code of Civil Procedure § 1021.5;

g.  An award of pre- and post-judgment interest to the extent allowed by law; and

h.  For such other or further relief as the Court may deem proper.

Respectfully submitted,

Dated: July 20, 2012                              KELLER GROVER LLP

Carey G. Been
Attorneys for Plaintiffs

FIRST AMENDED COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

10

Exhibit B 29

1
2
3                                    **JURY DEMAND**
4              Plaintiffs request a trial by jury of all claims that can be so tried.
5
6                                              Respectfully submitted,
7     Dated: July 20, 2012                     **KELLER GROVER LLP**
8
9
10                                             Carey G. Been
11                                             Attorneys for Plaintiffs
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

FIRST AMENDED COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF                11

ENDORSED
FILED
ALAMEDA COUNTY

JUN 2 0 2012

CLERK OF THE SUPERIOR COURT

By J. DE JESUS Deputy

1  ERIC A. GROVER (SBN 136080)
eagrover@kellergrover.com
2  CAREY G. BEEN (SBN 240996)
cbeen@kellergrover.com
3  KELLER GROVER LLP
1965 Market Street
4  San Francisco, California 94103
Telephone: (415) 543-1305
5  Facsimile: (415) 543-7861

6  SCOT BERNSTEIN (SBN 94915)
swampadero@sbernsteinlaw.com
7  LAW OFFICES OF SCOT D. BERNSTEIN,.
A PROFESSIONAL CORPORATION
8  101 Parkshore Drive, Suite 100
Folsom, California 95630
9  Telephone: (916) 447-0100
Fax: (916) 933-5533

10

11  Attorneys for Plaintiffs
LAURA MCCABE and LATROYA SIMPSON

12

13          SUPERIOR COURT OF THE STATE OF CALIFORNIA

14              IN AND FOR THE COUNTY OF ALAMEDA

15

16  LAURA MCCABE and LATROYA          Case No: RG12637671
SIMPSON, individually and on behalf of a
class of similarly situated individuals,
17                                    CLASS ACTION
                    Plaintiffs,
18                                    AMENDMENT TO COMPLAINT
v.
19
INTERCONTINENTAL HOTELS GROUP      DEMAND FOR JURY TRIAL
20  RESOURCES, INC.; INTERCONTINENTAL
HOTELS OF SAN FRANCISCO, INC.; SIX
21  CONTINENTS HOTELS, INC.; and DOES 2
through 10, inclusive,
22
                    Defendants.
23

24

25

26

27

28

AMENDMENT TO COMPLAINT

Exhibit B 31

1    Plaintiffs LAURA MCCABE and LATROYA SIMPSON by this application request the

2  Court to allow the filing of the Amendment to the Complaint, upon filing the complaint herein,

3  Plaintiffs being ignorant of the true name of a Defendant, and having designated said defendant

4  in the complaint by the fictitious name of DOE 1, and having discovered the true name of the

5  said defendant to be SIX CONTINENTS HOTELS, INC., hereby amend the complaint by

6  inserting such true name in place and stead of such fictitious name wherever it appears in said

7  complaint.

8

9                                    Respectfully submitted,

10 Dated: July 20, 2012              **KELLER GROVER LLP**

11

12

13                                   Carey G. Been
                                     Attorneys for Plaintiffs

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

AMENDMENT TO COMPLAINT                                                    1

# EXHBIT C

**SUM-100**

# SUMMONS
## (CITACION JUDICIAL)

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

ENDORSED
FILED
ALAMEDA COUNTY

JUL - 8 2012

CLERK OF THE SUPERIOR COURT
By _Gloria Pakers_ Deputy

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

**INTERCONTINENTAL HOTELS GROUP RESOURCES, INC.;**
see attached ADDITIONAL PARTIES ATTACHMENT attached

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

**LAURA MCCABE and LATROYA SIMPSON, individually and on behalf of a class of similarly situated individuals,**

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.

Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.

Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.

| The name and address of the court is:<br>*(El nombre y dirección de la corte es):* | CASE NUMBER:<br>*(Número del Caso):*<br>**RG 12 637 672** |
|---|---|
| Alameda County Superior Court<br>1225 Fallon Street, Oakland, CA 94612 | |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

Eric A. Grover (SBN 136080), KELLER GROVER LLP, 1965 Market St., San Francisco, CA (415) 543-1305

| DATE:<br>*(Fecha)* JUL - 3 2012 | Pat S. Sweeten | Clerk, by<br>*(Secretario)* _Gloria Pakers_ | , Deputy<br>*(Adjunto)* |
|---|---|---|---|

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010).)*

**NOTICE TO THE PERSON SERVED:** You are served

1. [ ] as an individual defendant.
2. [ ] as the person sued under the fictitious name of *(specify):*

3. [ ] on behalf of *(specify):*

   under: [ ] CCP 416.10 (corporation)      [ ] CCP 416.60 (minor)
   [ ] CCP 416.20 (defunct corporation)  [ ] CCP 416.70 (conservatee)
   [ ] CCP 416.40 (association or partnership)  [ ] CCP 416.90 (authorized person)

   [ ] other *(specify):*
4. [ ] by personal delivery on *(date):*

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 (Rev. July 1, 2009)

**SUMMONS**

Page 1 of 1

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

Exhibit C 33

SUM-200(A)

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| McCabe, et al. vs. Interncontinental | |

## INSTRUCTIONS FOR USE

→ This form may be used as an attachment to any summons if space does not permit the listing of all parties on the summons.
→ If this attachment is used, insert the following statement in the plaintiff or defendant box on the summons: "Additional Parties Attachment form is attached."

List additional parties *(Check only one box. Use a separate page for each type of party.):*

[  ] Plaintiff  [✓] Defendant  [  ] Cross-Complainant  [  ] Cross-Defendant

INTERCONTINENTAL HOTELS OF SAN FRANCISCO, INC.; and DOES 1 through 10, inclusive,

Page  1  of  1
Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-200(A) [Rev. January 1, 2007]

**ADDITIONAL PARTIES ATTACHMENT**
Attachment to Summons

Exhbit C 34

~~Amended~~ *Amended*

**SUMMONS**

**(CITACION JUDICIAL)**

SUM-100

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

**CONFORMED COPY**
**FILED**
**ALAMEDA COUNTY**

**JUL 20 2012**

**CLERK OF THE SUPERIOR COURT**
**By J. DE JESUS Deputy**

**NOTICE TO DEFENDANT:**
**(AVISO AL DEMANDADO):**

INTERCONTINENTAL HOTELS GROUP RESOURCES, INC.;
see attached ADDITIONAL PARTIES ATTACHMENT attached

**YOU ARE BEING SUED BY PLAINTIFF:**
**(LO ESTÁ DEMANDANDO EL DEMANDANTE):**

LAURA MCCABE and LATROYA SIMPSON, individually and on
behalf of a class of similarly situated individuals,

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.

Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.

Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.

| | |
|---|---|
| The name and address of the court is:<br>(El nombre y dirección de la corte es):<br><br>Alameda County Superior Court<br>1225 Fallon Street, Oakland, CA 94612 | **CASE NUMBER:**<br>(Número del Caso):<br>**RG12637671** |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):
Eric A. Grover (SBN 136080), KELLER GROVER LLP, 1965 Market St., San Francisco, CA (415) 543-1305

DATE: **JUL 30 2012** Clerk, by **J. DE JESUS**, Deputy
(Fecha) **PAT S. SWEETEN** (Secretario) (Adjunto)

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of (specify):

3. ☐ on behalf of (specify):

   under: ☐ CCP 416.10 (corporation)     ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
   ☐ other (specify):
4. ☐ by personal delivery on (date):

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

Page 1 of 1

Exhibit C 35

SUM-200(A)

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| McCabe, et al. vs. Intercontinental | RG12637671 |

## INSTRUCTIONS FOR USE

→ This form may be used as an attachment to any summons if space does not permit the listing of all parties on the summons.

→ If this attachment is used, insert the following statement in the plaintiff or defendant box on the summons: "Additional Parties Attachment form is attached."

List additional parties (Check only one box. Use a separate page for each type of party.):

[ ] Plaintiff   [✓] Defendant   [ ] Cross-Complainant   [ ] Cross-Defendant

INTERCONTINENTAL HOTELS OF SAN FRANCISCO, INC.; SIX CONTINENTS HOTELS, INC.; and DOES 2 through 10, inclusive,

Page __1__ of __1__

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-200(A) [Rev. January 1, 2007)

## ADDITIONAL PARTIES ATTACHMENT
### Attachment to Summons

Exhibit C 36

# EXHIBIT D

WBST\233467785.1

**POS-015**

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address):<br>Eric A. Grover, Esq. (SBN 136080)<br>KELLER GROVER LLP<br>1965 Market Street<br>San Francisco, CA 94103<br>TELEPHONE NO.: (415)543-1305    FAX NO. (Optional): (415)543-7861<br>E-MAIL ADDRESS (Optional): eagrover@kellergrover.com<br>ATTORNEY FOR (Name): Plaintiffs LAURA McCABE & LATROYA SIMPSON | FOR COURT USE ONLY |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF ALAMEDA
STREET ADDRESS: 1225 Fallon Street
MAILING ADDRESS:
CITY AND ZIP CODE: Oakland, CA 94612
BRANCH NAME: Rene C. Davidson Courthouse

PLAINTIFF/PETITIONER: LAURA McCABE, et al.

DEFENDANT/RESPONDENT: INTERCONTINENTAL HOTELS GROUP, et al.

| NOTICE AND ACKNOWLEDGMENT OF RECEIPT—CIVIL | CASE NUMBER:<br>RG12637671 |
|---|---|

TO (Insert name of party being served): INTERCONTINENTAL HOTELS GROUP RESOURCES, INC.

**NOTICE**

The summons and other documents identified below are being served pursuant to section 415.30 of the California Code of Civil Procedure. Your failure to complete this form and return it within 20 days from the date of mailing shown below may subject you (or the party on whose behalf you are being served) to liability for the payment of any expenses incurred in serving a summons on you in any other manner permitted by law.

If you are being served on behalf of a corporation, an unincorporated association (including a partnership), or other entity, this form must be signed by you in the name of such entity or by a person authorized to receive service of process on behalf of such entity. In all other cases, this form must be signed by you personally or by a person authorized by you to acknowledge receipt of summons. If you return this form to the sender, service of a summons is deemed complete on the day you sign the acknowledgment of receipt below.

Date of mailing: August 17, 2012

Ann M. Stanton
(TYPE OR PRINT NAME)                    ▶ _____ (SIGNATURE OF SENDER—MUST NOT BE A PARTY IN THIS CASE)

**ACKNOWLEDGMENT OF RECEIPT**

This acknowledges receipt of (to be completed by sender before mailing):
1. ☐ A copy of the summons and of the complaint.
2. ☑ Other (specify):

1) Civil Case Cover Sheet; 2) Summons; 3) Amended Summons; 4) Complaint for Damages and Injunctive Relief; 5) First Amended Complaint for Damages and Injunctive Relief; 6) Amendment to Complaint; 7) ADR Information Packet; 8) [blank] ADR Stipulation; 9) Notice of Hearing; and 10) Order.

(To be completed by recipient):

Date this form is signed: August 30, 2012

Edward D. Totino for
Intercontinental Hotels Group Resources, Inc.
(TYPE OR PRINT YOUR NAME AND NAME OF ENTITY, IF ANY,
ON WHOSE BEHALF THIS FORM IS SIGNED)         ▶ _____ (SIGNATURE OF PERSON ACKNOWLEDGING RECEIPT, WITH TITLE IF ACKNOWLEDGMENT IS MADE ON BEHALF OF ANOTHER PERSON OR ENTITY)

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
POS-015 [Rev. January 1, 2005]

**NOTICE AND ACKNOWLEDGMENT OF RECEIPT — CIVIL**

Code of Civil Procedure,
§§ 415.30, 417.10
www.courtinfo.ca.gov

Exhibit D 37

POS-015

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): Eric A. Grover, Esq. (SBN 136080) KELLER GROVER LLP 1965 Market Street San Francisco, CA 94103 <br> TELEPHONE NO: (415)543-1305    FAX NO. (Optional): (415)543-7861 <br> E-MAIL ADDRESS (Optional): eagrover@kellergrover.com <br> ATTORNEY FOR (Name): Plaintiffs LAURA McCABE & LATROYA SIMPSON | FOR COURT USE ONLY |
|---|---|

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF ALAMEDA <br> STREET ADDRESS: 1225 Fallon Street <br> MAILING ADDRESS: <br> CITY AND ZIP CODE: Oakland, CA 94612 <br> BRANCH NAME: Rene C. Davidson Courthouse | |

PLAINTIFF/PETITIONER: LAURA McCABE, et al.

DEFENDANT/RESPONDENT: INTERCONTINENTAL HOTELS GROUP, et al.

| NOTICE AND ACKNOWLEDGMENT OF RECEIPT—CIVIL | CASE NUMBER: RG12637671 |
|---|---|

TO (insert name of party being served): INTERCONTINENTAL HOTELS OF SAN FRANCISCO, INC.

### NOTICE

The summons and other documents identified below are being served pursuant to section 415.30 of the California Code of Civil Procedure. Your failure to complete this form and return it within 20 days from the date of mailing shown below may subject you (or the party on whose behalf you are being served) to liability for the payment of any expenses incurred in serving a summons on you in any other manner permitted by law.

If you are being served on behalf of a corporation, an unincorporated association (including a partnership), or other entity, this form must be signed by you in the name of such entity or by a person authorized to receive service of process on behalf of such entity. In all other cases, this form must be signed by you personally or by a person authorized by you to acknowledge receipt of summons. If you return this form to the sender, service of a summons is deemed complete on the day you sign the acknowledgment of receipt below.

Date of mailing: August 17, 2012

Ann M. Stanton
(TYPE OR PRINT NAME)

▶ _____
(SIGNATURE OF SENDER—MUST NOT BE A PARTY IN THIS CASE)

### ACKNOWLEDGMENT OF RECEIPT

This acknowledges receipt of (to be completed by sender before mailing):

1. ☐ A copy of the summons and of the complaint.
2. ☑ Other (specify):

    1) Civil Case Cover Sheet; 2) Summons; 3) Amended Summons; 4) Complaint for Damages and Injunctive Relief; 5) First Amended Complaint for Damages and Injunctive Relief; 6) Amendment to Complaint; 7) ADR Information Packet; 8) [blank] ADR Stipulation; 9) Notice of Hearing; and 10) Order.

(To be completed by recipient):

Date this form is signed: August 30, 2012

Edward D. Totino for
Intercontinental Hotels of San Francisco, Inc.
(TYPE OR PRINT YOUR NAME AND NAME OF ENTITY, IF ANY, ON WHOSE BEHALF THIS FORM IS SIGNED)

▶ _____
(SIGNATURE OF PERSON ACKNOWLEDGING RECEIPT, WITH TITLE IF ACKNOWLEDGMENT IS MADE ON BEHALF OF ANOTHER PERSON OR ENTITY)

Page 1 of 1

Form Adopted for Mandatory Use Judicial Council of California POS-015 [Rev. January 1, 2005]

**NOTICE AND ACKNOWLEDGMENT OF RECEIPT — CIVIL**

Code of Civil Procedure, §§ 415.30, 417.10 www.courtinfo.ca.gov

Exhibit D 38

*V*

POS-015

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Eric A. Grover, Esq. (SBN 136080)<br>KELLER GROVER LLP<br>1965 Market Street<br>San Francisco, CA 94103<br><br>TELEPHONE NO.: (415)543-1305  FAX NO. *(Optional):* (415)543-7861<br>E-MAIL ADDRESS *(Optional):* eagrover@kellergrover.com<br>ATTORNEY FOR *(Name):* Plaintiffs LAURA McCABE & LATROYA SIMPSON | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF ALAMEDA
STREET ADDRESS: 1225 Fallon Street
MAILING ADDRESS:
CITY AND ZIP CODE: Oakland, CA 94612
BRANCH NAME: Rene C. Davidson Courthouse

PLAINTIFF/PETITIONER: LAURA McCABE, et al.

DEFENDANT/RESPONDENT: INTERCONTINENTAL HOTELS GROUP, et al.

| NOTICE AND ACKNOWLEDGMENT OF RECEIPT—CIVIL | CASE NUMBER:<br>RG12637671 |
|---|---|

TO *(insert name of party being served):* SIX CONTINENTS HOTELS, INC.

**NOTICE**

The summons and other documents identified below are being served pursuant to section 415.30 of the California Code of Civil Procedure. Your failure to complete this form and return it within 20 days from the date of mailing shown below may subject you (or the party on whose behalf you are being served) to liability for the payment of any expenses incurred in serving a summons on you in any other manner permitted by law.

If you are being served on behalf of a corporation, an unincorporated association (including a partnership), or other entity, this form must be signed by you in the name of such entity or by a person authorized to receive service of process on behalf of such entity. In all other cases, this form must be signed by you personally or by a person authorized by you to acknowledge receipt of summons. If you return this form to the sender, service of a summons is deemed complete on the day you sign the acknowledgment of receipt below.

Date of mailing: August 17, 2012

Ann M. Stanton
_____
(TYPE OR PRINT NAME)

▶ _____
(SIGNATURE OF SENDER—MUST NOT BE A PARTY IN THIS CASE)

**ACKNOWLEDGMENT OF RECEIPT**

This acknowledges receipt of *(to be completed by sender before mailing):*
1. ☐ A copy of the summons and of the complaint.
2. ☑ Other *(specify):*

1) Civil Case Cover Sheet; 2) Summons; 3) Amended Summons; 4) Complaint for Damages and Injunctive Relief; 5) First Amended Complaint for Damages and Injunctive Relief; 6) Amendment to Complaint; 7) ADR Information Packet; 8) [blank] ADR Stipulation; 9) Notice of Hearing; and 10) Order.

*(To be completed by recipient):*

Date this form is signed:  August 30, 2012

Edward D. Totino for
Six Continents Hotels, Inc.
(TYPE OR PRINT YOUR NAME AND NAME OF ENTITY, IF ANY,
ON WHOSE BEHALF THIS FORM IS SIGNED)

▶ _____
(SIGNATURE OF PERSON ACKNOWLEDGING RECEIPT, WITH TITLE IF
ACKNOWLEDGMENT IS MADE ON BEHALF OF ANOTHER PERSON OR ENTITY)

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
POS-015 [Rev. January 1, 2005]

**NOTICE AND ACKNOWLEDGMENT OF RECEIPT — CIVIL**

Code of Civil Procedure,
§§ 415.30, 417.10
www.courtinfo.ca.gov

Exhibit D 39

# EXHIBIT E



## Superior Court of California, County of Alameda
## Alternative Dispute Resolution (ADR) Information Packet

The person who files a civil lawsuit (plaintiff) must include the ADR Information Packet with the complaint when serving the defendant. Cross complainants must serve the ADR Information Packet on any new parties named to the action.

> The Court *strongly encourages* the parties to use some form of ADR before proceeding to trial. You may choose ADR by:
>
> - Indicating your preference on Case Management Form CM-110;
>
> - Filing the Stipulation to ADR and Delay Initial Case Management Conference for 90 Days (a local form included with the information packet); or
>
> - Agree to ADR at your Initial Case Management Conference.
>
> **QUESTIONS?** Call (510) 891-6055. Email adrprogram@alameda.courts.ca.gov
> Or visit the court's website at http://www.alameda.courts.ca.gov/adr

### What Are The Advantages Of Using ADR?

- *Faster* – Litigation can take years to complete but ADR usually takes weeks or months.

- *Cheaper* – Parties can save on attorneys' fees and litigation costs.

- *More control and flexibility* – Parties choose the ADR process appropriate for their case.

- *Cooperative and less stressful* – In mediation, parties cooperate to find a mutually agreeable resolution.

- *Preserve Relationships* – A mediator can help you effectively communicate your interests and point of view to the other side. This is an important benefit when you want to preserve a relationship.

### What Is The Disadvantage Of Using ADR?

- *You may go to court anyway* – If you cannot resolve your dispute using ADR, you may still have to spend time and money resolving your lawsuit through the courts.

### What ADR Options Are Available?

- *Mediation* – A neutral person (mediator) helps the parties communicate, clarify facts, identify legal issues, explore settlement options, and agree on a solution that is acceptable to all sides.

  o Court Mediation Program: Mediators do not charge fees for the first two hours of mediation. If parties need more time, they must pay the mediator's regular fees.

Exhibit E 40

Some mediators ask for a deposit before mediation starts which is subject to a refund for unused time.

o **Private Mediation:** This is mediation where the parties pay the mediator's regular fees and may choose a mediator outside the court's panel.

• *Arbitration* – A neutral person (arbitrator) hears arguments and evidence from each side and then decides the outcome of the dispute. Arbitration is less formal than a trial and the rules of evidence are often relaxed. Arbitration is effective when the parties want someone other than themselves to decide the outcome.

o **Judicial Arbitration Program (non-binding):** The judge can refer a case or the parties can agree to use judicial arbitration. The parties select an arbitrator from a list provided by the court. If the parties cannot agree on an arbitrator, one will be assigned by the court. There is no fee for the arbitrator. The arbitrator must send the decision (award of the arbitrator) to the court. The parties have the right to reject the award and proceed to trial.

o **Private Arbitration** (binding and non-binding) occurs when parties involved in a dispute either agree or are contractually obligated. This option takes place outside of the courts and is normally binding meaning the arbitrator's decision is final.

### Mediation Service Programs In Alameda County

Low cost mediation services are available through non-profit community organizations. Trained volunteer mediators provide these services. Contact the following organizations for more information:

**SEEDS Community Resolution Center**
1968 San Pablo Avenue, Berkeley, CA 94702-1612
Telephone: (510) 548-2377    Website: www.seedscrc.org
Their mission is to provide mediation, facilitation, training and education programs in our diverse communities – Services that **E**ncourage **E**ffective **D**ialogue and **S**olution-making.

**Center for Community Dispute Settlement**
291 McLeod Street, Livermore, CA 94550
Telephone: (925) 373-1035    Website: www.trivalleymediation.com
CCDS provides services in the Tri-Valley area for all of Alameda County.

*For Victim/Offender Restorative Justice Services*
**Catholic Charities of the East Bay: Oakland**
433 Jefferson Street, Oakland, CA 94607
Telephone: (510) 768-3100    Website: www.cceb.org
Mediation sessions involve the youth, victim, and family members work toward a mutually agreeable restitution agreement.

Exhibit E 41

ALA ADR-001

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|
| TELEPHONE NO.:       FAX NO. (Optional): <br> E-MAIL ADDRESS (Optional): <br> ATTORNEY FOR (Name): | |

**SUPERIOR COURT OF CALIFORNIA, ALAMEDA COUNTY**

STREET ADDRESS:
MAILING ADDRESS:
CITY AND ZIP CODE:
BRANCH NAME:

PLAINTIFF/PETITIONER:

DEFENDANT/RESPONDENT:

| **STIPULATION TO ATTEND ALTERNATIVE DISPUTE RESOLUTION (ADR) AND DELAY INITIAL CASE MANAGEMENT CONFERENCE FOR 90 DAYS** | CASE NUMBER: |
|---|---|

**INSTRUCTIONS: All applicable boxes must be checked, and the specified information must be provided.**

This stipulation is effective when:

- ► All parties have signed and filed this stipulation with the Case Management Conference Statement at least 15 days before the initial case management conference.
- • A copy of this stipulation has been received by the ADR Program Administrator, 1225 Fallon Street, Oakland, CA 94612.

1. Date complaint filed: _____ An Initial Case Management Conference is scheduled for:

   Date:       Time:       Department:

2. Counsel and all parties certify they have met and conferred and have selected the following ADR process (check one):

   ☐ Court mediation      ☐ Judicial arbitration

   ☐ Private mediation      ☐ Private arbitration

3. All parties agree to complete ADR within 90 days and certify that:

   a. No party to the case has requested a complex civil litigation determination hearing;
   b. All parties have been served and intend to submit to the jurisdiction of the court;
   c. All parties have agreed to a specific plan for sufficient discovery to make the ADR process meaningful;
   d. Copies of this stipulation and self-addressed stamped envelopes are provided for returning endorsed filed stamped copies to counsel and all parties;
   e. Case management statements are submitted with this stipulation;
   f. All parties will attend ADR conferences; and,
   g. The court will not allow more than 90 days to complete ADR.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date:

_____     ► _____

(TYPE OR PRINT NAME)                (SIGNATURE OF PLAINTIFF)

Date:

_____     ► _____

(TYPE OR PRINT NAME)                (SIGNATURE OF ATTORNEY FOR PLAINTIFF)

Page 1 of 2

Form Approved for Mandatory Use
Superior Court of California,
County of Alameda
ALA ADR-001 [New January 1, 2010]

**STIPULATION TO ATTEND ALTERNATIVE DISPUTE RESOLUTION (ADR) AND DELAY INITIAL CASE MANAGEMENT CONFERENCE FOR 90 DAYS**

Cal. Rules of Court,
rule 3.221(b)(4)

ALA ADR-001

| PLAINTIFF/PETITIONER: | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: | |

Date:

_____         ▶ _____
(TYPE OR PRINT NAME)                        (SIGNATURE OF DEFENDANT)

Date:

_____         ▶ _____
(TYPE OR PRINT NAME)                        (SIGNATURE OF ATTORNEY FOR DEFENDANT)

Form Approved for Mandatory Use
Superior Court of California,
County of Alameda
ALA ADR-001 [New January 1, 2010]

**STIPULATION TO ATTEND ALTERNATIVE DISPUTE RESOLUTION (ADR)
AND DELAY INITIAL CASE MANAGEMENT CONFERENCE FOR 90 DAYS**

Cal. Rules of Court,
rule 3.221(a)(4)

Exhbit E 43

# EXHIBIT F

WEST\233467785.1

Keller Grover LLP
Attn: Grover, Eric A.
1965 Market Street
San Francisco, CA   94103____

Intercontinental Hotels Group
Resources, Inc.

## Superior Court of California, County of Alameda
### Rene C. Davidson Alameda County Courthouse

McCabe

Plaintiff/Petitioner(s)

vs.

Intercontinental Hotels Group Resources, Inc.

Defendant/Respondent(s)
(Abbreviated Title)

No. RG12637671

NOTICE OF HEARING

To each party or to the attorney(s) of record for each party herein:

Notice is hereby given that the above-entitled action has been set for:

Complex Determination Hearing
Case Management Conference

You are hereby notified to appear at the following Court location on the date and time noted below:

Complex Determination Hearing:
DATE: 08/14/2012   TIME: 08:45 AM   DEPARTMENT: 21
LOCATION: Administration Building, Fourth Floor
           1221 Oak Street, Oakland

Case Management Conference:
DATE: 09/14/2012   TIME: 08:30 AM   DEPARTMENT: 21
LOCATION: Administration Building, Fourth Floor
           1221 Oak Street, Oakland

Pursuant to California Rules of Court, Rule 3.400 et seq. and Local Rule 3.250 (Unified Rules of the Superior Court, County of Alameda), the above-entitled matter is set for a Complex Litigation Determination Hearing and Initial Complex Case Management Conference.

Department 21 issues tentative rulings on DomainWeb (www.alameda.courts.ca.gov/domainweb). For parties lacking access to DomainWeb, the tentative ruling must be obtained from the clerk at (510) 267-6937. Please consult Rule 3.30(c) of the Unified Rules of the Superior Court, County of Alameda, concerning the tentative ruling procedures for Department 21.

Counsel or party requesting complex litigation designation is ordered to serve a copy of this notice on all parties omitted from this notice or brought into the action after this notice was mailed.

All counsel of record and any unrepresented parties are ordered to attend this Initial Complex Case Management Conference unless otherwise notified by the Court.

Failure to appear, comply with local rules or provide a Case Management Conference statement may result in sanctions. Case Management Statements may be filed by E-Delivery, by emailing them to the following address;
EDelivery@alameda.courts.ca.gov. No fee is charged for this service. For further information,

go to Direct Calendar Departments at http://apps.alameda.courts.ca.gov/domainweb.

All motions in this matter to be heard prior to Complex Litigation Determination Hearing must be scheduled for hearing in Department 21.

If the information contained in this notice requires change or clarification, please contact the courtroom clerk for Department 21 by e-mail at Dept.21@alameda.courts.ca.gov or by phone at (510) 267-6937.

TELEPHONIC COURT APPEARANCES at Case Management Conferences may be available by contacting CourtCall, an independent vendor, at least 3 business days prior to the scheduled conference. Parties can make arrangements by calling (888) 882-6878, or faxing a service request form to (888) 883-2946. This service is subject to charges by the vendor.

Dated:  07/09/2012                                 Executive Officer / Clerk of the Superior Court

                              By        _Cheryl Clark_
                                        _____
                                                      Deputy Clerk

---

## CLERK'S CERTIFICATE OF MAILING

I certify that the following is true and correct:  I am the clerk of the above-named court and not a party to this cause.  I served this Notice by placing copies in envelopes addressed as shown hereon and then by sealing and placing them for collection, stamping or metering with prepaid postage, and mailing on the date stated below, in the United States mail at Alameda County, California, following standard court practices.

         Executed on 07/09/2012.

                              By        _Cheryl Clark_
                                        _____
                                                      Deputy Clerk

# EXHIBIT G

WEST\234481266.1

Keller Grover LLP
Attn: Grover, Eric A.
1965 Market Street
San Francisco, CA   94103____

## Superior Court of California, County of Alameda
## Rene C. Davidson Alameda County Courthouse

| | |
|---|---|
| McCabe<br><br>Plaintiff/Petitioner(s)<br><br>vs.<br><br>Intercontinental Hotels Group Resources, Inc.<br>Defendant/Respondent(s)<br>(Abbreviated Title) | No. RG12637671<br><br>Order<br><br>Complaint Business Tort/Unfair Business Practice |

The Complex Determination Hearing was set for hearing on 08/14/2012 at 08:45 AM in Department 21 before the Honorable Wynne Carvill. The Tentative Ruling was published and has not been contested.

IT IS HEREBY ORDERED THAT:

The tentative ruling is affirmed as follows: The Court designates this case as complex pursuant to Rule 3.400 et seq. of the California Rules of Court. The matter is assigned for all purposes including trial to Department 21 of the Alameda County Superior Court. Counsel are advised to be familiar with the Alameda County Local Rules concerning complex litigation, including Rule 3.250 et seq.

COMPLEX CASE FEES

Pursuant to Government Code section 70616, any non-exempt party who has appeared in the action but has not paid the complex case fee is required to pay the fee within ten days of the filing of this order. The complex case fee is $1,000 for each plaintiff or group of plaintiffs appearing together and $1,000 PER PARTY for each defendant, intervenor, respondent or other adverse party, whether filing separately or jointly, up to a maximum of $18,000 for all adverse parties. All payments must identify on whose behalf the fee is submitted. Please submit payment to the attention of the Complex Litigation Clerk located in the Civil Division at the René C. Davidson Courthouse, 1225 Fallon Street, Oakland, CA 94612. Please make check(s) payable to the Clerk of the Superior Court. Documents may continue to be filed as allowed under Local Rule 1.9.

PROCEDURES

Calendar information, filings, and tentative rulings are available to the public at http://www.alameda.courts.ca.gov/domainweb/.   All counsel are expected to be familiar and to comply with pertinent provisions of the Code of Civil Procedure, the California Rules of Court, the Alameda County Superior Court Local Rules, and the protocols set forth on the Court's website for Department 21.

All motions and ex parte applications shall be noticed for hearing in Department 21. The parties shall reserve hearing dates and times by contacting the Department 21 courtroom clerk via email at Dept.21@alameda.courts.ca.gov . The courtroom clerk can also be contacted by phone at (510) 267-6937, but phone contact should be used very sparingly. E-mail is the preferred method of communication.

Courtesy (bench) copies of all filings should be delivered directly to Dept. 21 and may be left in the

---

Order

drop box when court is in session. The Court may also direct that certain filings be supplemented by an electronic copy (via e-mail to Dept.21@alameda.courts.ca.gov or by CD-ROM lodged with the clerk in Dept. 21). Any such electronic copy of documents shall be in Microsoft Word readable form (Microsoft Word, Word Perfect, a TIF or JPEG file inserted into a Word file, or any other format that can be saved in a Microsoft Word document). Each separate document (notice, points and authorities, declarations, requests for judicial notice, et al) must be in a separate file in the diskette and the computer files must be identified in a fashion to permit accurate identification by Court personnel (e.g. "Notice.doc," "Points and Authorities.doc," "Li Declaration.doc," "Johnson Declaration.doc," and "Proof of Service.doc," NOT "Qnsshnot.doc," "briefdraft3.doc," "Defdecl.doc," "Decl2revised.doc," or "Form5.doc.") Electronic media submitted will not be returned.

## CASE MANAGEMENT

At the Initial CCMC, the parties must be prepared to discuss at length the nature of the case, both factually and legally, as well as the projected management of the case at each stage. This is not a perfunctory exercise. The primary objective of the CCMC is to develop a comprehensive plan for a just, speedy and economical determination of the litigation.

Case Management Statements may be filed by E-Delivery, by emailing them to the following address: EDelivery@alameda.courts.ca.gov. No fee is charged for this service. For further information, go to Direct Calendar Departments at http://apps.alameda.courts.ca.gov/domainweb. However, courtesy copies of statements must be delivered directly to Dept. 21. The filing and delivery date is not later than five court days before the conference.

The Court strongly prefers joint CCMC statements prepared in narrative form, and not using Form CM-110, after counsel have met and conferred as required by CRC 3.724. CCMC statements must address the following issues when applicable:

A. A brief factual summary to assist the Court in understanding the background of the case, a statement of the issues presented, including each theory of liability and defense and a summary of the facts supporting each position taken, and the relief sought, including an estimate of damages.

B. The number of parties and their posture, including a proposed structure of representation, (e.g., liaison/lead counsel or by committee) if applicable;

C. Deadlines and limits on joinder of parties and amended or additional pleadings;

D. Class discovery and class certification;

E. A proposed schedule for the conduct of the litigation including, but not limited to, a discovery plan, a plan for hearing remaining law and motion, and a projected trial date;

F. An identification of all potential evidentiary issues involving confidentiality or protected evidence;

G. A detailed description of the procedural posture of the case, describing any outstanding procedural problems, including, but not limited to:

  (1) unserved parties and the reasons for the failure to serve;

  (2) unserved and/or unfiled cross-complaints;

  (3) related actions pending in any jurisdiction and the potential for coordination or consolidation;

  (4) any possible jurisdictional or venue issues that may arise;

  (5) the status of discovery, including a description of all anticipated discovery and incomplete or disputed discovery issues;

  (6) unresolved law and motion matters;

  (7) requests for, or opposition to, any ADR proceedings, including but not limited to mediation,

judicial or contractual arbitration;

    (8) severance of issues for trial; and

    (9) calendar conflicts for any attorney, witness, or party, and any other matter which may affect the setting of a trial date.

H.  Counsel may make suggestions for streamlining the litigation, including, but not limited to, a master file system, designation of lead counsel [for plaintiff(s) and/or defendant(s)] to streamline service of process and/or management of discovery, the use of e-filing, and the use of a web-page maintained by lead counsel for the purpose of posting the litigation schedule and agenda.

## SERVICE OF THIS ORDER

Counsel for plaintiff(s) shall have a continuing obligation to serve a copy of this order on newly joined parties defendant not listed on the proof of service of this order and file proof of service. Each party defendant joining any third party cross-defendant shall have a continuing duty to serve a copy of this order on newly joined cross-defendants and to file proof of service.

    Dated:  08/14/2012

                                    Judge Wynne Carvill

---

Order

Exhbit G 48

Superior Court of California, County of Alameda
Rene C. Davidson Alameda County Courthouse

Case Number: RG12637671
Order After Hearing Re: of 08/14/2012

## DECLARATION OF SERVICE BY MAIL

I certify that I am not a party to this cause and that a true and correct copy of the foregoing document was mailed first class, postage prepaid, in a sealed envelope, addressed as shown on the foregoing document or on the attached, and that the mailing of the foregoing and execution of this certificate occurred at 1225 Fallon Street, Oakland, California.

Executed on 08/16/2012.

Executive Officer / Clerk of the Superior Court

By _Diane Williams_

Deputy Clerk

# EXHIBIT H

1    ERIC A. GROVER (SBN 136080)
    eagrover@kellergrover.com
2    RACHAEL G. JUNG (SBN 239323)
    rjung@kellergrover.com
3    **KELLER GROVER LLP**
    1965 Market Street
4    San Francisco, California 94103
    Telephone: (415) 543-1305
5    Facsimile: (415) 543-7861

6    SCOT BERNSTEIN (SBN 94915)
    swampadero@sbernsteinlaw.com
7    **LAW OFFICES OF SCOT D. BERNSTEIN,**
    **A PROFESSIONAL CORPORATION**
8    101 Parkshore Drive, Suite 100
    Folsom, California 95630
9    Telephone: (916) 447-0100
    Fax: (916) 933-5533

10

11    Attorneys for Plaintiffs
    LAURA MCCABE and LATROYA SIMPSON

12

13       SUPERIOR COURT OF THE STATE OF CALIFORNIA

14         IN AND FOR THE COUNTY OF ALAMEDA

15

16    LAURA MCCABE and LATROYA     )    Case No: RG12637671
    SIMPSON, individually and on behalf of a   )
17    class of similarly situated individuals,    )
                           )    **PLAINTIFF'S CASE MANAGEMENT**
18          Plaintiffs,         )    **CONFERENCE STATEMENT**
                           )
19    v.                            )    Date:    September 14, 2012
                           )    Time:    8:30 a.m.
20    INTERCONTINENTAL HOTELS GROUP   )    Dept:    17
    RESOURCES, INC.; INTERCONTINENTAL   )
21    HOTELS OF SAN FRANCISCO, INC.; and   )
    DOES 1 through 10, inclusive,     )    The Hon. Steven A. Brick
22                            )
         Defendants.      )    Complaint Filed: July 3, 2012
23                            )    FAC Filed: July 23, 2012

24

25

26

27

28

           PLAINTIFF'S CMC STATEMENT – CASE NO. RG12637671

Exhbit H 50

1    Plaintiff Laura McCabe ("Plaintiff") hereby requests a continuance of the initial Case
2    Management Conference set for September 14, 2012. The Complaint, along with a Notice
3    and Acknowledgment, was mailed to Defendants' counsel on August 17, 2012. Defendants'
4    responsive pleadings are not due until late September or early October. Plaintiff requests
5    that the Court reset the CMC for a date in late October or early November so that the CMC
6    takes place after the date that Defendants must appear in the action.

7    Dated: August 27, 2012.                    Respectfully submitted,

8                                                KELLER GROVER LLP

9

10

11                                              By:
12                                                  ERIC A. GROVER
                                                    RACHAEL G. JUNG
13                                                  Attorneys for Plaintiff and the Proposed Class

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1       I, Ann M. Stanton, am employed in the County of San Francisco, State of California. I am

2 over the age of eighteen and not a party to the within action. My business address is 1965 Market Street, San Francisco, California 94103. On August 27, 2012, in the case of *McCabe, et al. v.*

3 *Intercontinental Resources, et al*, Alameda County Superior Court Case No. RG12637671, I served the foregoing document(s):

4

5 **PLAINTIFF'S CASE MANAGEMENT CONFERENCE STATEMENT**

6 on the interested party(ies) below, using the following means:

7 Edward Totino

8 DLA PIPER LLP

   North Tower, Suite 400

9 2000 Avenue of the Stars

   Los Angeles, CA 90067

10 Tel: (310)595-3025; Fax: (310)595-3025

   Email: Edward.totino@dlapiper.com

11

12 CT CORPORATION

   818 West Seventh Street

13 2nd Floor

   Los Angeles, CA 90017

14 *Attorneys for Defendants*

   *INTERCONTINENTAL HOTELS GROUP RESOURCES, INC. and*

15 *INTERCONTINENTAL HOTELS OF SAN FRANCISCO*

16

17 ☒    (BY UNITED STATES MAIL) I enclosed the document(s) in a sealed envelope or package addressed to the respective address(es) of the party(ies) stated above and placed the envelope(s) for

18 collection and mailing, following our ordinary business practices. I am familiar with the firm's

19 practice of collection and processing correspondence for mailing. It is deposited with the U.S. Postal Service on that same day in the ordinary course of business. I am aware that on motion of party

20 served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing of affidavit.

21

22 ☒    (State) I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

23

24

25         Ann M. Stanton

26

27

28

<div align="center">1</div>

---

**PROOF OF SERVICE**                            **CASE NO. RG12637671**

# EXHIBIT I

CM-110

COPY

ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address):
Edward Totino (BBN 169237) / Ana Tagvoryan (BBN 246536)
DLA PIPER US (LLP)
2000 Avenue of the Stars, 4th Floor, North Tower
Los Angeles, California 90067
TELEPHONE NO.: 310-595-3000   FAX NO. (Optional): 310-595-6900
E-MAIL ADDRESS (Optional): edward.totino@dlapiper.com
ATTORNEY FOR (Name): Intercontinental Hotels Group Resources, Inc.;
Intercontinental Hotels of San Francisco, Inc.; and Six Continents Hotels, Inc.

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Alameda
STREET ADDRESS: 1225 Fallon Street
MAILING ADDRESS: 1225 Fallon Street
CITY AND ZIP CODE: Oakland, California, 94612
BRANCH NAME:

**ENDORSED**
**FILED**
ALAMEDA COUNTY

SEP 07 2012

CLERK OF THE SUPERIOR COURT
By **Anita Dhir**

PLAINTIFF/PETITIONER: Laura McCabe and Latoya Simpson, individually and
on behalf of similarly situated individuals
DEFENDANT/RESPONDENT: Intercontinental Hotels Group Resources, Inc.;
Intercontinental Hotels of San Francisco, Inc.; and Six Continents Hotels, Inc.

| CASE MANAGEMENT STATEMENT | | |
|---|---|---|
| (Check one): ☒ UNLIMITED CASE (Amount demanded exceeds $25,000) | ☐ LIMITED CASE (Amount demanded is $25,000 or less) | CASE NUMBER: RG12637971 |

A CASE MANAGEMENT CONFERENCE is scheduled as follows:
Date: 9/14/2012   Time: 8:30am   Dept.: 21   Div.:   Room:
Address of court (if different from the address above):

☒ Notice of Intent to Appear by Telephone, by (name): Edward Totino

INSTRUCTIONS: All applicable boxes must be checked, and the specified information must be provided.

1. **Party or parties** (answer one):
   a. ☒ This statement is submitted by party (name): Intercontinental Hotels Group Resources, Inc.; Intercontinental Hotels of San Francisco, Inc.; and Six Continents Hotels, Inc.
   b. ☐ This statement is submitted jointly by parties (names):

2. **Complaint and cross-complaint** (to be answered by plaintiffs and cross-complainants only)
   a. The complaint was filed on (date):
   b. ☐ The cross-complaint, if any, was filed on (date):

3. **Service** (to be answered by plaintiffs and cross-complainants only)
   a. ☐ All parties named in the complaint and cross-complaint have been served, have appeared, or have been dismissed.
   b. ☐ The following parties named in the complaint or cross-complaint
      (1) ☐ have not been served (specify names and explain why not):
      (2) ☐ have been served but have not appeared and have not been dismissed (specify names):
      (3) ☐ have had a default entered against them (specify names):
   c. ☐ The following additional parties may be added (specify names, nature of involvement in case, and date by which they may be served):

4. **Description of case**
   a. Type of case in ☒ complaint   ☐ cross-complaint   (Describe, including causes of action):
      Plaintiffs allege unlawful recording of cellular telephone calls made to Defendants' reservation lines, pursuant to Cal. Penal Code § 632.7.

Page 1 of 5
CA.STG11948R51.1
Form Adopted for Mandatory Use
Judicial Council of California
CM-110 [Rev. July 1, 2011]

**CASE MANAGEMENT STATEMENT**

Cal. Rules of Court,
rules 3.720–3.730
www.courtinfo.ca.gov

Exhibit I 53

CM-110

| PLAINTIFF/PETITIONER: Laura McCabe and Latroya Simpson, Individually and on behalf of similarly situated individuals | CASE NUMBER: RG12637671 |
|---|---|
| DEFENDANT/RESPONDENT: Intercontinental Hotels Group Resources, Inc.; Intercontinental Hotels of San Francisco, Inc.; and Six Continents Hotels, Inc. | |

4.  b.  Provide a brief statement of the case, including any damages. *(If personal injury damages are sought, specify the injury and damages claimed, including medical expenses to date [indicate source and amount], estimated future medical expenses, lost earnings to date, and estimated future lost earnings. If equitable relief is sought, describe the nature of the relief.)*
Plaintiffs claim $5,000 in statutory damages for each recording of cellular telephone calls in violation of Penal Code § 632.7 and § 637.2. Defendants deny that Plaintiffs or the putative class are entitled to any relief.

☐  *(If more space is needed, check this box and attach a page designated as Attachment 4b.)*

5.  **Jury or nonjury trial**
The party or parties request  ☐ a jury trial  ☒ a nonjury trial.  *(If more than one party, provide the name of each party requesting a jury trial):*

6.  **Trial date**
a.  ☐  The trial has been set for *(date):*
b.  ☒  No trial date has been set. This case will be ready for trial within 12 months of the date of the filing of the complaint *(if not, explain):* Defendants plan to remove this action to the United States District Court for the Northern District of California on or before they must respond to the complaint.
c.  Dates on which parties or attorneys will not be available for trial *(specify dates and explain reasons for unavailability):*

7.  **Estimated length of trial**
The party or parties estimate that the trial will take *(check one):* n/a (see above)
a.  ☐  days *(specify number):*
b.  ☐  hours (short causes) *(specify):*

8.  **Trial representation** *(to be answered for each party)*
The party or parties will be represented at trial  ☒ by the attorney or party listed in the caption  ☐ by the following:
a.  Attorney:
b.  Firm:
c.  Address:
d.  Telephone number:        f.  Fax number:
e.  E-mail address:        g.  Party represented:
☐  Additional representation is described in Attachment 8.

9.  **Preference**
☐  This case is entitled to preference *(specify code section):*

10.  **Alternative dispute resolution (ADR)**
a.  ADR information package. Please note that different ADR processes are available in different courts and communities; read the ADR information package provided by the court under rule 3.221 for information about the processes available through the court and community programs in this case.
  (1)  For parties represented by counsel: Counsel ☒ has  ☐ has not  provided the ADR information package identified in rule 3.221 to the client and reviewed ADR options with the client.
  (2)  For self-represented parties: Party ☐ has  ☐ has not reviewed the ADR information package identified in rule 3.221.
b.  Referral to judicial arbitration or civil action mediation *(if available)*.
  (1)  ☐  This matter is subject to mandatory judicial arbitration under Code of Civil Procedure section 1141.11 or to civil action mediation under Code of Civil Procedure section 1775.3 because the amount in controversy does not exceed the statutory limit.
  (2)  ☐  Plaintiff elects to refer this case to judicial arbitration and agrees to limit recovery to the amount specified in Code of Civil Procedure section 1141.11.
  (3)  ☐  This case is exempt from judicial arbitration under rule 3.811 of the California Rules of Court or from civil action mediation under Code of Civil Procedure section 1775 et seq. *(specify exemption):*

EAST\51198506.1
American LegalNet, Inc.
www.FormsWorkFlow.com
Exhibit 1-52

**CM-110**

| PLAINTIFF/PETITIONER: Laura McCabe and Latroya Simpson, individually and on behalf of similarly situated individuals<br>DEFENDANT/RESPONDENT: : Intercontinental Hotels Group Resources, Inc.; Intercontinental Hotels of San Francisco, Inc.; and Six Continents Hotels, Inc. | CASE NUMBER:<br>RG12637671 |
| --- | --- |

10. c. Indicate the ADR process or processes that the party or parties are willing to participate in, have agreed to participate in, or have already participated in (check all that apply and provide the specified information):

| | The party or parties completing this form are willing to participate in the following ADR processes (check all that apply): | If the party or parties completing this form in the case have agreed to participate in or have already completed an ADR process or processes, indicate the status of the processes (attach a copy of the parties' ADR stipulation): |
| --- | --- | --- |
| (1) Mediation | ☒ | ☒ Mediation session not yet scheduled<br>☐ Mediation session scheduled for (date):<br>☐ Agreed to complete mediation by (date):<br>☐ Mediation completed on (date): |
| (2) Settlement conference | ☒ | ☒ Settlement conference not yet scheduled<br>☐ Settlement conference scheduled for (date):<br>☐ Agreed to complete settlement conference by (date) :<br>☐ Settlement conference completed on (date): |
| (3) Neutral evaluation | ☐ | ☐ Neutral evaluation not yet scheduled<br>☐ Neutral evaluation scheduled for (date):<br>☐ Agreed to complete neutral evaluation by (date):<br>☐ Neutral evaluation completed on (date): |
| (4) Nonbinding judicial arbitration | ☐ | ☐ Judicial arbitration not yet scheduled<br>☐ Judicial arbitration scheduled for (date):<br>☐ Agreed to complete judicial arbitration by (date):<br>☐ Judicial arbitration completed on (date): |
| (5) Binding private arbitration | ☐ | ☐ Private arbitration not yet scheduled<br>☐ Private arbitration scheduled for (date):<br>☐ Agreed to complete private arbitration by (date):<br>☐ Private arbitration completed on (date): |
| (6) Other (specify): | ☐ | ☐ ADR session not yet scheduled<br>☐ ADR session scheduled for (date):<br>☐ Agreed to complete ADR session by (date):<br>☐ ADR completed on (date): |

**CASE MANAGEMENT STATEMENT**

American LegalNet, Inc.<br>www.FormsWorkFlow.com

CM-110

| PLAINTIFF/PETITIONER: Laura McCabe and Latroya Simpson, Individually and on behalf of similarly situated individuals<br>DEFENDANT/RESPONDENT: : Intercontinental Hotels Group Resources, Inc.; Intercontinental Hotels of San Francisco, Inc.; and Six Continents Hotels, Inc. | CASE NUMBER:<br>RG12637671 |
| --- | --- |

**11. Insurance**

  a. ☐   Insurance carrier, if any, for party filing this statement *(name):*

  b.   Reservation of rights: ☐ Yes    ☐ No

  c. ☐   Coverage issues will significantly affect resolution of this case *(explain):*

**12. Jurisdiction**

Indicate any matters that may affect the court's jurisdiction or processing of this case and describe the status.

  ☐ Bankruptcy ☒ Other *(specify):*

Status: Defendants plan to remove this case to the Northern District of California on or before the date to respond to the Complaint, Oct. 1, 2012.

**13. Related cases, consolidation, and coordination**

  a. ☐   There are companion, underlying, or related cases.

      (1) Name of case:

      (2) Name of court:

      (3) Case number:

      (4) Status:

    ☐ Additional cases are described in Attachment 13a.

  b. ☐ A motion to    ☐ consolidate    ☐ coordinate    will be filed by *(name party):*

**14. Bifurcation**

  ☐   The party or parties intend to file a motion for an order bifurcating, severing, or coordinating the following issues or causes of action *(specify moving party, type of motion, and reasons):*

**15. Other motions**

  ☒   The party or parties expect to file the following motions before trial *(specify moving party, type of motion, and issues):* If the case is not removed or is remanded, Defendants may file: Demurrer, Motion to Dismiss, Motion for Judgment on the Pleadings, Motion for Summary Judgment/Adjudication, Motion to Deny Certification.

**16. Discovery**

  a. ☐   The party or parties have completed all discovery.

  b ☐   The following discovery will be completed by the date specified *(describe all anticipated discovery):*

| Party | Description | Date |
| --- | --- | --- |
| | Case not yet at issue. | |
| | Defendants plan to remove this case to federal court. | |
| | Parties request a continuance of the Conference. | |

  c. ☐   The following discovery issues, including issues regarding the discovery of electronically stored information, are anticipated *(specify):*

EAST\51198506.1


American LegalNet, Inc.
www.FormsWorkFlow.com

CM-110

| PLAINTIFF/PETITIONER: Laura McCabe and Latroya Simpson, individually and on behalf of similarly situated individuals | CASE NUMBER: RG12637871 |
|---|---|
| DEFENDANT/RESPONDENT: : Intercontinental Hotels Group Resources, Inc.; Intercontinental Hotels of San Francisco, Inc.; and Six Continents Hotels, Inc. | |

17. **Economic litigation**

    a. ☐ This is a limited civil case (i.e., the amount demanded is $25,000 or less) and the economic litigation procedures in Code of Civil Procedure sections 90-98 will apply to this case.

    b. ☐ This is a limited civil case and a motion to withdraw the case from the economic litigation procedures or for additional discovery will be filed (if checked, explain specifically why economic litigation procedures relating to discovery or trial should not apply to this case):

18. **Other issues**

    ☒ The party or parties request that the following additional matters be considered or determined at the case management conference (specify): Defendants request that the case management conference be continued pending removal of this action to the federal court. Plaintiff has also requested a continuance.

19. **Meet and confer**

    a. ☒ The party or parties have met and conferred with all parties on all subjects required by rule 3.724 of the California Rules of Court (if not, explain): Parties have requested a continuance of the conference; case is not yet at issue.

    b. After meeting and conferring as required by rule 3.724 of the California Rules of Court, the parties agree on the following (specify)):

20. Total number of pages attached (if any): _____

I am completely familiar with this case and will be fully prepared to discuss the status of discovery and alternative dispute resolution, as well as other issues raised by this statement, and will possess the authority to enter into stipulations on these issues at the time of the case management conference, including the written authority of the party where required.

Date: September 7, 2012

Ana Tagvoryan

          (TYPE OR PRINT NAME)  ▶ _____
                                 (SIGNATURE OF PARTY OR ATTORNEY)

          (TYPE OR PRINT NAME)  ▶ _____
                                 (SIGNATURE OF PARTY OR ATTORNEY)

                                  ☐ Additional signatures are attached.

**CASE MANAGEMENT STATEMENT**

EAST\61198506.1

Exhibit I 57

# EXHIBIT J

WEST\234481266.1

## Superior Court of California, County of Alameda
## Rene C. Davidson Alameda County Courthouse

McCabe

             Plaintiff/Petitioner(s)

      VS.

Intercontinental Hotels Group Resources, Inc.

             Defendant/Respondent(s)
      (Abbreviated Title)

No. RG12637671

Case Management Order

Judge: Wynne Carvill

ORDER re: CASE MANAGEMENT

FURTHER CASE MANAGEMENT CONFERENCE

The Case Management Conference currently scheduled for 09/14/2012 is VACATED and continued to Monday 09/17/2012 at 08:30 AM in Dept. 21. The court would appreciate courtesy copies of the CMC statements by this Thursday.

NOTICES

The Court orders counsel and/or self-represented parties to obtain a copy of this order from the court's website http://www.alameda.courts.ca.gov/domainweb.

Any delay in the trial, caused by non-compliance with any order contained herein, shall be the subject of sanctions pursuant to CCP 177.5.

Dated: 09/10/2012

                             Judge Wynne Carvill

# EXHIBIT K

1    **DLA PIPER LLP (US)**
     PERRIE M. WEINER (SBN 134146)
2    EDWARD D. TOTINO (SBN 169237)
     ANA TAGVORYAN (SBN 246536)
3    2000 Avenue of the Stars, Suite 400, North Tower
     Los Angeles, CA 90067-6023
4    Telephone: 310.595.3000
     Facsimile: 310.595.3300
5
     Attorneys for Defendants
6    INTERCONTINENTAL HOTELS GROUP RESOURCES,
     INC; INTERCONTINENTAL HOTELS OF SAN
7    FRANCISCO, INC.; and SIX CONTINENTS HOTELS, INC.

8                    SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                    IN AND FOR THE COUNTY OF ALAMEDA

10   LAURA MCCABE and LATROYA              CASE NO. RG12637671
     SIMPSON, individually and on behalf of
11   similarly situated individuals,        [Assigned to Hon. Wynne Carvill, Dept. 21]

12                  Plaintiffs,             **NOTICE TO STATE COURT OF**
                                            **REMOVAL TO THE UNITED STATES**
13            v.                            **DISTRICT COURT FOR THE NORTHERN**
                                            **DISTRICT OF CALIFORNIA**
14   INTERCONTINENTAL HOTELS GROUP
     RESOURCES, INC; INTERCONTINENTAL       Complaint Filed:    July 8, 2012
15   HOTELS OF SAN FRANCISCO, INC.; SIX     Trial Date:         None
     CONTINENTS HOTELS, INC.; and DOES 2
16   through 10, inclusive,

17                  Defendants.

18

19

20

21

22

23

24

25

26

27

28

C:\NRPortbl\EAST\NM3\656\30685880_1.DOC

NOTICE TO STATE COURT OF REMOVAL

Exhibit K 69

1    **TO THE CLERK OF THE COURT:**

2         PLEASE TAKE NOTICE that a Notice of Removal of this action was filed in the United

3    States District Court for the Northern District of California on September 14, 2012, under United

4    States District Court Case No. _____.

5         A true and correct copy of said Notice of Removal (without exhibits) is attached to this

6    Notice, and is served and filed herewith as **Exhibit A.**

7         PLEASE TAKE FURTHER NOTICE that pursuant to 28 U.S.C. sections 1332, 1441, and

8    1446, the filing of the Notice of Removal in the United States District Court for the Northern

9    District of California, together with the instant filing of a copy of same with this Court effectuates

10   the removal of this action and this Court may proceed no further unless and until the case is

11   remanded.

12

13   Dated: September **13**, 2012          **DLA PIPER LLP (US)**

14                                          By: _____

15                                             EDWARD D. TOTINO
                                               ANA TAGVORYAN
16                                             Attorneys for Defendants
                                               INTERCONTINENTAL HOTELS GROUP
17                                             RESOURCES, INC; INTERCONTINENTAL
                                               HOTELS OF SAN FRANCISCO, INC.; SIX
18                                             CONTINENTS HOTELS, INC.

19

20

21

22

23

24

25

26

27

28

C:\NRPortbl\EAST\NM31656\50685880_1.DOC          -1-
                    NOTICE TO STATE COURT OF REMOVAL

Exhibit K 60

1    **PROOF OF SERVICE**

2    STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

3    I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not
     a party to the within action; my business address is: 2000 Avenue of the Stars, Suite 400 North
4    Tower, Los Angeles, California 90067-4704.

5    On September 14, 2012, I served the foregoing document(s) described as:

6    **NOTICE TO STATE COURT OF THE REMOVAL TO THE UNITED STATES**
     **DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA**
7
     on interested parties in this action by placing ☐ the original ☒ true copy(ies) thereof enclosed in
8    sealed envelopes as stated below.

9    Eric A. Grover                                    *Attorneys for Plaintiffs*
     eagrover@kellergrover.com
10   Carey G. Been
     cbeen@kellergrover.com
11   Keller Grover LLP
     1965 Market Street
12   San Francisco, California 94103
     Tel: 415-543-1305
13   Fax: 415-543-7861

14   Scot Bernstein
     swampadero@sabernsteinlaw.com
15   Law Offices of Scot D. Bernstein
     101 Parkshore Drive, Suite 100
16   Folsom, California 95630
     Tel: 916-447-0100
17   Fax: 916-933-5533

18   ☒    **(BY MAIL)** The envelope was mailed with postage thereon fully prepaid. As follows:
           I am "readily familiar" with the firm's practice of collection and processing
19         correspondence for mailing. Under that practice it would be deposited with U.S. postal
           service on that same day with postage thereon fully prepaid at Los Angeles, California in
20         the ordinary course of business. I am aware that on motion of the party served, service is
           presumed invalid if postal cancellation date or postage meter date is more than one day
21         after date of deposit for mailing in affidavit.

22   ☐    **(BY FACSIMILE)** I delivered such document by facsimile to the following persons at
           the facsimile telephone numbers listed above.
23
     ☐    **(BY HAND DELIVERY)** I delivered the within documents to Legal Support Unlimited
24         for delivery to the above address(es) with instructions that such envelope be delivered
           personally on September 14, 2012 to the above named individuals.
25
     ☐    **(BY OVERNIGHT MAIL)** I am readily familiar with the firm's practice of collection
26         and processing correspondence for mailing with an overnight courier service. Under that
           practice it would be deposited with said overnight courier service on that same day with
27         delivery charges thereon billed to sender's account, at Los Angeles, California in the
           ordinary course of business. The envelope was sealed and placed for collection and
28         mailing on that date following ordinary business practices.

     EAST\51194871.1                          1


1 ☒ **(STATE)** I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

2

3 ☐ **(FEDERAL)** I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

4 Executed on September 14, 2012, at Los Angeles, California.

5

6 Nicole Montemurro                              [Signature]
[Print Name Of Person Executing Proof]

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Exhibit K 62

# EXHIBIT L

PERRIE M. WEINER (SBN 134146)
perrie.weiner@dlapiper.com
EDWARD D. TOTINO (SBN 169237)
edward.totino@dlapiper.com
ANA TAGVORYAN (SBN 246536)
ana.tagvoryan@dlapiper.com
DLA PIPER LLP (US)
2000 Avenue of the Stars, Suite 400, North Tower
Los Angeles, CA  90067-6023
Telephone:  310.595.3000
Facsimile:  310.595.3300

Attorneys for Defendants
INTERCONTINENTAL HOTELS GROUP RESOURCES,
INC; INTERCONTINENTAL HOTELS OF SAN
FRANCISCO, INC.; and SIX CONTINENTS HOTELS

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAURA MCCABE and LATROYA SIMPSON, individually and on behalf of similarly situated individuals,<br><br>Plaintiffs,<br><br>v.<br><br>INTERCONTINENTAL HOTELS GROUP RESOURCES, INC.; INTERCONTINENTAL HOTELS OF SAN FRANCISCO, INC.; SIX CONTINENTS HOTELS, INC.; and DOES 2 through 10, inclusive<br><br>Defendants. | CASE NO.<br><br>**DECLARATION OF KEVIN RANDALL IN SUPPORT OF DEFENDANTS INTERCONTINENTAL HOTELS GROUP RESOURCES, INC., INTERCONTINENTAL HOTELS OF SAN FRANCISCO, INC., AND SIX CONTINENTS HOTELS, INC.'S NOTICE OF REMOVAL OF ACTION** |

DLA PIPER LLP (US)
LOS ANGELES

DECLARATION OF KEVIN RANDALL IN SUPPORT OF DEFENDANTS' NOTICE OF REMOVAL
EAST\50751952.1

Exhibit L 63

I, Kevin Randall, declare:

1. I am employed by Six Continents Hotels, Inc. as a Vice President of Reservations and Customer Care. I submit this Declaration on behalf of Defendants InterContinental Hotels Group Resources, Inc., InterContinental Hotels of San Francisco, Inc., and Six Continents Hotels, Inc. (collectively "IHG"). Each of the IHG Defendants is a corporation organized under Delaware law with its principal places of business in Atlanta, Georgia. I have been employed by Six Continents Hotels, Inc. for 13 years. As a result of my employment, as well as my review of records and other information available to me, I have knowledge of the following facts:

2. In their Complaint, Plaintiffs allege that Defendants recorded and/or intercepted cellular telephone calls made or routed to the telephone numbers 1-888-465-4329 and 1-888-211-9874 (the "central reservation lines") without disclosing to the callers that the telephone calls would be recorded.

3. Approximately 4,000 telephone calls per month from telephone numbers with California area codes are made to the two central reservation lines referenced above, reach an agent and are recorded. The fact that a telephone call came from a telephone number with a California area code does not mean that the call actually was made from California or was from a California resident given the mobility of cellular telephones and the increasing prevalence of Voice-Over-IP and phone number portability. However, I have reviewed a Pew Research Center Publication from 2009 entitled "Accurately Locating Where Wireless Respondents Live Requires More Than A Phone Number" that concludes that the area codes of 97% of landline telephone numbers and 90% of cell phone telephone numbers matched the state of residence of the owner of the numbers. A copy of this publication is attached as Exhibit A hereto. Therefore, I am reasonably certain that at least half of the calls (approximately 2,000 per month) actually were made from California.

4. I have reviewed a report published by The U.S. Center for Disease Control and Prevention's National Center for Health Statistics entitled *Wireless substitution: Early release of estimates from the National Health Interview Survey, July-December 2011*, National Center for Health Statistics, June 2012. That report contains statistics from the National Health Interview

- 1 -

DECLARATION OF KEVIN RANDALL IN SUPPORT OF DEFENDANTS' NOTICE OF REMOVAL

Survey (NHIS) including that in 2011 over 30% of adults were wireless only, *i.e.* they used only wireless telephones. Applying these statistics to the estimated approximately 24,000 telephone calls from California that reached an agent and were recorded during the one year period preceding the filing of the Complaint, I estimate that approximately 7,000 of the calls were from cellular telephones. A true and correct copy of the report, Blumberg SJ, Luke JV, *Wireless substitution: Early release of estimates from the National Health Interview Survey, July–December 2011*, National Center for Health Statistics, June 2012, is attached as Exhibit B hereto. It is also available at: http://www.cdc.gov/nchs/nhis.htm.

5.    Since Plaintiffs are seeking statutory damages of $5,000 per cellular call recorded, given the estimated number of recorded cellular telephone calls at issue in this action, the amount in dispute clearly exceeds $5 million.

6.    By my statements above, I do not admit or concede that Defendants violated the law with respect to any of the telephone calls at issue in this action. Nor should any of my statements be taken to mean that all telephone calls were handled in the same manner or that a class should be certified in this action.

I declare under penalty of perjury under the laws of the State of California and the United States that the foregoing is true and correct.

Executed on September 4, 2012 at Salt Lake City, Utah.

*Kevin Randall*
KEVIN RANDALL

DLA PIPER LLP (US)
Los Angeles

- 2 -
**DECLARATION OF KEVIN RANDALL IN SUPPORT OF DEFENDANTS' NOTICE OF REMOVAL**

Exhibit L 65