PERRIE M. WEINER (SBN 134146)
perrie.weiner@dlapiper.com
EDWARD D. TOTINO (SBN 169237)
edward.totino@dlapiper.com
ANA TAGVORYAN (SBN 246536)
ana.tagvoryan@dlapiper.com
MONICA N. DOURNAEE (SBN 286109)
monica.dournaee@dlapiper.com
**DLA PIPER LLP (US)**
2000 Avenue of the Stars, Suite 400 North Tower
Los Angeles, CA 90067-4704
Telephone: 310.595.3000
Facsimile: 310.595.3300

Attorneys for Defendants
INTERCONTINENTAL HOTELS GROUP RESOURCES,
INC; INTERCONTINENTAL HOTELS OF SAN
FRANCISCO, INC.; SIX CONTINENTS HOTELS, INC.

[*additional counsel listed on signature page*]

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAURA MCCABE and LATROYA SIMPSON, individually and on behalf of similarly situated individuals,<br><br>Plaintiffs,<br><br>v.<br><br>INTERCONTINENTAL HOTELS GROUP RESOURCES, INC; INTERCONTINENTAL HOTELS OF SAN FRANCISCO, INC.; SIX CONTINENTS HOTELS, INC.; and DOES 2 through 10, inclusive,<br><br>Defendants. | CASE NO. C12-4818-NC<br><br>**JOINT CASE MANAGEMENT STATEMENT**<br><br>Case Management Conference:<br>Date: December 19, 2012<br>Time: 10:00 a.m.<br>Place: Ctrm A, 15th Floor<br><br>Complaint Filed: July 8, 2012<br>Trial Date: None |

Pursuant to the Northern District Local Rule 16-9, and this Court's September 14, 2012 Order Setting Scheduling Conference for December 19, 2012 at 10:00 a.m., Plaintiffs Laura McCabe and Latroya Simpson ("Plaintiffs") and Defendants Intercontinental Hotels Group Resources, Inc., Intercontinental Hotels of San Francisco, Inc. and Six Continents Hotels, Inc. (collectively, "Defendants" or "InterContinental") respectfully submit this Joint Case Management Statement. Counsel for the Parties conferred on November 26, 2012 and submit the following joint statement:

### A. Jurisdiction and Service

InterContinental accepted service of the summons and complaint and then, on September 14, 2012, removed this action from state court. InterContinental maintains that this Court has jurisdiction over all causes of action asserted herein under the Class Action Fairness Act ("CAFA") because there exists diversity of citizenship for purposes of CAFA and because the amount in controversy exceeds $5 million. Specifically, at least one member of the putative class is a citizen of a State different from InterContinental. All named Parties have been served. The Parties are not aware of any issues surrounding personal jurisdiction or service.

### B. Facts

#### 1. Plaintiffs' Statement

Plaintiffs allege that Defendants intentionally and secretly recorded Plaintiffs' and putative class members' telephone communications without any notice or warning of the recording and without obtaining callers' consent. (First Amended Complaint ("FAC") at ¶¶ 1-3, 15-18, 19-22, 37-40.) Specifically, Plaintiffs allege that they called Defendants' Holiday Inn toll-free reservation telephone numbers from California using cellular phones. (FAC at ¶¶ 19-20, 37.) During the period from 2011 through early 2012, Plaintiff McCabe called from California using her cellular phone to inquire about hotel room rates and/or to make reservations. (FAC at ¶ 19.) Plaintiff Simpson made similar inquiries using her cellular phone during the period from February through July 2011 and in September 2011. (FAC at ¶ 20.) During their telephone calls with Defendants, Plaintiffs disclosed sensitive personal information, including their credit card information. (FAC at ¶¶ 19-20.) Plaintiffs allege that they were neither informed that the calls

were being recorded nor asked for their consent to the recording and, therefore, did not expect that their calls were being recorded. (FAC at ¶¶ 21-22.)

Plaintiffs further allege that it is Defendants' practice intentionally to record calls made to the Holiday Inn central reservations lines and to do so without obtaining consent or informing callers that they are being recorded. (FAC at ¶¶ 1-2, 15-18, 38-40.) Plaintiffs assert that, without such a warning, callers have no reasonable expectation that their communications with Defendants are being recorded. (FAC at ¶¶ 21-22. 40.) Plaintiffs allege that Defendants' conduct violated Penal Code section 632.7 and that Defendants are liable for Penal Code section 637.2 statutory damages. (FAC at ¶¶ 2-3, 25, 41.)

**2. Defendants' Statement**

California is one of a handful of states that requires, in some circumstances, all parties to consent before certain telephone calls are recorded. Neither federal law nor the law in the overwhelming majority of states requires such consent. Over the last several years, enterprising plaintiffs' lawyers have exploited California's all-party-consent rule by filing numerous putative class actions against large companies alleging that those companies violated the privacy rights of California consumers by the simple act of recording customer service telephone calls for quality assurance. California's call recording laws were never intended to prohibit such conduct and no actual damages are ever suffered or proven by the putative plaintiff class members. Nevertheless, the plaintiffs' lawyers use the threat of large statutory damages awards to extract unjustified settlements from the defendant companies. The staggering number of new filings in this area is literally clogging the courts. This case gives the Court the opportunity to bring common sense and temperance to call recording litigation.

In this case, Plaintiffs allegedly used their cellular telephones to make multiple calls to the toll-free reservation telephone numbers of InterContinental. *See* Complaint, ¶¶ 19-20. Plaintiffs allege that these calls were recorded without their consent by InterContinental. *See* Complaint, ¶¶ 39-40. Based upon these scant allegations, Plaintiffs on behalf of themselves and a putative class of California residents sue InterContinental for allegedly violating California Penal Code section 632.7. Plaintiffs neither allege nor seek any actual damages, but instead request statutory

damages of $5,000 for each call recorded pursuant to Penal Code section 637.2. *See* Complaint, ¶ 4, Prayer, ¶ c.

As detailed extensively in InterContinental's pending motion to dismiss, (Docket No. 5), Plaintiffs fail to establish a violation of Penal Code section 632.7 claim and, even if they had, the application of California law to the interstate calls at issue here is preempted by federal law. Moreover, the statutory damages in this action are limited to $5,000. InterContinental also has other defenses available to Plaintiffs' claim. Plaintiffs should recover nothing in this action.

**C. Legal Issues**

**1. Plaintiffs' Statement**

The Parties dispute whether Plaintiffs have sufficiently pled a cause of action under Penal Code section 632.7, whether Plaintiffs can maintain the action on a class basis under Rule 23, whether Defendants are liable for any alleged violations of Penal Code section 632.7, and the amount of damages or injury to Plaintiffs.

**2. Defendants' Statement**

InterContinental anticipates that the following legal issues will be resolved by the Court, among others: (1) whether section 632.7 applies to the facts of this case; (2) whether the application of California Penal Code section 632 to the facts of this case is barred or preempted by federal law, such as the Communications Act of 1934 and the regulations promulgated thereunder, or the Commerce Clause; (3) whether that statutory damages available under Penal Code section 637.2 are limited to $5,000 for the entire action; (4) whether to obtain more than $5,000 in this action, Plaintiffs and the putative class is required to prove actual damages; and (5) whether a class action is appropriate in this case.

**D. Motions**

InterContinental filed a motion to dismiss the action on October 11, 2012 (Docket No. 5), setting a hearing for December 12, 2012. If necessary, InterContinental may file a motion for summary judgment and/or a motion to determine that a class cannot be certified on the issues raised in the motion to dismiss.

After conducting class certification discovery, Plaintiffs intend to file a motion for class

certification. Plaintiff may need to file motions to compel discovery responses.

### E. Amendment of Pleadings

InterContinental does not anticipate counterclaiming against Plaintiffs at this time. InterContinental has informed Plaintiffs that the appropriate Defendant in this action is Six Continents Hotels, Inc. and that the remaining Defendants should be dismissed from this action. InterContinental understands that Plaintiffs are considering dismissing defendants Intercontinental Hotels Group Resources, Inc. and Intercontinental Hotels of San Francisco, Inc. without prejudice.

### F. Evidence Preservation

Given the nature of the case, the Parties are aware of their obligation to preserve relevant evidence, such as Defendants' recordings with their customers during the relevant time periods, including electronically stored information (ESI), and should be taking steps to comply with their obligations.

### G. Disclosures

The Parties expect to exchange Federal Rule of Civil Procedure 26 initial disclosures on or before December 12, 2012.

### H. Discovery

The Parties agree that no discovery should take place until after the motion to dismiss is ruled upon and InterContinental answers the Complaint. Proceeding in this manner will be efficient because discovery can be limited to the issues that remain in the case after the motion to dismiss is ruled upon.

At the moment, it is unclear whether the Parties have any issues relating to disclosure or discovery of electronically stored information, and they agree to address any such issues in the event they arise. The Parties agree that a stipulated confidentiality agreement for the entry of a protective order ("Confidentiality Agreement") may be necessary to protect from public disclosure commercially sensitive or other personal information that may be produced by the parties in this litigation. The Parties therefore have agreed that Defendants will prepare a Confidentiality Agreement that, once approved by Plaintiffs' counsel, will be submitted to the

Court for review and approval. The Parties do not anticipate any issues relating to claims of privilege or of protection as to trial-preparation materials, and they agree to address any such issues in the event they arise. Neither Party requests that the Court change the limitations on discovery imposed under these rules or by local rule, nor do they propose other limitations. The Parties both reserve the right to make additional requests regarding discovery limitations by the deadlines described below, or prior to the discovery cut-off date.

### 1. Plaintiffs' Statement

Plaintiffs intend to serve written discovery at the appropriate time, including interrogatories and document requests. After receiving interrogatory responses and documents, Plaintiffs intend to depose the relevant individuals regarding Defendants' call recording and monitoring practices.

Although Plaintiffs do not necessarily object to phased discovery, Defendant has not been able to articulate to Plaintiffs any examples of the type of issues in a case like this that would be "merits" only and not also class certification related. Plaintiffs reserve the right to move to compel any discovery they believe to be reasonably related to class certification issues.

### 2. Defendants' Statement

Once discovery commences, it is InterContinental's position that discovery should be conducted in two phases, with the first phase focusing on class certification issues such as numerosity, adequacy, typicality, commonality, superiority, and manageability. Only after class certification is decided should the second phase discovery focusing on the general merits occur. Conducting discovery in this way will lead to the most efficient resolution of this case.

InterContinental intends to serve interrogatories, document requests, and requests for admission, and take the depositions of Plaintiffs. InterContinental intends to cover the facts and circumstances of Plaintiffs' calls with InterContinental in discovery during the appropriate phase.

**I.     Class Actions**

   **1.     Plaintiffs' Statement**

Plaintiffs contend that this case is maintainable as a class action under Fed. R. Civ. Rule 23(b)(1) and (3). Plaintiff seeks to represent themselves and a class defined as "all California residents who, at any time during the applicable limitations period preceding the filing of this Complaint through the date of resolution, participated in one or more telephone conversations with the Holiday Inn toll-free reservation telephone numbers from a cellular or cordless telephone located in California and whose calls with the Holiday Inn toll-free reservation telephone numbers were recorded and/or monitored by Defendants surreptitiously or without disclosure." (FAC at ¶ 23.)

As alleged in the First Amended Complaint, Plaintiffs are informed and believe and contend that discovery will prove that all of the prerequisites for class certification found in Fed. R. Civ. Rule 23(a) and (b)(1) and (3) are present. The Parties stipulate to an extended class certification briefing schedule, which will provide Defendants with 21 days to oppose Plaintiffs' motion for class certification and Plaintiffs with 21 days to prepare their reply to Defendants' opposition. The Parties anticipate that there will be substantial evidence and declarations. The extended briefing schedule will provide the Parties with additional time to respond to each others' evidence and to take depositions of declarants, if necessary.

Plaintiffs should be in a position to file their motion for class certification by July 24, 2013. Discovery is just commencing, and written discovery will not be sent out until late December 2012 or early January 2013, pending the Court's ruling on Defendants' motion to dismiss. Additionally, lead counsel for Plaintiffs, Eric Grover, has a three-week jury trial commencing on January 22, 2013.

   **2.     Defendants' Statement**

InterContinental maintains that this action is not appropriate for class treatment and intends to oppose any motion for class certification filed by Plaintiffs.

**J.     Related Cases**

The Parties are not aware of any related cases at this time.

**K. Relief**

**1. Plaintiffs' Statement**

Plaintiffs seek an award of statutory damages to Plaintiffs and the members of the Class pursuant to Penal Code section 637.2.

**2. Defendants' Statement**

InterContinental contends that it did not secretly record telephone calls and that, in any event, the statutory damages available under Penal Code section 637.2 are limited to $5,000 for the entire action. To obtain additional damages, Plaintiffs and the putative class members have to prove actual damages, of which there are none.

**L. Settlement and ADR**

The Parties filed their Stipulation and Proposed Order selecting private ADR on November 27, 2012. (Docket No. 17.) The ADR order was subsequently approved by the Court that same day. (Docket No. 18.) The Parties believe that settlement/ADR efforts will be most productive after the pleadings are settled and Plaintiffs' motion for class certification is fully briefed and ruled upon.

**M. Consent to Magistrate Judge for All Purposes**

The Parties have consented to have Magistrate Judge Cousins conduct all proceedings including trial and entry of judgment,

**N. Other References**

The Parties do not believe that this case is suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation as this time.

**O. Narrowing of Issues**

InterContinental believes that its motion to dismiss and, if necessary, a motion for summary judgment may narrow the issues that need to be tried in this case.

**P. Scheduling**

| | |
|---|---|
| Class Certification Motion Filing Deadline: | July 24, 2013 |
| Designation of Experts: | October 1, 2013 |
| Discovery Cutoff: | January 6, 2014 |

| | |
|---|---|
| Dispositive Motion Filing Cutoff: | February 3, 2014 |
| Pretrial Conference: | April 1, 2014 |
| Trial: | May 1, 2014 |

**Q.  Trial**

The Parties agree that this case is not suited for the Expedited Trial Procedure of General Order No. 64.  The Parties also agree that a more accurate trial estimate will likely be possible after it is determined whether a class will be certified in this action and, if so, the composition of that class.

**R.  Disclosure of Non-Party Interested Entities or Persons**

Pursuant to Local Rule 3-16, InterContinental certifies that the following listed parties may have a direct, pecuniary interest in the outcome of this case.  These representations are made to enable the Court to evaluate possible disqualification or recusal.

1. InterContinental Hotels Group Resources, Inc.;
2. InterContinental Hotels of San Francisco, Inc.;
3. Six Continents Hotels, Inc.; and
4. InterContinental Hotels Group, PLC
5. Zurich American Insurance Company
6. American Guarantee and Liability Insurance Company
7. Continental Casualty Company
8. ACE American Insurance Company

**S.  Other Matters**

As discussed above, the Parties have discussed the potential entry of an appropriate stipulated protective order that will facilitate the exchange of discovery in this case and afford confidential treatment to items that the Parties believe in good faith are protected or otherwise confidential under applicable laws.  InterContinental has agreed to provide Plaintiffs with a draft for review.  The Parties anticipate submitting a stipulated protective order for the Court's review and approval shortly.

| | | |
|---|---|---|
| Dated: December 12, 2012 | | **DLA PIPER LLP (US)** |

By /s/ Monica N. Dournaee
   PERRIE M. WEINER
   EDWARD D. TOTINO
   ANA TAGVORYAN
   MONICA N. DOURNAEE
   Attorneys for Defendants
   INTERCONTINENTAL HOTELS GROUP
   RESOURCES, INC; INTERCONTINENTAL
   HOTELS OF SAN FRANCISCO, INC.; SIX
   CONTINENTS HOTELS, INC.

Dated: December 12, 2012     **KELLER GROVER LLP**

By /s/ Eric A. Grover
   ERIC A. GROVER
   RACHAEL G. JUNG
   Attorneys for Plaintiffs
   LAURA McCABE and LATROYA SIMPSON