# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN FRANCISCO DIVISION

| | |
|---|---|
| LAURA MCCABE and LATROYA SIMPSON, individually and on behalf of a class of similarly situated individuals,<br><br>Plaintiffs,<br><br>v.<br><br>INTERCONTINENTAL HOTELS GROUP RESOURCES, INC.; INTERCONTINENTAL HOTELS OF SAN FRANCISCO, INC.; SIX CONTINENTAL HOTELS, INC.; and DOES 2 through 10, inclusive,<br><br>Defendants. | Case No. 12-cv-04818 NC<br><br>**ORDER DENYING DEFENDANTS' MOTION TO DISMISS**<br><br>Re: Dkt. No. 5 |

    Plaintiffs bring this action on behalf of themselves and a class of similarly situated individuals, asserting that InterContinental Hotels violated California Penal Code § 632.7 when its reservation center recorded their phone calls made with cellular phones. Defendants move to dismiss plaintiffs' complaint on grounds that (1) plaintiffs fail to allege facts necessary to support their claims; and (2) federal law preempts § 632.7. Defendants additionally move to dismiss the complaint to the extent plaintiffs seek statutory damages in excess of $5,000. Plaintiffs oppose the motion, asserting that federal law does not preempt § 632.7 and that plaintiffs have sufficiently alleged claims for relief under § 632.7. The Court finds the motion appropriate for determination without oral argument. *See* Civil L.R. 7-1(b).

1   As § 632.7 is not preempted, and because plaintiffs sufficiently plead a claim for
2  relief under § 632.7, the Court DENIES defendants' motion to dismiss.

## I. BACKGROUND

**A. The Parties**

Plaintiffs Laura McCabe and Latroya Simpson are California residents.  Not. Removal, Ex. B (first amended complaint) ¶ 4, Dkt. No. 1.  Defendants InterContinental Hotels Group Resources, Inc., InterContinental Hotels of California, and Six Continental Hotels, Inc. (InterContinental) are Delaware corporations with their principal places of business in Georgia.  Not. Removal at 3.  InterContinental systematically and continuously does business in California.  *Id.* ¶¶ 5-7.

**B. Facts Alleged in the First Amended Complaint**

Plaintiffs allege that InterContinental had a policy and practice of recording and/or monitoring telephone calls made to its central reservations call center.  *Id.* ¶¶ 17-18, 38.  Plaintiffs further allege that InterContinental had a policy of not advising callers that calls would be recorded and/or monitored, and followed that policy with respect to plaintiffs' calls.  *Id.* ¶¶ 21, 40.  Plaintiffs allege that between 2011 and 2012, they called InterContinental's central reservation call center using their cellular phones to inquire about hotel room rates and/or make reservations.  *Id.* ¶¶ 19-20.  During these calls, plaintiffs allege they disclosed sensitive personal information, including credit card information.  *Id.*  Plaintiffs allege that InterContinental's practice of recording these calls without notice or obtaining consent from the callers violated California Penal Code § 632.7.  *Id.* ¶¶ 2-3, 15-18, 19-22, 37-41.  Plaintiffs seek an award of statutory damages of $5,000 per violation under Penal Code § 637.2.  *Id.* ¶¶ 36-41.

**C. Procedural History**

On July 8, 2012, plaintiffs brought this action in the California Superior Court, County of Alameda, on behalf of themselves and a proposed class of all California residents who called InterContinental's central reservation call centers using a cellular or cordless telephone, and whose calls were recorded and/or monitored.  Not. Removal, Ex.

A (complaint) ¶ 22.  Plaintiffs filed a first amended complaint on July 20, 2012, adding Six Continents Hotels, Inc. as a defendant.  *Id.*, Ex. B.

On September 14, 2012, InterContinental removed the action to federal court.  Not. Removal at 1.  All parties have consented to the jurisdiction of a magistrate judge under 28 U.S.C. § 636(c).  Dkt. Nos. 7, 8.

**D.  Defendants' Motion to Dismiss**

InterContinental now moves to dismiss plaintiffs' complaint on the grounds that (1) plaintiffs' § 632.7 claim is preempted by the federal Omnibus Crime Control and Safe Streets Act of 1968 (Omnibus Act), 18 U.S.C. § 2510, *et seq.*, or by the federal Communications Act of 1934 (Communications Act), 47 U.S.C. 151, *et seq.*; and (2) plaintiffs fail to allege facts necessary to support their § 632.7 claim because a violation of that statute requires the interception and recording of telephone conversations, not just the recording of a telephone call.  Defs.' Mot. Dismiss at 11.  In the alternative, InterContinental moves to dismiss the complaint to the extent that plaintiffs seek statutory damages in excess of $5,000, asserting that § 637.2 damages awards are limited to $5,000 per action.  *Id.*

Plaintiffs oppose the motion, arguing that (1) § 632.7 is not preempted by federal law; (2) § 632.7 prohibits the receiving and intentional recording of telephone communications, in addition to the interception and recording thereof.  Pls.' Opp'n Mot. Dismiss at 8-9, Dkt. No. 11.  Plaintiffs further assert that Penal Code § 637.2 applies on a "per violation" basis.  *Id.*

## II.  STANDARD OF REVIEW

To survive a motion to dismiss under Federal Rule of Civil Procedure Rule 12(b)(6), a plaintiff must plead his claim with sufficient specificity to "give the defendant fair notice of what the claim is and the grounds upon which it rests."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 545, 555 (2007).  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."  *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (internal quotations and

Case No. 12-cv-04818 NC
ORDER DENYING MOTION
TO DISMISS                                                3

citation omitted). A court is not required to accept as true conclusory allegations, unreasonable inferences, or unwarranted deductions of fact. *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949. A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp.*, 550 U.S. 555. If a complaint lacks facial plausibility, a court must grant leave to amend unless it is clear that the complaint's deficiencies cannot be cured by amendment. *Gompper v. VISX, Inc.*, 298 F.3d 893, 898 (9th Cir. 2002).

### III. DISCUSSION

**A. Federal Preemption**

InterContinental asserts that plaintiffs' claims should be dismissed on the basis of preemption. Federal law may preempt state law in three ways: express preemption, field preemption, and conflict preemption. *Bank of Am. v. City & County of S.F.*, 309 F.3d 551, 558 (9th Cir. 2002). "First, Congress may preempt state law by so stating in express terms. Second, preemption may be inferred when federal regulation in a particular field is 'so pervasive as to make reasonable the inference that Congress left no room for the States to supplement it.' . . . Third, preemption may be implied when state law actually conflicts with federal law." *Bank of Am. v. City & County of S.F.*, 309 F.3d 551, 558 (9th Cir. 2002) (internal citations omitted).

InterContinental raises no argument as to express preemption, instead asserting that § 632.7 is preempted by the Communications Act, as it occupies the entire field of interstate communication, or, in the alternative, by the Omnibus Act through conflict preemption. The Court addresses these arguments in turn.

//

### 1. The Communications Act Does Not Occupy the Entire Field Such That It Preempts § 632.7

InterContinental first asserts that the Communications Act preempts § 632.7 because it occupies the entire field of interstate communication, leaving no room for states to regulate the area of recording of telephone calls. Defs.' Mot. Dismiss at 27-28; Defs.' Reply at 18, Dkt. No. 19. The Court disagrees.

Field preemption exists "where the scheme of federal regulation is sufficiently comprehensive to make reasonable the inference that Congress left no room for supplementary state regulation." *Gade v. Nat'l Solid Wastes Mgmt. Ass'n*, 505 U.S. 88, 98 (1992) ("Our ultimate task in any pre-emption case is to determine whether state regulation is consistent with the structure and purpose of the statute as a whole."). "'[F]ederal regulation of a field of commerce should not be deemed preemptive of state regulatory power in the absence of persuasive reasons - either that the nature of the regulated subject matter permits no other conclusion, or that the Congress has unmistakably so ordained.'" *R.J. Reynolds Tobacco Co. v. Durham Cnty.*, 479 U.S. 130, 141 (1986) (internal citations omitted).

The Communications Act grants authority to the FCC to regulate interstate telephone communications, while reserving for the states regulation of intrastate telecommunications. 47 U.S.C. § 151, *et al.*; *see also Louisiana Public Service Commission v. FCC*, 476 U.S. 355, 359 (1986). Contrary to InterContinental's assertion that the FCC's "authority to regulate interstate telephone communications" means that state statutes attempting to apply to interstate calls are preempted, the FCC has concluded that its authority does not preempt all state telephone privacy laws. *See, e.g., In the Matter of Petition for Declaratory Ruling & Expedited Relief Filed by Aeronautical Radio, Inc. & the Air Transp. Ass'n of Am.*, 102 F.C.C. 2d 1, 6 (1985) (holding that while "Congress has given [the FCC] broad and plenary authority over interstate communication by wire and radio . . . Congress has specifically indicated that the states, if they wish, may enact local laws to protect the privacy of telephone conversations, so long as the minimum standards reflected in federal statutes are met."); *see also California*

*v. FCC*, 75 F.3d 1350, 1359 (9th Cir. 1996) (finding that to preempt a state regulation, the "FCC must demonstrate that the state regulation would negate valid FCC regulatory goals."). The Supreme Court has not decided, as InterContinental contends, that the field of interstate telecommunications is "occupied by federal law to the exclusion of state action." Defs.' Reply at 18 (citing *Mims v. Arrow Fin. Serv. LLC*, 132 S. Ct. 740, 745 (2012)). In *Mims*, the question presented was whether Congress' provision for private actions to enforce the Telephone Consumer Protection Act (TCPA) renders state courts the exclusive arbiters of such actions. *Id.* There, the Court held that "federal and state courts have concurrent jurisdiction over private suits arising under the TCPA [Telephone Consumer Protection Act]." *Id.*

In sum, "[t]he mere fact that a federal scheme is comprehensive is insufficient for a finding of field preemption, which 'arises only in extraordinary situations.'" *Valentine v. Nebuad, Inc.*, 804 F. Supp. 2d 1022, 1029 (N.D. Cal. 2011) (citing *Wayne v. DHL Worldwise Express*, 294 F.3d 1179, 1184 (9th Cir. 2002)). The Court finds that the Communications Act does not occupy the entire field of interstate communication such that federal preemption is warranted.

### 2. The Omnibus Act Does Not Conflict With § 632.7 Such That It Preempts the State Statute

Penal Code § 632.7 prohibits the intentional interception and recording of telephone communications without consent from *all parties* to a communication. Cal. Penal Code § 632.7(a) (emphasis added). The Omnibus Act permits interception of a communication where *one* of the parties has given prior consent. 18 U.S.C. § 2511 (emphasis added). InterContinental contends that these two provisions are therefore in conflict.

Courts may infer preemption if there is an actual conflict between federal and state law, which is found where "compliance with both federal and state regulations is a physical impossibility, or where state law stands as an obstacle to the accomplishment and execution of the full purposes and objectives of Congress." *Id.*

Case No. 12-cv-04818 NC
ORDER DENYING MOTION
TO DISMISS                                            6

InterContinental's contention that § 632.7's all-party consent requirement conflicts with the Omnibus Act has been considered and rejected. *See Roberts v. Americable Int'l*, 883 F. Supp. 499, 503 n.6 (E.D. Cal. 1995) ("Of course, federal law will not control in state court in the face of a state statute governing the tape recording of private conversations when that state law is stricter than the federal law.") (citing *People v. Conklin*, 12 Cal. 3d 259, 270-73 (1974)).

In *Conklin*, the California Supreme Court held that the provisions of Title III of the Omnibus Act relating to the wiretapping or recording of telephone conversation do not preempt the application of California Penal Code § 631, the more stringent provision of California's Invasion of Privacy Act requiring that all parties must consent rather than just one. 12 Cal. 3d at 270-73. Reviewing the legislative history of the Omnibus Act, the court found that the state law does not impair federal objectives as the federal and state statutes at issue had a common purpose, to guarantee privacy in communication. *Id.* at 270. The fact that the California law requires all-party consent rather than single-party consent "does not inevitably lead to a conflict with federal law" because "Congress intended that the states be allowed to enact more restrictive laws designed to protect the right of privacy." *Id.* at 270, 272; *see also Kearney v. Saloman Smith Barney, Inc.*, 39 Cal. 4th 95, 106 (2006) (holding that federal law does not preempt the application of § 632.7 where employees of an out-of-state company conducting extensive business in California repeatedly recorded telephone conversations with California customers without the customers' consent).[1] Here, the Court finds no basis to conclude that the Omnibus Act preempts § 632.7 by conflict.

//

---

[1] District courts in California have also considered and rejected the preemption argument. *See, e.g., Valentine*, 804 F. Supp. 2d at 1029 (finding no conflict preemption of California's privacy laws); *Whitaker v. Garcetti*, 291 F. Supp. 2d 1132, 1142 (C.D. Cal. 2003) ("California's statute imposes more restrictive rules than its federal equivalent, and is, therefore, not preempted.").

**B. Plaintiffs Sufficiently Allege a Claim for Relief Under § 632.7 Because the Statute Prohibits the Receiving and Recording of Telephone Communications**

InterContinental next asserts that plaintiffs fail to allege facts necessary to support their § 632.7 claim. Defs.' Mot. Dismiss at 14. Section 632.7 provides that "[e]very person, without the consent of all parties to a communication, *intercepts or receives* and intentionally records . . . a communication transmitted between two cellular radio telephones . . . shall be punished by a fine[.]" Cal. Pen. Code § 632.7(a). InterContinental argues that the meaning of the phrase "intercepts or receives and intentionally records" in § 632.7(a) is "ambiguous," and therefore, the court should resolve the ambiguity narrowly in favor of InterContinental. Defs.' Mot. Dismiss at 15-16. Specifically, InterContinental urges the Court to hold that § 632.7 is inapplicable because it only applies to the *interception* of cellular or wireless signals "while they are traveling over the airwaves" and does not preclude a party to a conversation from recording such communications. *Id.* The Court is not persuaded by InterContinental's argument.

To determine the proper statutory interpretation of § 632.7, the Court turns to principles of statutory construction. When interpreting a statute, courts look first to the words of the statute and assign them their usual and ordinary meanings. *Miranda v. Anchondo*, 684 F.3d 844, 849 (9th Cir. 2012). When the statutory language is unambiguous, courts presume the legislature meant what it said, and therefore resorting to legislative history as an interpretive device is inappropriate. *Id.*

Reading the words of the statute and assigning them their usual and ordinarily meanings, § 632.7(a) provides that "[e]very person who . . . *intercepts* or *receives* and intentionally records . . . a communication . . . shall be punished by a fine." Cal. Pen. Code § 632.7(a). The "or" between *intercepts* and *receives* is disjunctive, not conjunctive. Interception by a non-participant, therefore, is not required by the statute, and as such, the statute appears to also prohibit the receiving and intentional recording of a communication. *See Kearney*, 39 Cal. 4th at 124-26 (applying § 632 to an out-of-state business that was recording calls with California customers without their consent).

Case No. 12-cv-04818 NC
ORDER DENYING MOTION
TO DISMISS                               8

1   Finally, InterContinental urges the Court to apply the rule of lenity to construe the
2   statute narrowly in favor of InterContinental. Defs.' Mot. Dismiss at 17-18. "The rule of
3   lenity requires ambiguous criminal laws to be interpreted in favor of the defendants
4   subjected to them." *United States v. Nader*, 542 F.3d 713, 721 (9th Cir. 2008). But the
5   rule of lenity only applies where "there is a grievous ambiguity or uncertainty in the
6   language and structure of the [statute], such that even after a court has seize[d] every
7   thing from which aid can be derived, it is still left with an ambiguous statute." *United*
8   *States v. Carona*, 660 F.3d 360, 369 (9th Cir. 2011), *cert. denied* (internal citation
9   omitted). Here, InterContinental has at most shown that a narrower interpretation of §
10  632.7 is conceivable, but that alone is insufficient to establish ambiguity. *See Smith v.*
11  *United States*, 508 U.S. 223, 239 (1993) ("The mere possibility of articulating a narrower
12  construction . . . does not by itself make the rule of lenity applicable.").
13  As the statute appears to prohibit InterContinental's practice of recording
14  plaintiffs' telephone calls without consent, plaintiffs have pleaded their claim with
15  sufficient specificity to survive a motion to dismiss.

16  **C. Plaintiffs Seek Proper Damages Under Penal Code § 637.2**

17  InterContinental additionally moves to dismiss plaintiffs' complaint to the extent
18  that plaintiffs seek statutory damages in excess of $5,000. Defs.' Mot Dismiss at 18.
19  InterContinental argues that (1) absent allegations of actual damages, plaintiffs are barred
20  from seeking more than $5,000 in statutory damages; and (2) the $5,000 statutory damage
21  award is "per action," not "per violation." Defs.' Mot. Dismiss at 19.

22  **1. Plaintiffs Need Not Allege Actual Damages**

23  Section 637.2 provides that "[a]ny person who has been injured by a violation of
24  this chapter may bring an action against the person who committed the violation for the
25  greater of . . . $5,000 [*or*] [t]hree times the amount of the actual damages[.]" Cal. Pen.
26  Code § 637.2(a) (emphasis added). A plain reading of § 637.2(a) reveals that plaintiffs
27  can seek statutory damages in the amount greater of $5,000 *or* three times the amount of
28  the actual damages. If there is any doubt, the statute further provides in subsection (c)

Case No. 12-cv-04818 NC
ORDER DENYING MOTION
TO DISMISS                                9

that "[i]t is not a necessary prerequisite to an action pursuant to this section that the plaintiff has suffered, or be threatened with, actual damages."  Cal. Pen. Code § 637.2(c). Thus, plaintiffs need not allege actual damages to recover statutory damages under § 637.2.  *Coulter v. Bank of Am.*, 28 Cal. App. 4th 923, 928 (1994).

### 2.  Section 637.2 Provides Statutory Damages on a Per Violation Basis

InterContinenal's assertion that § 637.2 provides for $5,000 in statutory damages on a "per action," as opposed to "per violation," basis is also unpersuasive.

Section 637.2 provides "(a) Any person who has been injured by a violation of this chapter may bring an action against the person who committed the violation for the greater of the following amounts: (1) Five thousand dollars ($5,000) (2) Three times the amount of actual damages, if any, sustained by the plaintiff."  Cal. Pen. Code § 637.2. California courts have consistently held that an actionable violation of § 632.7 occurs at the moment a recording is made. *Lieberman v. KCOP Television, Inc.*, 110 Cal. App. 4th 156, 167 (2003).  Therefore, when more than one recording is made, statutory damages are available for each occurrence. *See id.*; *see also Flanagan v. Flanagan*, 27 Cal. 4th 766, 771-72 (2002) (rejecting the theory that § 637.2 provided for a single $5,000 award per plaintiff irrespective of the number of recorded conversations and instead finding that plaintiff was entitled to statutory damages of $5,000 for each of the violations). Accordingly, statutory damages are available on a "per violation," as opposed to a "per action," basis.

Because plaintiffs do not have to show actual damages and may recover statutory damages on a "per violation" basis, plaintiffs' statutory damages are not limited to $5,000.

//

**D. InterContinental's Constitutional Challenge to Plaintiffs' Damages Is Premature**

Finally, InterContinental makes the alternative argument that construing § 637.2 to require the imposition of a $5,000 penalty for each violation would violate InterContinental's constitutional right to due process. Defs.' Mot. Dismiss at 24. InterContinental asserts that such an imposition would impose huge liability on companies out of proportion to any harm that may have been suffered by the putative class members. *Id.* This argument, as plaintiffs point out, is premature at this stage as no class has yet been certified, and as such, InterContinental has not been subjected to any alleged unconstitutional application of California's Privacy Act. Without additional information, an evaluation of InterContinental's potential liability would be "unduly speculative." *See Bateman v. Am. Multi-Cinema, Inc.*, 623 F.3d 708, 723 (9th Cir. 2010) (holding that it was improper to assess whether the aggregate damage award would be unconstitutionally excessive when the amount of damages sought is unknown and when the class has not been certified). Accordingly, InterContinental's constitutional challenge to plaintiffs' damages claim is DENIED without prejudice as premature.

## IV. CONCLUSION

Because plaintiffs properly allege a claim for relief under § 632.7, and because California Penal Code § 632.7 is not preempted by federal law, the Court DENIES InterContinental's motion to dismiss. In addition, the Court finds that statutory damages are not limited to $5,000 per action. Finally, the Court DENIES InterContinental's constitutional challege to plaintiffs' damages claim as premature. InterContinental must file an answer to the first amended complaint within 21 days of the date of this order.

IT IS SO ORDERED.

DATED: December 18, 2012

NATHANAEL M. COUSINS
United States Magistrate Judge