1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| LAURA MCCABE and LATROYA SIMPSON, individually and on behalf of a class of similarly situated individuals,<br><br>Plaintiffs,<br><br>v.<br><br>SIX CONTINENTS HOTELS, INC.,<br><br>Defendant. | Case No. 12-cv-04818 NC<br><br>**ORDER DENYING SIX CONTINENTS' MOTION TO DISMISS**<br><br>Re: Dkt. No. 56 |

In this putative class action for violation of California Penal Code § 632.7, defendant Six Continents moves to dismiss plaintiffs' second amended complaint on the ground that plaintiffs fail to allege all of the elements required to state a claim for relief under that statute. Because (1) plaintiffs are not required to allege the type of device Six Continents used to receive its calls, and (2) plaintiffs have sufficiently alleged the intent necessary to state a claim under § 632.7, the motion is DENIED.

## I. BACKGROUND

**A.   Plaintiffs' Allegations**

This class action arises out of Six Continents' alleged policy and practice of recording calls made to hotel reservation hotlines without the consent of the callers in violation of

1   California's Invasion of Privacy Act, Penal Code § 632.7.  Dkt. No. 54 ¶¶ 1, 5.  Plaintiffs

2   allege that their calls were routed to Six Continents' call centers when they called the toll-

3   free reservation number associated with hotel brands owned by Six Continents.  *Id*. ¶ 11.

4   Plaintiffs allege that they each called at least one of Six Continents' call centers from a

5   cellular phone in California.  *Id*. ¶¶ 14-16, 18.  Plaintiffs claim that Six Continents

6   intentionally used hardware and/or software "to carry out the practice and policy of

7   recording and/or intercepting" calls routed to Six Continents' call centers.  *Id.* ¶ 13.

8   Plaintiffs further allege that before July 18, 2012, callers to five of Six Continents' English-

9   speaking call centers received no warning that calls were being recorded and/or monitored.

10  *Id.* at ¶ 1.  Plaintiffs allege that they did not and could not consent to the recordings because

11  they were unaware that they were being recorded.  *Id*. ¶ 16.  Plaintiffs seek an award of

12  statutory damages of $5,000 per violation under Penal Code § 637.2.  *Id*. ¶ 36.

13  **B.   Procedural History**

14         On July 8, 2012, plaintiffs filed a putative class action in the Superior Court of

15  Alameda County against InterContinental Hotels Group Resources, Inc. and

16  InterContinental Hotels of San Francisco, Inc.  Dkt. No. 1 at 9.  On July 19, 2012, plaintiffs

17  filed their first amended complaint, adding Six Continents Hotels as a defendant.  *Id.* at 22.

18         Defendants removed the case to this Court pursuant to 28 U.S.C. § 1332(d) on July 8,

19  2012.  *Id.* at 2.  On October 11, 2012, defendants moved to dismiss plaintiffs' first amended

20  complaint on the grounds that (1) plaintiffs failed to allege facts necessary to support their

21  claim because a violation of the statute requires the interception of a phone conversation,

22  not just the recording of a phone call; (2) statutory damages were limited to $5,000 per

23  action; and that (3) federal law preempted § 632.7.  Dkt. No. 5 at 2, 17-18.  This Court

24  denied defendants' motion on December 18, 2012.  Dkt. No. 24.

25         On May 20, 2013, the Court granted the parties' stipulation dismissing defendants

26  InterContinental Hotels Group Resources, Inc. and InterContinental Hotels of San

27  Francisco.  Dkt. Nos. 37, 38.  On July 10, 2013, plaintiffs filed a motion to amend their

28  complaint to encompass Six Continents' other hotel brands whose reservation calls are

1  routed to the same call centers, which this Court granted.  Dkt. Nos. 41, 52.  On October 11,
2  2013, plaintiffs filed their second amended complaint.  Dkt. No. 54.  Six Continents then
3  filed this motion to dismiss.  Dkt. No. 56.

4      The Court has jurisdiction over this case under the Class Action Fairness Act, which
5  gives district courts original jurisdiction over class actions in which (1) there are at least 100
6  putative class members; (2) the aggregate amount in controversy exceeds the sum or value
7  of five million dollars exclusive of interest and costs; and (3) any putative class member's
8  citizenship is different from any defendant's.  28 U.S.C. § 1332(d).  The minimal diversity
9  requirement is satisfied because Six Continents is incorporated under the laws of the State
10  of Delaware, with its principal place of business in Atlanta, Georgia, and plaintiffs McCabe
11  and Simpson are citizens of California.  Dkt. No. 1 at 4.  Further, both the minimum class
12  size and the amount in controversy requirements are satisfied as plaintiffs seek $5,000 in
13  statutory damages per alleged violation during a period in which approximately seven
14  thousand calls made from California were recorded.  *Id.* at 4-6.

15      All parties have consented to the jurisdiction of a United States magistrate judge
16  under 28 U.S.C. § 636(c).  Dkt. Nos. 7, 8.

17                          **II. STANDARD OF REVIEW**

18      The purpose of a motion to dismiss under Rule 12(b)(6) is to test the "legal
19  sufficiency of the complaint."  *N. Star. Int'l v. Ariz. Corp. Comm'n*, 720 F.2d 578, 581 (9th
20  Cir. 1983).  To survive a motion to dismiss, a complaint must contain sufficient factual
21  matter, construed in the light most favorable to the non-moving party, to state a claim for
22  relief that is plausible on its face.  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007);
23  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  A claim is facially plausible when the
24  "pleaded factual content allows the court to draw a reasonable inference that the defendant
25  is liable for the misconduct alleged."  *Iqbal*, 556 U.S. at 664 (citing *Twombly*, 550 U.S. at
26  555).  If a court grants a motion to dismiss, leave to amend should be granted unless the
27  pleading could not possibly be cured by the allegation of other facts.  *Lopez v. Smith*, 203
28  F.3d 1122, 1127 (9th Cir. 2000).

### III. DISCUSSION

**A.    Parties' Requests for Judicial Notice**

The Court first addresses the parties' requests for judicial notice filed in connection with the motion to dismiss.  Generally, a court may not look to matters beyond the complaint without converting a motion to dismiss into one for summary judgment.  *Datel Holdings Ltd. v. Microsoft Corp.*, 712 F. Supp. 2d 974, 983 (N.D. Cal. 2010) (citations omitted).  However, a court may take judicial notice of material that is submitted as part of the complaint, or is necessarily relied upon by the complaint, as well as matters of public record.  *Lee v. City of L.A.*, 250 F.3d 668, 688-89 (9th Cir. 2001).  Under Federal Rule of Evidence 201(b), "a judicially noticed fact must be one not subject to reasonable dispute that is either: (1) generally known within the territorial jurisdiction of the trial court; or (2) capable of accurate determination by resort to sources whose accuracy cannot reasonably be questioned."  *Datel Holdings*, 712 F. Supp. 2d at 983.

Six Continents seeks judicial notice of (1) "the fact that telephone calls may be answered by using a computer on Voice-Over Internet Protocol," and (2) the decision of the Central District of California in *Vartanian v. VW Credit, Inc.*, No. 11-cv-10776 (C.D. Cal. Feb. 22, 2012).  Dkt. No. 56-1 at 5-9.

Plaintiffs ask the Court to take judicial notice of four documents: (1) "a publicly available, research document entitled 'Pew Internet: Mobile'"; (2) "a publicly available research document entitled 'Wireless Quick Facts'" authored by the CTIA (The Wireless Association); (3) "a publicly available government research document entitled 'Wireless Substitution: Semiannual Estimates from the NHIS ER Program'"; and (4) "a publicly available government research document entitled 'Wireless Substitution: Early Release of Estimates from the National Health Interview Survey.'"  Dkt. No. 63.

This Court GRANTS in part Six Continents' request, and takes judicial notice of the existence of the *Vartanian* opinion.  *See Lee*, 250 F.3d at 690 (while a court may take judicial notice of another court's opinion, "it may do so not for the truth of the facts recited therein, but for the existence of the opinion, which is not subject to reasonable dispute over

1  its authenticity.") (internal quotation marks and citation omitted).  As none of the remaining

2  materials in either plaintiffs' or Six Continents' request for judicial notice are necessary for

3  the Court's determination of the issues, plaintiffs' request is DENIED and Six Continents'

4  request is DENIED in part.

5  **B.    Plaintiffs Allege Sufficient Facts to State a § 632.7 Claim.**

6         Six Continents contends that the complaint does not state a claim for relief under

7  § 632.7 because plaintiffs have failed to allege (1) the type of device Six Continents used to

8  receive the calls, and (2) facts showing that Six Continents knew that plaintiffs were calling

9  from their cellular phones when it recorded the communications.  The Court finds that

10  neither of these arguments has merit.

11         The California Legislature enacted the California Invasion of Privacy Act to "protect

12  the right of privacy of the people" of California from "the invasion of privacy resulting

13  from the continual and increasing use" of technology capable of accessing confidential

14  communications.  Cal. Penal Code § 630.  Within the Act, Penal Code § 632.7 creates

15  liability for every person who:

16         [W]ithout the consent of all parties to a communication, intercepts or receives
       and intentionally records . . . a communication transmitted between two
17       cellular radio telephones, a cellular radio telephone and a landline telephone,
       two cordless telephones, a cordless telephone and a landline telephone, or a
18       cordless telephone and a cellular radio telephone.

19

20  To enforce this provision, the Legislature provided a cause of action for victims of

21  violations.  *See* Cal. Penal Code § 637.2.

22         In determining the requisite elements to state a claim for relief under § 632.7, this

23  Court is bound by the decisions of the Supreme Court of California in interpreting this state

24  law.  *See generally Vernon v. City of L.A.*, 27 F.3d 1385, 1391 (9th Cir. 1994).  When the

25  California Supreme Court has not spoken on a particular issue, this Court must decide what

26  result the Supreme Court would reach based on available court opinions, statutes, and

27  treatises.  *Id.*

28  //

Case No. 12-cv-04818 NC
ORDER DENYING MOTION TO                    5
DISMISS

1    **1.    Plaintiffs Are Not Required to Allege the Type of Device Six Continents**
2         **Used to Receive Their Calls.**

3         Six Continents contends that § 632.7 "can only apply to a communication with a
4    cellular or cordless phone on one end and a cellular, cordless or landline telephone on the
5    other." Dkt. No. 56 at 6. As such, Six Continents argues that plaintiffs' claim is
6    insufficient because they fail to allege that Six Continents received their calls with a device
7    that falls within the protection of the statute. *Id*. Six Continents further asserts that this is
8    significant because it could have answered plaintiffs' calls with VoIP technology, which is
9    not expressly listed in the statute as a protected telephonic device. *Id*. However, Six
10   Continents has not cited any cases in support of this proposition, nor has this Court found
11   any cases in which plaintiffs were required to allege the type of phone defendant used when
12   receiving a communication as an element of a § 632.7 claim.

13        Instead, courts applying § 632.7 have characterized the statute as prohibiting "the
14   intentional recording of any communication without the consent of all parties where one of
15   the parties is using a cellular or cordless telephone." *Zephyr v. Saxon Mortg. Services, Inc.*,
16   873 F. Supp. 2d 1223, 1225 (E.D. Cal. 2012); *accord Roberts v. Wyndham Intern., Inc.*, No.
17   12-cv-5180 PSG, 2012 WL 6001459, at *4 (N.D. Cal. Nov. 30, 2012) (determining that
18   "Plaintiffs have alleged a communication involving at least one cellular phone, which
19   satisfies the California Supreme Court's interpretation of Section 632.7."); *Kuschner v.*
20   *Nationwide Credit, Inc.*, 256 F.R.D. 684, 688 (E.D. Cal. 2009) (stating § 632.7 "makes
21   unlawful the intentional, non-consensual recording of a telephone communication, where at
22   least one of the phones is a cordless or cellular telephone.").

23        This interpretation comports with the California Supreme Court's discussion of
24   § 632.7 in *Flanagan v. Flanagan*, in which the Supreme Court stated that § 632.7 prohibited
25   the "intentional interception or recording of a communication involving *a* cellular phone or
26   *a* cordless phone." 27 Cal. 4th 766, 776 (2002) (emphasis added). While the California
27   Supreme Court's analysis of § 632.7 was not central to its holding in *Flanagan*¸ the
28   Supreme Court's discussion is instructive of its interpretation of the statute, and

Case No. 12-cv-04818 NC
ORDER DENYING MOTION TO                    6
DISMISS

1    accordingly, guides this Court's analysis.

2        Applying this construction of the statute, the court in *Roberts* rejected the same

3    argument Six Continents makes here.  2012 WL 6001459, at *4.  In *Roberts*, defendants

4    similarly claimed that their client "hypothetically could have used [] 'VoIP' technology,

5    which may not qualify under Section 632.7."  *Id.*  Denying the motion, the court stated that

6    plaintiffs had alleged a communication involving at least one cellular phone, which was

7    sufficient to state a claim under *Flanagan*'s interpretation of § 632.7.  *Id.*

8        Although the Court need not go beyond the plain language of § 632.7, the legislative

9    history also does not support Six Continents' narrow interpretation of the statute.  As the

10   California Supreme Court observed in *Flanagan*, the California Invasion of Privacy Act

11   "protects against intentional, nonconsensual recording of telephone conversations regardless

12   of the conversation or the type of telephone involved."  27 Cal. 4th at 776.  Additionally,

13   according to a Bill Analysis of A.B. 1554, which added § 632.7 to the Invasion of Privacy

14   Act, § 632.7 "makes the interception and intentional recording of a communication

15   transmitted between two telephones, *one or both of which is a cellular, cordless or landline*

16   telephone, without the consent of all parties to that communication, punishable as an

17   alternate felony/misdemeanor."  Cal. B. Analysis, A.B. 1554, S. Comm. on Judiciary, July

18   13, 1993 (emphasis added).  This is the same analysis that was given during the third

19   reading in front of the California State Senate while voting on A.B. 1554, which amended

20   § 632.7.  Cal. B. Analysis, A.B. 1554, S. Third Reading, Aug. 17, 1993.

21       Accordingly, plaintiffs here have stated a claim for relief under § 632.7 as they allege

22   that their calls from cellular phones were intentionally recorded by Six Continents without

23   consent.  *See, e.g.*, Dkt. No. 54 ¶¶ 13-16.

24       **2.    Plaintiffs Are Not Required to Allege That Six Continents Knew They
                 Were Calling on Their Cellular Phones.**
25

26       Six Continents contends that because § 632.7 "only applies to communications

27   between a cellular or cordless phone on one end, and a cellular, cordless or landline

28   telephone on the other[,] . . . the intent required to state a valid Section 632.7 claim is not

Case No. 12-cv-04818 NC
ORDER DENYING MOTION TO                    7
DISMISS

just the intent to record any conversation, [but] the intent to record a communication between" two of the phones specified in that section.  Dkt. No. 56 at 6-7.  According to Six Continents, plaintiffs have not stated a claim under § 632.7 because they have not alleged Six Continents "*knew* that they were calling on their *cellular* telephones and intentionally recorded the cellular call." *Id*. at 7.  Six Continents has not cited to any cases or any other legal authority that interprets § 632.7 as requiring a plaintiff to allege facts showing such specific knowledge or intent.  To support its contention, Six Continents makes two primary arguments.

First, Six Continents analogizes § 632.7's intent requirement to the intent requirement under California Penal Code § 632.  This analogy misses the mark.  Section 632 criminalizes the acts of "[e]very person who, intentionally and without the consent of all parties to a confidential communication, by means of any electronic amplifying or recording device, eavesdrops upon or records the confidential communication."  Cal. Penal Code § 632.  Unlike § 632.7, the plain language of § 632 requires the intent to eavesdrop upon or record a *confidential communication* without the consent of all parties.  *See People v. Super. Ct. of L.A.*, 70 Cal. 2d 123, 133 (1969) (granting defendant's motion to dismiss because plaintiff failed to allege that defendant had the intent to record a confidential communication required by § 632); *Vartanian v. VW Credit, Inc.*, No. 11-cv-10776 (C.D. Cal. Feb. 22, 2012), Dkt. No. 56-1 at 5-9 (granting defendant's motion to dismiss because plaintiff only pleaded that defendant had a policy of recording conversations, which was insufficient to allege that defendant intentionally recorded a confidential communication). By contrast, the California Supreme Court has observed that § 632.7 protects "against interception or recording of *any* communication," without requiring a specific intent to record a distinct type of communication.  *Flanagan*, 27 Cal. 4th at 776.  Six Continents' reliance on cases interpreting § 632 does not support its argument that plaintiffs were required to allege that Six Continents knew plaintiffs were calling from cellular phones to state a claim under § 632.7.

//

Case No. 12-cv-04818 NC
ORDER DENYING MOTION TO
DISMISS

8

Second, Six Continents argues that this Court should apply the rule of lenity when interpreting § 632.7 and adopt a narrow reading of the statute in favor of Six Continents, given the statute's criminal implications. Dkt. No. 56 at 8 n.3. However, this Court need not apply the rule of lenity in interpreting § 632.7 because Six Continents has not demonstrated that the provision is ambiguous. *United States v. Carona*, 660 F.3d 360, 369 (9th Cir. 2011) (stating that the rule of lenity only applies where "there is a grievous ambiguity or uncertainty in the language and structure of the [statute], such that even after a court has seize[d] every thing from which aid can be derived, it is still left with an ambiguous statute."); *Smith v. United States*, 508 U.S. 223, 239 (1993) ("The mere possibility of articulating a narrower construction . . . does not by itself make the rule of lenity applicable.").

Moreover, even if plaintiffs were required to allege that Six Continents knew they were calling from cellular phones to state a claim under § 632.7, the Court finds that the complaint is sufficient. The Court must construe a statute so as to effectuate the purpose of the law. *See Super. Ct. of L.A.*, 70 Cal. 2d at 132. The Legislature amended the Invasion of Privacy Act in response to its finding that the "advent of widespread use of cellular radio telephone technology means that persons will be conversing over a network which cannot guarantee privacy in the same way that it is guaranteed over landline systems." *Flanagan*, 27 Cal. 4th at 775-76. Therefore, the purpose of the Act was to "protect against intentional, nonconsensual recording of telephone conversations regardless of the content of the conversation or the type of telephone involved." *Id.* at 776.

Plaintiffs allege that they called Six Continents' call centers from their cellular phones in California, that they were never given a warning that the communication could be monitored or recorded, and hence, never given the opportunity to consent. Dkt. No. 54 ¶¶ 14-16, 18. Plaintiffs also allege that Six Continents had a policy and practice of recording calls at five of its English-speaking call centers without warning callers before July 18, 2012, and Six Continents intentionally recorded plaintiffs' calls according to that policy. *Id.* at ¶¶ 1, 13. Because plaintiffs allege that Six Continents recorded all calls to five out of

1  six of their English-speaking call centers pursuant to a policy, it could reasonably be

2  inferred that Six Continents knew and intended to record calls made from cellular phones

3  given the widespread use of cellular and cordless phones.  Furthermore, it would be

4  inconsistent with the purpose of the statute to impose on plaintiffs the requirement to allege

5  facts showing defendant's specific knowledge at the outset of the case, when those facts

6  would ordinarily not be available without the benefit of discovery.

7  Therefore, the Court holds that plaintiffs sufficiently allege that Six Continents

8  engaged in the intentional recording of a communication without consent in violation of

9  § 632.7.

## IV. CONCLUSION

11  Six Continents' motion to dismiss the second amended complaint is DENIED.

12  IT IS SO ORDERED.

13  Date:  February 3, 2014

_____
Nathanael M. Cousins
United States Magistrate Judge