1   PERRIE M. WEINER (SBN 134146)
    perrie.weiner@dlapiper.com
2   EDWARD D. TOTINO (SBN 169237)
    edward.totino@dlapiper.com
3   MONICA D. SCOTT (SBN 286109)
    monica.scott@dlapiper.com
4   **DLA PIPER LLP (US)**
    2000 Avenue of the Stars, Suite 400 North Tower
5   Los Angeles, CA  90067-4704
    Telephone:  310.595.3000
6   Facsimile:  310.595.3300

7   Attorneys for Defendant
    SIX CONTINENTS HOTELS, INC.

8

9               **UNITED STATES DISTRICT COURT**

10             **NORTHERN DISTRICT OF CALIFORNIA**

11

12  LAURA MCCABE and LATROYA              CASE NO.  C12-4818-NC
    SIMPSON, individually and and on behalf of
13  similarly situated individuals,          **DEFENDANT SIX CONTINENTS
                                             HOTELS, INC.'S EVIDENTIARY
14                     Plaintiffs,           OBJECTIONS TO DECLARATION OF
                                             RANDALL A. SNYDER**
15          v.
                                             Hearing:
16  SIX CONTINENTS HOTELS, INC.; and         Date:       September 24, 2014
    DOES 2 through 10, inclusive,            Time:       1:00 p.m.
17                                           Place:      Courtroom A – 15th Floor
                      Defendants.
18

19                                           Complaint Filed:   July 8, 2012
                                             FAC Filed:         July 19, 2012
20                                           SAC Filed:         Oct. 11, 2013
                                             Trial Date:        None
21

22

23

24

25

26

27

28

EAST\79398269.1

**SIX CONTINENTS' EVIDENTIARY OBJECTIONS
TO DECLARATION OF RANDALL A. SNYDER**

Defendant Six Continents Hotels, Inc. ("Six Continents") submits the following Evidentiary Objections to the Declaration of Randall A. Snyder filed by Plaintiffs in support of their Motion for Class Certification.

| MATERIAL OBJECTED TO BY DEFENDANT: | REASON FOR OBJECTION: |
|---|---|
| (Para. 7, Page 5, Lines 17-19)<br><br>"7.      Furthermore, it is my expert opinion that, for the cellular telephone numbers derived, it is possible to determine whether each calling party's calling location was within or outside California." | **A.  Lacks Qualifications.  Fed. R. Evid. 702.**<br>Mr. Snyder lacks the requisite qualifications to render the opinions proffered.  Mr. Snyder, although a self-admitted "professional expert witness," (Declaration of Monica D. Scott ("Scott Decl.,"), Ex. AA, Snyder Depo., 63:4-11), is not an expert in anything other than distinguishing landlines from cellular phones.  Mr. Snyder admitted during his deposition that his experience lies in Telephone Consumer Protection Act ("TCPA") cases, which do not depend on caller location, not call recording cases, (Scott Decl., Ex. AA, Snyder Depo., 56:19-57:4),  nor has Mr. Snyder actually ever opined or analyzed any of the factors relevant to ascertaining the class in ***this case***, specifically, determine an individual's location at the time of a call based on two- and three-year old telephone records.  (Scott Decl., Ex. AA, Snyder Depo., 26:1-4; 65:4-66:2).  *See Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 149 (1999) (stating than an expert must have "a reliable basis in the knowledge and experience of the |

| MATERIAL OBJECTED TO BY DEFENDANT: | REASON FOR OBJECTION: |
|---|---|
| | *relevant* discipline") (emphasis added); *Heisler v. Maxtor Corp.,* No. 5:06-cv-06634, 2011 WL 1496114, at *9 (N.D. Cal. Apr. 11, 2011) (finding that plaintiffs did not meet their burden of showing their expert was qualified under Rule 702 because the proffered expert did not have the requisite experience in, and knowledge of, the relevant field.) |
| | **B. Lack of Foundation. Speculation. Fed. R. Evid. 104; Fed. R. Evid. 602.** Mr. Snyder's opinion that "it is possible to determine whether each party's calling location was within or outside California" is pure speculation as Mr. Snyder has never attempted to or previously done any such type of analysis, (Scott Decl., Ex. AA, Snyder Depo., 26:1-4), and his opinions that this can be done here are solely based on an document of unknown origin and veracity from four years ago that Mr. Snyder has never taken the time to verify. (*Id.*, Snyder Depo., 74:4-76:7.)[1] |
| | **C. Irrelevant. Fed. R. Evid. 402.** Mr. Snyder's declaration and subsequent deposition testimony make clear that he has not actually attempted to |

---

[1]    Even if the Court is inclined to give any credence to Mr. Snyder's testimony based on this document, the document indicates that the majority of call detail records/cell tower information for the Class Period in this case (*i.e.*, March 2011 through July 2012) would no longer be available.  (Scott Decl., Ex. AA, Snyder Depo., 86: 6-18; 95:15-23.)

DLA Piper LLP (US)
Los Angeles

**SIX CONTINENTS' EVIDENTIARY OBJECTIONS
TO DECLARATION OF RANDALL A. SNYDER**

| MATERIAL OBJECTED TO BY DEFENDANT: | REASON FOR OBJECTION: |
|---|---|
| | perform any of the analysis he proposes, rendering any and all conclusions about what could possibly be done here irrelevant.  *See, e.g.*, Scott Decl., Ex. AA, Snyder Depo., 21:1-3; 26:1-4; 28:4-29:9; 33:5-17; 35:18-25. |
| (Para. 8, Page 5, Lines 20-22) <br> "8.      Based on my education, knowledge, experience, expertise and training, it is my expert opinion that the proposed members of the class in this case can be definitively and clearly ascertained based solely on their telephone numbers." | **A.  Lacks Qualifications.  Fed. R. Evid. 702.** <br> Mr. Snyder lacks the requisite qualifications to render the opinions proffered.  Mr. Snyder, although a self-admitted "professional expert witness," (Scott Decl., Ex. AA, Snyder Depo., 63:4-11), is not an expert in anything other than distinguishing landline telephone numbers from cellular telephone numbers.  Mr. Snyder admitted during his deposition that his experience lies in TCPA cases, not call recording cases, (Scott Decl., Ex. AA, Snyder Depo., 56:19-57:4), nor has Mr. Snyder actually ever opined or analyzed any of the factors relevant to ascertaining the class in ***this case***, specifically, (1) identifying individuals (*i.e.*, names/addresses) solely based on their phone number, (Scott Decl., Ex. AA, Snyder Depo., 14:1-18; 46:7-22 ; (2) determine an individual's residency based solely on their phone number, (Scott Decl., Ex. AA, Snyder Depo., 21:1-8), (3) determine an individual's location at the time of a call based on two- and three-year old telephone |

| MATERIAL OBJECTED TO BY DEFENDANT: | REASON FOR OBJECTION: |
|---|---|
| | records, (Scott Decl., Ex. AA, Snyder Depo., 26:1-4; 65:4-66:2); (4) determine whether a call was routed to call centers operated by Six Continents, (Scott Decl., Ex. AA, Snyder Depo., 28:4-29:9; 32:11-22); (5) determine whether a call was recorded "without notice," (Scott Decl., Ex. AA, Snyder Depo., 33:3-17; 47:9-48:6); and (6) determine whether an individual called Six Continents using a cordless phone, (Scott Decl., Ex. AA, Snyder Depo., 35:18-36:4; 95:24-96:4).  *See Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 149 (1999) (stating than an expert must have "a reliable basis in the knowledge and experience of the *relevant* discipline") (emphasis added); *Heisler v. Maxtor Corp.,* No. 5:06-cv-06634, 2011 WL 1496114, at *9 (N.D. Cal. Apr. 11, 2011) (finding that plaintiffs did not meet their burden of showing their expert was qualified under Rule 702 because the proffered expert did not have the requisite experience in, and knowledge of, the relevant field.) <br><br>**B.  Lack of Foundation.  Speculation.  Fed. R. Evid. 104; Fed. R. Evid. 602.**  Mr. Snyder's opinion "that the proposed members of the class in this case can be definitively and clearly ascertained based solely on their telephone numbers" lacks foundation and is complete speculation as |

| MATERIAL OBJECTED TO BY DEFENDANT: | REASON FOR OBJECTION: |
|---|---|
| | *Mr. Snyder admitted during his deposition that he had never even seen the proposed Class definition before jumping to this baseless conclusion.* (Scott Decl., Ex. AA, Snyder Depo., 6:9-18.)  This opinion further lacks foundation as Mr. Snyder has never attempted to or previously done any analysis to determine whether the proposed Class definition in this case is ascertainable. *See, e.g.*, Scott Decl., Ex. AA, Snyder Depo., 21:1-3; 26:1-4; 28:4-29:9; 33:5-17; 35:18-25. **C.  Improper Legal Conclusion.  Improper Opinion/Argument.  Fed. R. Evid. 702; Fed. R. Evid. 703.**  Mr. Snyder's opinion that the proposed Class in this case is "ascertainable" is an improper legal conclusion. *McPhail  v. First Command Fin. Planning, Inc.*, 247 F.R.D. 598, 604-05 (S.D. Cal. 2007) ("Where an expert report amounts to written advocacy akin to a supplemental brief, a motion to strike is appropriate because this evidence is not useful for class certification purposes") (citing *Fisher v. Ciba Specialty Chems. Corp.*, 238 F.R.D. 273, 281 (S.D. Ala. 2006)); *First Am. Corp. ERISA Litig.*, No. SACV 07-01357, 2009 WL 928294, at *1 (C.D. Cal. Apr. 2, 2009) (same). **D.  Irrelevant. Fed. R. Evid. 402.**  Mr. Snyder's declaration and subsequent deposition testimony |

| MATERIAL OBJECTED TO BY DEFENDANT: | REASON FOR OBJECTION: |
|---|---|
|  | make clear that he has not actually attempted to perform any of the analysis he proposes, rendering any and all conclusions about what could possibly be done here irrelevant. *See, e.g.*, Scott Decl., Ex. AA, Snyder Depo., 21:1-3; 26:1-4; 28:4-29:9; 33:5-17; 35:18-25. |
| (Para. 14, Page 8, Lines 11-15) "14.     There exist several commercially available third-party information service companies that collect and maintain telephone and subscriber data either on behalf of the wireless carriers or for various other commercial information purposes such as providing notice to class members in class actions.  These companies lease and maintain access to Neustar's number portability database." | **A.  Lack of Foundation.  Speculation.  Fed. R. Evid. 104; Fed. R. Evid. 602.**  Mr. Snyder admitted during his deposition that he has never used any "available third-party information service company" to obtain subscriber address information. (Scott Decl., Ex. AA, Snyder Depo., 107:10-109:15.)  Nor has Mr. Snyder confirmed whether any of these companies actually have such information.  (*Id.*) **B.  Irrelevant. Fed. R. Evid. 402.**  Mr. Snyder's declaration and subsequent deposition testimony make clear that he has not actually attempted to perform any of the analysis he proposes, rendering any and all conclusions about what could possibly be done here irrelevant. *See, e.g.*, Scott Decl., Ex. AA, Snyder Depo., 21:1-3; 26:1-4; 28:4-29:9; 33:5-17; 35:18-25. |
| (Para. 15, Page 8, Lines 17-21) "15.     I have a great deal of personal and technical experience with Neustar, as well | **A.  Lack of Foundation.  Speculation.  Fed. R. Evid. 104; Fed. R. Evid. 602.**  Mr. Snyder admitted during his deposition that he has never |

| MATERIAL OBJECTED TO BY DEFENDANT: | REASON FOR OBJECTION: |
|---|---|
| as third-party information service companies including A.B. Data, CompliancePoint (a subsidiary of PossibleNOW), and Contact Center Compliance.  All three are well-known organizations that maintain and provide telephone number database services." | used any "available third-party information service company" to obtain subscriber address information. (Scott Decl., Ex. AA, Snyder Depo., 107:10-109:15.)  Nor has Mr. Snyder confirmed whether any of these companies actually have such information.  (*Id*.)  **B.  Irrelevant. Fed. R. Evid. 402.**  Mr. Snyder's declaration and subsequent deposition testimony make clear that he has not actually attempted to perform any of the analysis he proposes, rendering any and all conclusions about what could possibly be done here irrelevant.  *See, e.g*., Scott Decl., Ex. AA, Snyder Depo., 21:1-3; 26:1-4; 28:4-29:9; 33:5-17; 35:18-25. |
| (Para. 16, Page 8 Line 21 - Page 9 Lines 1-11) "16.     A.B. Data, Ltd., CompliancePoint and Contact Center Compliance all maintain a complete database, updated daily, of all telephone numbers and related information used in North America.  The telephone number database is provided to them by Neustar and provides information about each and every telephone number in use in North America.  That information includes whether the telephone number is | **A.  Lack of Foundation.  Speculation.  Fed. R. Evid. 104; Fed. R. Evid. 602.**  Mr. Snyder admitted during his deposition that he has never used any "available third-party information service company" to obtain subscriber address information. (Scott Decl., Ex. AA, Snyder Depo., 107:10-109:15.)  Nor has Mr. Snyder confirmed whether any of these companies actually have such information.  (*Id*.)  **B.  Irrelevant. Fed. R. Evid. 402.**  Mr. Snyder's declaration and subsequent deposition testimony make clear that he has not actually attempted to |

DLA Piper LLP (US)
Los Angeles

| **MATERIAL OBJECTED TO BY DEFENDANT:** | **REASON FOR OBJECTION:** |
|---|---|
| being served by a wireline or cellular telecommunications carrier, the cellular carrier's name and the porting history of the telephone number. In fact, these companies can even reveal the status of a particular telephone number as of some given date in the past, regardless of whether the number ever was ported prior to or after that date. Cellular telephone numbers that never were ported are guaranteed always to have been cellular telephone numbers. Furthermore, the Neustar database is updated on a daily basis to ensure that both past and present telephone number data is always reliable and preserved. I have personally been involved in contracting with these organizations to provide telephone number data analysis in class action lawsuits." | perform any of the analysis he proposes, rendering any and all conclusions about what could possibly be done here irrelevant. *See, e.g.*, Scott Decl., Ex. AA, Snyder Depo., 21:1-3; 26:1-4; 28:4-29:9; 33:5-17; 35:18-25. |
| (Para. 18, Page 10 Lines 4-19) "18. All cellular telecommunications carriers record, maintain and store detailed information about all of their subscribers. That information includes call detail records ("CDRs"). CDRs | **A. Lack of Foundation. Speculation. Fed. R. Evid. 104; Fed. R. Evid. 602.** Mr. Snyder admitted during his deposition that he has never performed such an analysis on two- and three-year old telephone records, as would be the case for the Class period here nor has he ever himself obtained |

| MATERIAL OBJECTED TO BY DEFENDANT: | REASON FOR OBJECTION: |
|---|---|
| include detailed information regarding each individual subscriber's telephone calls, including each mobile-originating call to a telephone number from the cellular subscriber and each individual mobile-terminating call from a telephone number to the cellular subscriber.  Each line-item CDR represents an individual call and includes the telephone number of the calling party (i.e., the telephone number of the party originating the call), the telephone number of the called party (i.e., the telephone number of the party receiving the call), the date the call was made, the time the call was made, the length of the call, the switching system from where the call originated and the cell site serving the subscriber for the call. CDRs including this data, and potentially additional data if requested, can be obtained and produced by the wireless carriers via subpoena using only the cellular telephone number as the unique identifying piece of data that will serve as the information for a detailed call record search. | such information from cellular carriers.  (Scott Decl., Ex. AA, Snyder Depo., 26:1-4; 65:4-66:2). **B.  Irrelevant. Fed. R. Evid. 402.**  Mr. Snyder's declaration and subsequent deposition testimony make clear that he has not actually attempted to perform any of the obtaining of information or analysis he proposes, rendering any and all conclusions about what could possibly be done here irrelevant.  *See, e.g.*, Scott Decl., Ex. AA, Snyder Depo., 21:1-3; 26:1-4; 28:4-29:9; 33:5-17; 35:18-25. |

| MATERIAL OBJECTED TO BY DEFENDANT: | REASON FOR OBJECTION: |
|---|---|
| (Para. 19, Page 10 Line 18 - Page 11, Line 4) "19.     The switching system from which a mobile-originated call emanates and the connected cell site are at static building locations with geographic addresses.  The CDRs reveal identification codes for the actual geographic locations of these network elements and provide the geographic cellular area from where the call originated.  Thus, CDRs for particular cellular telephone numbers can provide information revealing whether the calling party was within the boundaries of California or not when the cellular call was placed.  In cases where the cell site information is no longer available, the identification code of the switching system is still available as it is an information element included in the standard CDRs.  Thus, even when the cell site information no longer is available, it still is possible to determine whether a call originated from within California." | **A.  Lack of Foundation.  Speculation.  Fed. R. Evid. 104; Fed. R. Evid. 602.**  Mr. Snyder admitted during his deposition that (1) he was "not sure" regarding the availability of cell site information once CDR information is gone; and (2) once CDR records are gone, switching records will also be gone.  (Scott Decl., Ex. AA, Snyder Depo., 70: 7-12; 73:25-74:3.)  Mr. Snyder further admitted that the majority of the information relevant to ascertaining the class would not be available.  (Scott Decl., Ex. AA, Snyder Depo., 95:15-23.) **B.  Irrelevant. Fed. R. Evid. 402.**  Mr. Snyder's declaration and subsequent deposition testimony make clear that he has not actually attempted to perform any of the analysis he proposes, rendering any and all conclusions about what could possibly be done here irrelevant. *See, e.g*., Scott Decl., Ex. AA, Snyder Depo., 21:1-3; 26:1-4; 28:4-29:9; 33:5-17; 35:18-25. |
| (Para. 20, Pages 11, Lines 5-16) "20.     Exhibit B contains the latest | **A.  Authenticity.  Fed. R. Evid. 901.** Exhibit B is a "leaked" document of unknown |

**SIX CONTINENTS' EVIDENTIARY OBJECTIONS
TO DECLARATION OF RANDALL A. SNYDER**

| MATERIAL OBJECTED TO BY DEFENDANT: | REASON FOR OBJECTION: |
|---|---|
| publicly available information regarding cellular data and information that can be obtained under subpoena from each of the primary cellular carriers and the corresponding data retention periods for each of those carriers.  Although this information is dated March, 2011, I have no reason to believe that this information it is not still reliable and accurate.  In addition, Exhibit C describes the cellular call detail information available from Sprint Corporation; Exhibit D describes the cellular call detail information available from AT&T Mobility; and Exhibit E describes the cellular call detail information available from Verizon Wireless.  Based on my experience and knowledge, I am confident that comparable data and information can be provided from all other cellular carriers." | origin.  Mr. Snyder has not and cannot authenticated Exhibit B.  (Scott Decl., Ex. AA, Snyder Depo., 74:8-76:7.) **B.  Lack of Foundation.  Speculation.  Fed. R. Evid. 104; Fed. R. Evid. 602.**  Mr. Snyder admitted during his deposition that Exhibit B is a "leaked" document of unknown origin.  (Scott Decl., Ex. AA, Snyder Depo., 74:8-76:7.) Mr. Snyder also admitted that he has not done any investigation into the veracity of the claims made in Exhibit B.  (*Id*.) **C.  Irrelevant. Fed. R. Evid. 402.**  Because Exhibit B is a document of unknown origin and its claims have not been investigated by Mr. Snyder or otherwise independently verified, it is also irrelevant. |
| (Para. 21, Page 11, Lines 18-19) "21.     The process to ascertain and identify proposed class members solely from their cellular telephone numbers is a straightforward and highly effective administrative process." | **A.  Lacks Qualifications.  Fed. R. Evid. 702.**  Mr. Snyder lacks the requisite qualifications to render the opinions proffered.  Mr. Snyder, although a self-admitted "professional expert witness," (Scott Decl., Ex. AA, Snyder Depo., 63:4-11), is not an expert in anything other than |

| MATERIAL OBJECTED TO BY DEFENDANT: | REASON FOR OBJECTION: |
|---|---|
| | distinguishing landlines from cellular phones. Mr. Snyder admitted during his deposition that his experience lies in TCPA cases, not call recording cases, (Scott Decl., Ex. AA, Snyder Depo., 56:19-57:4),  nor has Mr. Snyder actually ever opined or analyzed any of the factors relevant to ascertaining the class in ***this case***, specifically, (1) identifying individuals (*i.e.*, names/addresses) solely based on their phone number, (Scott Decl., Ex. AA, Snyder Depo., 14:1-18; 46:7-22; 108:15-109:17) ; (2) determine an individual's residency based solely on their phone number, (Scott Decl., Ex. AA, Snyder Depo., 21:1-8), (3) determine an individual's location at the time of a call based on two- and three-year old telephone records, (Scott Decl., Ex. AA, Snyder Depo., 26:1-4; 65:4-66:2); (4) determine whether a call was routed to call centers operated by Six Continents, (Scott Decl., Ex. AA, Snyder Depo., 28:4-29:9; 32: 11-22); (5) determine whether a call was recorded "without notice," (Scott Decl., Ex. AA, Snyder Depo., 33:3-17; 47:9-48:6); and (6) determine whether an individual called Six Continents using a cordless phone, (Scott Decl., Ex. AA, Snyder Depo., 35:18-36:4; 95:24-96:4).  *See Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 149 (1999) (stating than |

| MATERIAL OBJECTED TO BY DEFENDANT: | REASON FOR OBJECTION: |
|---|---|
| | an expert must have "a reliable basis in the knowledge and experience of the *relevant* discipline") (emphasis added); *Heisler v. Maxtor Corp.,* No. 5:06-cv-06634, 2011 WL 1496114, at *9 (N.D. Cal. Apr. 11, 2011) (finding that plaintiffs did not meet their burden of showing their expert was qualified under Rule 702 because the proffered expert did not have the requisite experience in, and knowledge of, the relevant field.) **B. Lack of Foundation.  Speculation.  Fed. R. Evid. 104; Fed. R. Evid. 602.**  Mr. Snyder's opinion that "[t]he process to ascertain and identify proposed class members solely from their cellular telephone numbers is a straightforward and highly effective administrative process" lacks foundation and is complete speculation as *Mr. Snyder admitted during his deposition that he had never even seen the proposed Class definition before jumping to this baseless conclusion.*  (Scott Decl., Ex. AA, Snyder Depo., 6:9-18.)  This opinion further lacks foundation as Mr. Snyder has never attempted to or previously done any analysis to determine whether the proposed Class definition in this case is ascertainable.  *See, e.g.*, Scott Decl., Ex. AA, Snyder Depo., 21:1-3; 26:1-4; 28:4-29:9; 33:5-17; 35:18-25. |

**SIX CONTINENTS' EVIDENTIARY OBJECTIONS
TO DECLARATION OF RANDALL A. SNYDER**

| MATERIAL OBJECTED TO BY DEFENDANT: | REASON FOR OBJECTION: |
|---|---|
| | **C. Irrelevant. Fed. R. Evid. 402.** Mr. Snyder's declaration and subsequent deposition testimony make clear that he has not actually attempted to perform any of the analysis he proposes, rendering any and all conclusions about what could possibly be done here irrelevant. *See, e.g.*, Scott Decl., Ex. AA, Snyder Depo., 21:1-3; 26:1-4; 28:4-29:9; 33:5-17; 35:18-25. <br><br> **D. Improper Legal Conclusion. Improper Opinion/Argument. Fed. R. Evid. 702; Fed. R. Evid. 703.** Mr. Snyder's opinion that the proposed Class in this case is "ascertainable" is an improper legal conclusion. *McPhail v. First Command Fin. Planning, Inc.*, 247 F.R.D. 598, 604-05 (S.D. Cal. 2007) ("Where an expert report amounts to written advocacy akin to a supplemental brief, a motion to strike is appropriate because this evidence is not useful for class certification purposes") (citing *Fisher v. Ciba Specialty Chems. Corp.*, 238 F.R.D. 273, 281 (S.D. Ala. 2006)); *First Am. Corp. ERISA Litig.*, No. SACV 07-01357, 2009 WL 928294, at *1 (C.D. Cal. Apr. 2, 2009) (same). |
| (Para. 22, Page 11 Line 20 - Page 12 Line 2) <br><br> "22.　Cellular carriers maintain bill copies, payment histories and subscriber | **A. Authenticity. Fed. R. Evid. 901.** Exhibit B is a "leaked" document of unknown origin.  Mr. Snyder has not and cannot authenticate Exhibit B.  (Scott Decl., Ex. AA, |

| MATERIAL OBJECTED TO BY DEFENDANT: | REASON FOR OBJECTION: |
|---|---|
| identifying information including the subscriber's name and address and the time period when the subscriber had a particular cellular telephone number in service (see Exhibit B).  The primary carriers maintain this data for at least three to five years.  All of this detailed and recorded information for each subscriber can be obtained via subpoena using only the cellular telephone number as the unique identifying piece of data required for a detailed subscriber search." | Snyder Depo., 74:8-76:7.) **B. Lack of Foundation.  Speculation.  Fed. R. Evid. 104; Fed. R. Evid. 602.**  Mr. Snyder admitted during his deposition that Exhibit B is a "leaked" document of unknown origin.  (Scott Decl., Ex. AA, Snyder Depo., 74:8-76:7.) Mr. Snyder also admitted that he has not done any investigation into the veracity of the claims made in Exhibit B.  (*Id.*)  Any opinions or assertions based upon Exhibit B lack foundation and are pure speculation on Mr. Snyder's part. **C.  Irrelevant. Fed. R. Evid. 402.**  Because Exhibit B is a document of unknown origin and its claims have not been investigated by Mr. Snyder or otherwise independently verified, any opinions or assertions based on Exhibit B are also irrelevant. |
| (Para. 23, Page 12, Lines 3-17) "23.    In cases where subscriber identifying information is no longer maintained by a particular cellular carrier, there are commercially available third-party information service companies that collect and maintain subscriber data either on behalf of the cellular carriers or for various other commercial services.  These companies maintain comprehensive and | **A.  Lack of Foundation.  Speculation.  Fed. R. Evid. 104; Fed. R. Evid. 602.**  Mr. Snyder admitted during his deposition that he has never used any "available third-party information service company" to obtain subscriber address information.  (Scott Decl., Ex. AA, Snyder Depo., 107:10-109:15.)  Nor has Mr. Snyder confirmed whether any of these companies actually have such information.  (*Id.*) **B.  Irrelevant. Fed. R. Evid. 402.**  Mr. Snyder's |

| MATERIAL OBJECTED TO BY DEFENDANT: | REASON FOR OBJECTION: |
|---|---|
| extensive databases that identify subscribers based solely on their cellular telephone numbers and maintain this data over several years.  These companies include the previously mentioned Neustar, A.B. Data, Ltd., CompliancePoint and Contact Center Compliance, all well-known organizations that maintain extensive demographic databases containing cellular telephone subscription information and associated identifying data.  These databases are updated on a daily basis to ensure that both past and present cellular subscriber data is always reliable and preserved.  I have been involved in contracting with these organizations to provide such cellular subscriber and identifying data in many class action lawsuits." | declaration and subsequent deposition testimony make clear that he has not actually attempted to perform any of the analysis he proposes, rendering any and all conclusions about what could possibly be done here irrelevant.  *See, e.g.*, Scott Decl., Ex. AA, Snyder Depo., 21:1-3; 26:1-4; 28:4-29:9; 33:5-17; 35:18-25. |
| (Para. 24, Page 12, Lines 16-22)<br>"24.      Each of the cellular carriers can be subpoenaed or one of the appropriate third-party information service companies can be contracted to produce subscriber identifying information for the date an alleged call violation occurred.  That | **A.  Lack of Foundation.  Speculation.  Fed. R. Evid. 104; Fed. R. Evid. 602.**  Mr. Snyder admitted during his deposition that he has never used any "available third-party information service company" to obtain subscriber address information. (Scott Decl., Ex. AA, Snyder Depo., 107:10-109:15.)  Nor has Mr. Snyder confirmed whether |

| MATERIAL OBJECTED TO BY DEFENDANT: | REASON FOR OBJECTION: |
|---|---|
| information can include name, address and other information, and be retrieved based solely on the provided cellular telephone number representing a particular subscriber." | any of these companies actually have such information.  (*Id.*)  Nor has he ever subpoenaed information from cellular carriers.  (Scott Decl., Ex. AA, Snyder Depo., 65:4-66:2.) **B.  Irrelevant. Fed. R. Evid. 402.**  Mr. Snyder's declaration and subsequent deposition testimony make clear that he has not actually attempted to perform any of the analysis he proposes, rendering any and all conclusions about what could possibly be done here irrelevant.  *See, e.g.*, Scott Decl., Ex. AA, Snyder Depo., 21:1-3; 26:1-4; 28:4-29:9; 33:5-17; 35:18-25. |
| (Para. 25, Page 13 Lines 7-10) "25.      Furthermore, it is my expert opinion that call detail record information can be obtained that reveals whether a proposed member of the class was within California at the time an alleged call was made." | **A.  Lacks Qualifications.  Fed. R. Evid. 702.**  Mr. Snyder lacks the requisite qualifications to render the opinions proffered.  Mr. Snyder, although a self-admitted "professional expert witness," (Scott Decl., Ex. AA, Snyder Depo., 63:4-11), is not an expert in anything other than distinguishing landlines from cellular phones.  Mr. Snyder admitted during his deposition that his experience lies in TCPA cases, not call recording cases, (Scott Decl., Ex. AA, Snyder Depo., 56:19-57:4),  nor has Mr. Snyder actually ever opined or analyzed any of the factors relevant to ascertaining the class in ***this case***, specifically, (1) identifying individuals (*i.e.*, names/addresses) solely based on |

| MATERIAL OBJECTED TO BY DEFENDANT: | REASON FOR OBJECTION: |
|---|---|
| | their phone number, (Scott Decl., Ex. AA, Snyder Depo., 14:1-18; 46:7-22; 108:15-109:17) ; (2) determine an individual's residency based solely on their phone number, (Scott Decl., Ex. AA, Snyder Depo., 21:1-8), (3) determine an individual's location at the time of a call based on two- and three-year old telephone records, (Scott Decl., Ex. AA, Snyder Depo., 26:1-4; 65:4-66:2); (4) determine whether a call was routed to call centers operated by Six Continents, (Scott Decl., Ex. AA, Snyder Depo., 28:4-29:9; 32: 11-22); (5) determine whether a call was recorded "without notice," (Scott Decl., Ex. AA, Snyder Depo., 33:3-17; 47:9-48:6); and (6) determine whether an individual called Six Continents using a cordless phone, (Scott Decl., Ex. AA, Snyder Depo., 35:18-36:4; 95:24-96:4).  *See Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 149 (1999) (stating than an expert must have "a reliable basis in the knowledge and experience of the *relevant* discipline") (emphasis added); *Heisler v. Maxtor Corp.*, No. 5:06-cv-06634, 2011 WL 1496114, at *9 (N.D. Cal. Apr. 11, 2011) (finding that plaintiffs did not meet their burden of showing their expert was qualified under Rule 702 because the proffered expert did not have the requisite experience in, and |

DLA Piper LLP (US)
Los Angeles

**SIX CONTINENTS' EVIDENTIARY OBJECTIONS TO DECLARATION OF RANDALL A. SNYDER**

| MATERIAL OBJECTED TO BY DEFENDANT: | REASON FOR OBJECTION: |
|---|---|
| | knowledge of, the relevant field.) |
| | **B. Lack of Foundation. Speculation. Fed. R. Evid. 104; Fed. R. Evid. 602.** Mr. Snyder's opinion that he can determine, from CDRs, the location of a putative Class member at the time of his or her call to Six Continents is pure speculation as Mr. Snyder has never attempted to or previously done any such type of analysis, (Scott Decl., Ex. AA, Snyder Depo., 26:1-4), and his opinions that this can be done here are solely based on an document of unknown origin and veracity from four years ago that Mr. Snyder has never taken the time to verify.  (*Id.*, Snyder Depo., 74:4-76:7.) |
| | **C. Irrelevant. Fed. R. Evid. 402.** Mr. Snyder's declaration and subsequent deposition testimony make clear that he has not actually attempted to perform any of the analysis he proposes, rendering any and all conclusions about what could possibly be done here irrelevant. *See, e.g.*, Scott Decl., Ex. AA, Snyder Depo., 21:1-3; 26:1-4; 28:4-29:9; 33:5-17; 35:18-25. |
| (Para. 26, Pages 13, Lines 10-15) "26.     Based on my education, knowledge, experience, expertise and training, it is my expert opinion that the proposed members of the class in this case | **A. Lacks Qualifications.  Fed. R. Evid. 702.** Mr. Snyder lacks the requisite qualifications to render the opinions proffered.  Mr. Snyder, although a self-admitted "professional expert witness," (Scott Decl., Ex. AA, Snyder Depo., |

| MATERIAL OBJECTED TO BY DEFENDANT: | REASON FOR OBJECTION: |
|---|---|
| can be definitively and clearly ascertained based solely on their cellular telephone numbers.  The process to identify these proposed class members from their cellular telephone numbers is a straightforward and highly accurate administrative process." | 63:4-11), is not an expert in anything other than distinguishing landlines from cellular phones.  Mr. Snyder admitted during his deposition that his experience lies in TCPA cases, not call recording cases, (Scott Decl., Ex. AA, Snyder Depo., 56:19-57:4),  nor has Mr. Snyder actually ever opined or analyzed any of the factors relevant to ascertaining the class in *this case*, specifically, (1) identifying individuals (*i.e.*, names/addresses) solely based on their phone number, (Scott Decl., Ex. AA, Snyder Depo., 14:1-18; 46:7-22; 108:15-109:17) ; (2) determine an individual's residency based solely on their phone number, (Scott Decl., Ex. AA, Snyder Depo., 21:1-8), (3) determine an individual's location at the time of a call based on two- and three-year old telephone records, (Scott Decl., Ex. AA, Snyder Depo., 26:1-4; 65:4-66:2); (4) determine whether a call was routed to call centers operated by Six Continents, (Scott Decl., Ex. AA, Snyder Depo., 28:4-29:9; 32: 11-22); (5) determine whether a call was recorded "without notice," (Scott Decl., Ex. AA, Snyder Depo., 33:3-17; 47:9-48:6); and (6) determine whether an individual called Six Continents using a cordless phone, (Scott Decl., Ex. AA, Snyder Depo., 35:18-36:4; 95:24-96:4). *See Kumho Tire Co. v.* |

**SIX CONTINENTS' EVIDENTIARY OBJECTIONS
TO DECLARATION OF RANDALL A. SNYDER**

| MATERIAL OBJECTED TO BY DEFENDANT: | REASON FOR OBJECTION: |
|---|---|
|  | *Carmichael*, 526 U.S. 137, 149 (1999) (stating than an expert must have "a reliable basis in the knowledge and experience of the *relevant* discipline") (emphasis added); *Heisler v. Maxtor Corp.*, No. 5:06-cv-06634, 2011 WL 1496114, at *9 (N.D. Cal. Apr. 11, 2011) (finding that plaintiffs did not meet their burden of showing their expert was qualified under Rule 702 because the proffered expert did not have the requisite experience in, and knowledge of, the relevant field.) **B. Lack of Foundation. Speculation. Fed. R. Evid. 104; Fed. R. Evid. 602.** Mr. Snyder's opinion "that the proposed members of the class in this case can be definitively and clearly ascertained based solely on their telephone numbers" lacks foundation and is complete speculation as *Mr. Snyder admitted during his deposition that he had never even seen the proposed Class definition before jumping to this baseless conclusion.* (Scott Decl., Ex. AA, Snyder Depo., 6:9-18.) This opinion further lacks foundation as Mr. Snyder has never attempted to or previously done any analysis to determine whether the proposed Class definition in this case is ascertainable. *See, e.g.*, Scott Decl., Ex. AA, Snyder Depo., 21:1-3; 26:1-4; 28:4-29:9; 33:5-17; 35:18-25. |

**SIX CONTINENTS' EVIDENTIARY OBJECTIONS
TO DECLARATION OF RANDALL A. SNYDER**

| MATERIAL OBJECTED TO BY DEFENDANT: | REASON FOR OBJECTION: |
|---|---|
|  | **C.  Irrelevant. Fed. R. Evid. 402.**  Mr. Snyder's declaration and subsequent deposition testimony make clear that he has not actually attempted to perform any of the analysis he proposes, rendering any and all conclusions about what could possibly be done here irrelevant.  *See, e.g.*, Scott Decl., Ex. AA, Snyder Depo., 21:1-3; 26:1-4; 28:4-29:9; 33:5-17; 35:18-25.<br><br>**D.  Improper Legal Conclusion.  Improper Opinion/Argument.  Fed. R. Evid. 702; Fed. R. Evid. 703.**  Mr. Snyder's opinion that the proposed Class in this case is "ascertainable" is an improper legal conclusion.  *McPhail v. First Command Fin. Planning, Inc.*, 247 F.R.D. 598, 604-05 (S.D. Cal. 2007) ("Where an expert report amounts to written advocacy akin to a supplemental brief, a motion to strike is appropriate because this evidence is not useful for class certification purposes") (citing *Fisher v. Ciba Specialty Chems. Corp.*, 238 F.R.D. 273, 281 (S.D. Ala. 2006)); *First Am. Corp. ERISA Litig.*, No. SACV 07-01357, 2009 WL 928294, at *1 (C.D. Cal. Apr. 2, 2009) (same). |
| Exhibit B: "Retention Periods Of Major Cellular Providers" | **A.  Authenticity. Fed. R. Evid. 901.**  Exhibit B is a "leaked" document of unknown origin.  Mr. Snyder has not and cannot authenticated Exhibit B.  (Scott Decl., Ex. AA, |

SIX CONTINENTS' EVIDENTIARY OBJECTIONS
TO DECLARATION OF RANDALL A. SNYDER

| MATERIAL OBJECTED TO BY DEFENDANT: | REASON FOR OBJECTION: |
|---|---|
| | Snyder Depo., 74:8-76:7.)<br><br>**B. Lack of Foundation.  Speculation.  Fed. R. Evid. 104; Fed. R. Evid. 602.**  Mr. Snyder admitted during his deposition that Exhibit B is a "leaked" document of unknown origin.  (Scott Decl., Ex. AA, Snyder Depo., 74:8-76:7.)<br><br>Mr. Snyder also admitted that he has not done any investigation into the veracity of the claims made in Exhibit B.  (*Id.*)  Any opinions or assertions based upon Exhibit B lack foundation and are pure speculation on Mr. Snyder's part.<br><br>**C. Irrelevant. Fed. R. Evid. 402.**  Because Exhibit B is a document of unknown origin and its claims have not been investigated by Mr. Snyder or otherwise independently verified, any opinions or assertions based on Exhibit B are also irrelevant. |
| Exhibit C: "Subpoena Compliance" | **A. Authenticity.  Fed. R. Evid. 901.**  Mr. Snyder does not and cannot authenticate this document.<br><br>**B. Lack of Foundation.  Speculation.  Fed. R. Evid. 104; Fed. R. Evid. 602.**  Mr. Snyder fails to establish the requisite foundation for this document.<br><br>**C. Irrelevant. Fed. R. Evid. 402.**  Because Exhibit C lacks authenticity and foundation, it is also irrelevant. |

**SIX CONTINENTS' EVIDENTIARY OBJECTIONS TO DECLARATION OF RANDALL A. SNYDER**

| MATERIAL OBJECTED TO BY DEFENDANT: | REASON FOR OBJECTION: |
|---|---|
| Exhibit D: "Legend for AT&T Mobility Records Labeled 'Data Source: SCAMP'" | **A. Authenticity. Fed. R. Evid. 901.** Mr. Snyder does not and cannot authenticate this document. **B. Lack of Foundation. Speculation. Fed. R. Evid. 104; Fed. R. Evid. 602.** Mr. Snyder fails to establish the requisite foundation for this document. **C. Irrelevant. Fed. R. Evid. 402.** Because Exhibit D lacks authenticity and foundation, it is also irrelevant. |
| Exhibit E: "Explanation Form For Calls With Cellsites" | **A. Authenticity. Fed. R. Evid. 901.** Mr. Snyder does not and cannot authenticate this document. **B. Lack of Foundation. Speculation. Fed. R. Evid. 104; Fed. R. Evid. 602.** Mr. Snyder fails to establish the requisite foundation for this document. **C. Irrelevant. Fed. R. Evid. 402.** Because Exhibit E lacks authenticity and foundation, it is also irrelevant. |

Dated:  August 5, 2013

**DLA PIPER LLP (US)**


By  /s/ Monica D. Scott
　　PERRIE M. WEINER
　　EDWARD D. TOTINO
　　MONICA D. SCOTT
　　Attorneys for Defendant
　　SIX CONTINENTS HOTELS, INC.