ERIC A. GROVER (SBN 136080)
eagrover@kellergrover.com
RACHAEL G. JUNG (SBN 239323)
rjung@kellergrover.com
**KELLER GROVER LLP**
1965 Market Street
San Francisco, California  94103
Telephone: (415) 543-1305
Facsimile: (415) 543-7861

SCOT BERNSTEIN (SBN 94915)
swampadero@sbernsteinlaw.com
**LAW OFFICES OF SCOT D. BERNSTEIN,
A PROFESSIONAL CORPORATION**
101 Parkshore Drive, Suite 100
Folsom, California  95630
Telephone: (916) 447-0100
Fax: (916) 933-5533

Attorneys for Plaintiffs
Laura McCabe, Latroya Simpson,
and Christy Sarabia

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAURA MCCABE, LATROYA SIMPSON, and CHRISTY SARABIA,  individually and on behalf of classes of similarly situated individuals, <br><br> Plaintiffs, <br><br> v. <br><br> SIX CONTINENTS HOTELS, INC.; and DOES 2 through 10, inclusive, <br><br> Defendants. | Case No: 3:12-cv-04818-NC <br><br> Hon. Magistrate Judge Nathanael Cousins <br><br> **CLASS ACTION** <br><br> **THIRD AMENDED COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF** <br><br> **DEMAND FOR JURY TRIAL** |

**CLASS ACTION COMPLAINT**

Plaintiffs Laura McCabe, Latroya Simpson, and Christy Sarabia ("Plaintiffs"), on behalf of themselves and two classes (the "Classes") of similarly situated individuals as defined below, allege on information and belief and the investigation by counsel as follows:

**INTRODUCTION**

1. This class action lawsuit arises out of Defendant Six Continents Hotels, Inc.'s ("Defendant") policy and practice of recording and/or intercepting, without the consent of all parties, customer-initiated calls routed to certain call centers operated by Defendant. Defendant operates or during the relevant time period operated six call centers to which all calls originating from the United States were or are routed. Those call centers are located in Salt Lake City, Utah; Charleston, South Carolina; Gurgaon, India; Baguio, Philippines; Manila, Philippines; and Birmingham, England. These six call centers are referred to as the "English-speaking call centers." Of these six, on or before July 18, 2012, only callers routed to the Birmingham call center received a warning that calls could be recorded or monitored. On or before July 18, 2012, callers to the other five English-speaking call centers received no warning that their calls could be recorded or monitored. These five English-speaking call centers, at which calls were recorded or monitored without warning on or before July 18, 2012, may be referred to collectively as the "No-warning English-speaking call centers."

2. Defendant owns numerous toll-free reservation telephone numbers, including 1-888-HOLIDAY, the number for Holiday Inn hotels, a hotel brand of Defendant. 1-888-HOLIDAY connects callers with the English-speaking call centers. 1-888-211-9874 is the number for Priority Club Rewards, a rewards program owned by Defendant, through which callers can make hotel reservations for Holiday Inn hotels. Callers to 1-888-211-9874 are connected to the English-speaking call centers. Numerous other toll-free reservation and customer-service telephone numbers that are operated by Defendant and related to its other brands, including Holiday Inn Express, Crowne Plaza Hotels and Resorts, InterContinental Hotels and Resorts, Staybridge Suites Hotels, Candlewood Suites Hotels, and Hotel Indigo, also connect callers with the English-speaking call centers. All of Defendant's toll-free reservation,

THIRD AMENDED COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF          1

customer service and club reward telephone numbers are referred to collectively as "toll-free reservation telephone numbers."

3. On or before July 18, 2012, Defendant intentionally and surreptitiously recorded and/or intercepted (i.e., monitored) telephone calls made to toll-free reservation telephone numbers that were routed to any of the No-warning English-speaking call centers. Defendant did so without warning or disclosing to callers that their calls might be recorded or intercepted/monitored. (The terms "intercept" and "monitor" are used interchangeably in this complaint.)

4. Defendant's policy and practice of recording and intercepting telephone conversations without the consent of all parties violates California's Invasion of Privacy Act (Penal Code §§ 630, *et seq.*). Specifically, Defendant's policy and practice violates Penal Code § 632.7, which prohibits the recording or intercepting (i.e., monitoring) of a communication made from a cellular or cordless telephone without the consent of all parties to the communication, and Penal Code § 632, which similarly prohibits the recording or intercepting (i.e. monitoring) of a confidential communication without the consent of all parties to the communication.

5. As a result of Defendant's violations, all individuals who called a toll-free reservation telephone number and were routed to any of the No-warning English-speaking call centers during the relevant time period through and including July 18, 2012, and were recorded or monitored by Defendant surreptitiously and without disclosure are entitled to an award of statutory damages and injunctive relief as set forth in Penal Code § 637.2.

## **PARTIES**

6. a. Plaintiff Laura McCabe is an individual and a resident of California.

   b. Plaintiff Latroya Simpson is an individual and resident of California.

   c. Plaintiff Christy Sarabia is an individual and resident of California.

7. Defendant is a corporation headquartered in Atlanta, Georgia. Defendant regularly does business throughout the United States. Defendant systematically and continuously does business in California and with California residents.

**JURISDICTION**

8. This Court has subject matter jurisdiction over this action under California Penal Code §§ 632, 632.7, and 637.2.

9. This Court has personal jurisdiction over the parties because Defendant continually and systematically has conducted business in the State of California. Likewise, Plaintiffs' rights were violated in the State of California and arose out of their contact with Defendant from within California.

**FACTUAL ALLEGATIONS COMMON TO THE CLASS**

10. Plaintiffs are informed and believe and on that ground allege that Holiday Inn, Holiday Inn Express, Crowne Plaza Hotels and Resorts, InterContinental Hotels and Resorts, Staybridge Suites Hotels, Candlewood Suites Hotels, and Hotel Indigo all are hotel brands owned by Defendant.

11. Plaintiffs are informed and believe and on that ground allege that the toll-free reservation telephone numbers associated with each of these brands connect callers to one of the six English-speaking call centers operated by Defendant.

12. Plaintiffs are informed and believe and on that ground allege that Defendant's employees and agents at the English-speaking call centers receive incoming calls originating from within the United States, including calls from California callers.

13. Plaintiffs are informed and believe and on that ground allege that, at all times on or before July 18, 2012, Defendant intentionally used technology consisting of hardware and/or software to carry out a practice and policy of recording and/or intercepting (i.e., monitoring) calls routed to all of the No-warning English-speaking call centers without warning callers that their calls could be recorded or monitored.

14. During the period from 2010 through June 2012, Plaintiff Laura McCabe ("McCabe") called 1-888-211-9874 numerous times from California using her cellular telephone. On at least four occasions, believed to be November 11, 2011, January 22, 2012, February 3, 2012, and February 10, 2012, McCabe's calls were routed to one of the No-warning English-speaking call centers in the Philippines and recorded without any warning of the

THIRD AMENDED COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF      3

1 recording being provided to McCabe.

2     15. From February through July 2011 and in September 2011, Plaintiff Latroya Simpson ("Simpson") called 1-888-HOLIDAY from California using her cellular telephone. Simpson called 1-888-HOLIDAY to inquire about hotel rates and/or to make reservations. At least one call, on June 3, 2011, was routed to one of the No-warning English-speaking call centers in the Philippines, where the Defendant had a practice in place at that time of recording calls without providing the caller with any warning that calls could be recorded.

    16. During the relevant time period through and including July 18, 2012, Plaintiff Christy Sarabia ("Sarabia") called 800-315-2605, one of Defendant's toll-free reservation telephone numbers, from California using a hardwired landline and a cellular telephone. Sarabia called the toll-free reservation telephone number to, among other reasons, inquire about hotel rates and make personal hotel reservations. At least one call, on June 26, 2012, was routed to one of the No-warning English-speaking call centers in the Philippines, where the Defendant had a practice in place at that time of recording calls without providing the caller with any warning that calls could be recorded.

    17. During Plaintiffs' telephone calls to Defendant, Defendant failed to disclose to Plaintiffs that their telephone conversations with Defendant were being recorded and/or monitored. Plaintiffs did not give and could not have given consent for the telephone calls to be recorded or monitored because they were unaware that Defendant was engaged in that practice during the telephone calls. Plaintiffs are informed and believe and on that ground allege that callers who called the toll-free reservation telephone numbers on or before July 18, 2012 and were routed to any of the No-warning English-speaking call centers were not informed by Defendant or anyone else that their calls were being recorded and/or monitored. Thus, that recording and/or monitoring necessarily occurred without the callers' knowledge or consent.

    18. Because there was no warning that calls would be recorded or monitored, Plaintiffs had a reasonable expectation that their telephone conversations with Defendant's employees and agents were, and would remain, private and confined to the parties on the telephone. That recording and/or monitoring without their consent is highly offensive to

THIRD AMENDED COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF      4

1  Plaintiffs and would be highly offensive to a reasonable person, including members of the
2  proposed Plaintiff Class.

### CLASS ACTION ALLEGATIONS

4      19.    Plaintiffs bring this action under Rule 23 of the Federal Rules of Civil Procedure
5  on behalf of themselves and the class (the "Class") defined as follows:

> All persons who, while residing or located in California at any time during the applicable limitations period preceding the July 8, 2012 original filing of this Complaint and through and including July 18, 2012, used a cellular or cordless telephone to call a toll-free telephone number operated by Defendant and were recorded and/or monitored by Defendant surreptitiously or without disclosure.

    20.    Plaintiffs also bring this action under Rule 23 of the Federal Rules of Civil Procedure on behalf of themselves and the additional class (the "PC § 632 Class") defined as follows:

> All persons who, while residing or located in California at any time during the applicable limitations period preceding the July 8, 2012 original filing of this Complaint and through and including July 18, 2012, used a hardwired landline telephone to call a toll-free telephone number operated by Defendant and were recorded and/or monitored by Defendant surreptitiously or without disclosure.

    21.    The Class that Plaintiffs seek to represent and the PC § 632 Class that Plaintiffs seek to represent contain numerous members and are clearly ascertainable including, without limitation, by using the Defendant's records and/or Defendant's telephone company's or other toll-free service provider's records regarding calls to the toll-free reservation telephone numbers to determine the size of the Class and the PC § 632 Class and to determine the identities of individual Class and PC § 632 Class members. Plaintiffs reserve the right to amend or modify the Class and the PC § 632 Class definitions or to add subclasses or limitations to particular issues.

22. By its unlawful actions, Defendant has violated Plaintiffs' and the Class's and the PC § 632 Class's privacy rights under California's Invasion of Privacy Act, California Penal Code §§ 630 *et seq*. The questions raised are, therefore, of common or general interest to the Class and the PC § 632 Class members, who have a well-defined community of interest in the questions of law and fact raised in this action.

23. Plaintiffs' claims are typical of those of the Class, as Plaintiffs now suffer from the same violations of the law as other putative Class members. Similarly, Plaintiffs' claims are typical of those of the PC § 632 Class, as Plaintiffs now suffer from the same violations of the law as other putative PC § 632 Class members. Plaintiffs have retained counsel with substantial experience in prosecuting complex litigation and class actions to represent them and the Class and the PC § 632 Class, and Plaintiffs will fairly and adequately represent the interests of the Class and the PC § 632 Class.

24. This action may properly be maintained as a class action under Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community of interest in the litigation and the proposed Class and the PC § 632 Class are ascertainable.

**Numerosity**

25. Based on information and belief, the Class and the PC § 632 Class consist of tens of thousands of individuals, making joinder of individual cases impracticable.

**Typicality**

26. Plaintiffs' claims are typical of the claims of all of the other members of the Class and the PC § 632 Class. Plaintiffs' claims and the Class and the PC § 632 Class members' claims are based on the same legal theories and arise from the same unlawful conduct, resulting in the same injury to Plaintiffs and to all of the other Class and PC § 632 Class members.

**Common Questions of Law and Fact**

27. There are questions of law and fact common to the Class that predominate over any questions affecting only individual Class members. Those common questions of law and fact include, without limitation, the following:

        a.      Whether Defendant has a policy or practice of recording and/or intercepting telephone calls made to the toll-free reservation telephone numbers that were routed to any of the No-warning English-speaking call centers;

        b.      Whether, on or before July 18, 2012, Defendant had a policy or practice of not disclosing to callers who were routed to any of the No-warning English-speaking call centers that their calls might be recorded and/or intercepted/monitored;

        c.      Whether, on or before July 18, 2012, Defendant had a policy or practice of not obtaining callers' consent to record and/or monitor telephone calls made to the toll-free reservation telephone numbers that were routed to any of the No-warning English-speaking call centers;

        d.      Whether Defendant violated California Penal Code § 632.7 by recording and/or monitoring, without warning or disclosure, telephone conversations between callers using cellular and cordless telephones within California and the toll-free reservation telephone numbers that were routed to any of the No-warning English-speaking call centers ;

        e.      Whether Class members are entitled to statutory damages of $5,000 under Penal Code § 637.2 for every violation of Penal Code § 632.7.

28.    There are questions of law and fact common to the PC § 632 Class that predominate over any questions affecting only individual PC § 632 Class members. Those common questions of law and fact include, without limitation, the following:

        a.      Whether Defendant has a policy or practice of recording and/or intercepting telephone calls made to the toll-free reservation telephone numbers that were routed to any of the No-warning English-speaking call centers;

        b.      Whether, on or before July 18, 2012, Defendant had a policy or practice of not disclosing to callers who were routed to any of the No-warning

|   |   |   |
|---|---|---|
| | | English-speaking call centers that their calls might be recorded and/or intercepted/monitored; |
| | c. | Whether, on or before July 18, 2012, Defendant had a policy or practice of not obtaining callers' consent to record and/or monitor telephone calls made to the toll-free reservation telephone numbers that were routed to any of the No-warning English-speaking call centers; |
| | d. | Whether Defendant violated California Penal Code § 632 by recording and/or monitoring, without warning or disclosure, telephone conversations between callers using hardwired telephones within California and the toll-free reservation telephone numbers that were routed to any of the No-warning English-speaking call centers; |
| | e. | Whether Class members are entitled to statutory damages of $5,000 under Penal Code § 637.2 for every violation of Penal Code § 632. |

**Adequacy**

29. Plaintiffs will fairly and adequately represent and protect the interests of the other members of the Class and the PC § 632 Class. Plaintiffs have retained counsel with substantial experience in prosecuting complex litigation and class actions. Plaintiffs and their counsel are committed to prosecuting this action vigorously on behalf of the other Class and PC § 632 Class members and have the financial resources to do so. Neither Plaintiffs nor their counsel have any interests adverse to those of the other Class or PC § 632 Class members.

**Superiority**

30. A class action is superior to other available methods for the fair and efficient adjudication of this controversy because individual litigation of the claims of all Class and/or PC § 632 Class members is impracticable and questions of law and fact common to the Class and the PC § 632 Class predominate over any questions affecting only individual members of the Class and/or the PC § 632 Class. Even if every individual Class and/or PC § 632 Class member could afford individual litigation, the court system could not. It would be unduly burdensome to the courts if individual litigation of the numerous cases were to be required. Individualized litigation

1 also would present the potential for varying, inconsistent, or contradictory judgments and would magnify the delay and expense to all parties and to the court system resulting from multiple trials of the same factual issues. By contrast, the conduct of this action as a class action with respect to some or all of the issues will present fewer management difficulties, conserve the resources of the court system and the parties and protect the rights of each Class and PC § 632 Class member. Further, it will prevent the very real harm that would be suffered by numerous putative Class and PC § 632 Class members who simply will be unable to enforce individual claims of this size on their own, or who will never even learn that their privacy rights were surreptitiously violated. Certification also will prevent harm to Defendant's competitors, which otherwise will be placed at a competitive disadvantage as their reward for obeying the law. Plaintiffs anticipate no difficulty in the management of this case as a class action.

31. The prosecution of separate actions by individual Class and PC § 632 Class members may create a risk of adjudications with respect to them that would, as a practical matter, be dispositive of the interests of other Class and PC § 632 Class members not parties to those adjudications or that would substantially impair or impede the ability of those non-party Class or PC § 632 Class members to protect their interests.

32. The prosecution of individual actions by Class and PC § 632 Class members would establish inconsistent standards of conduct for Defendant.

33. Defendant has acted or refused to act in respects generally applicable to the Class and the PC § 632 Class, thereby making appropriate final and injunctive relief or corresponding declaratory relief with regard to members of the Class and the PC § 632 Class as a whole as requested herein. Likewise, Defendant's conduct as described above is unlawful, is capable of repetition, and could resume unless restrained and enjoined by the Court.

## FIRST CAUSE OF ACTION

### Unlawful Recording and Intercepting of Communications

### (Violation of California Penal Code § 632.7)

34. Plaintiffs incorporate each allegation set forth above as if fully set forth herein and further allege as follows.

THIRD AMENDED COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF 9

35. Each of Plaintiffs participated in at least one telephone call that she made to a toll-free reservation telephone number from California and that was routed to one of Defendant's No-warning English-speaking call centers. Each of Plaintiffs used a cellular telephone to engage in the conversations.

36. Plaintiffs are informed and believe and on that ground allege that, at all relevant times, Defendant had a policy and practice of using hardware and/or software that enabled it to surreptitiously record and/or monitor calls from Plaintiffs and Class members who used cellular or cordless telephones to place calls to Defendant's toll-free reservation telephone numbers and were routed to the No-warning English-speaking call centers.

37. Plaintiffs are informed and believe and on that ground allege that, at all times on or before July 18, 2012, Defendant had and followed a policy and practice of intentionally and surreptitiously, and without warning or disclosure, recording and/or monitoring Plaintiffs' and Class members' cellular and cordless telephone calls that were placed to Defendant's toll-free reservation telephone numbers and routed to any of the No-warning English-speaking call centers.

38. Because, on or before July 18, 2012, Defendant had a policy and practice of not disclosing to Plaintiffs or Class members that their calls to Defendant's toll-free reservation telephone numbers that were routed to any of the No-warning English-speaking call centers might be recorded and/or monitored, Defendant did not obtain, and could not have obtained, Plaintiffs' or Class members' express or implied advance consent to the recording or monitoring of those conversations. Because of that nondisclosure, Plaintiffs and Class members had an objectively reasonable expectation that their calls were not being recorded and/or monitored. That expectation and its objective reasonableness arise, in part, from the objective offensiveness of surreptitiously recording people's conversations, the absence of even a simple pre-recorded message as short as four simple words – "calls may be recorded" – and the ease with which such a message could have been put in place (and indeed was put in place after this action was filed). As the California Supreme Court has stated, "in light of the circumstance that California consumers are accustomed to being informed at the outset of a telephone call whenever a

THIRD AMENDED COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF 10

business entity intends to record the call, it appears equally plausible that, in the absence of such an advisement, a California consumer reasonably would anticipate that such a telephone call is not being recorded, particularly in view of the strong privacy interest most persons have with regard to the personal financial information frequently disclosed in such calls." (See *Kearney v. Salomon Smith Barney* (2006) 39 Cal. 4th 95.)

39. Defendant's conduct as described above violated California Penal Code § 632.7(a). Under Penal Code § 637.2, Plaintiffs and Class members therefore are entitled to $5,000 in statutory damages per violation, even in the absence of proof of actual damages. That is the amount expressly deemed proper by the California Legislature. Plaintiffs and Class members also are entitled to injunctive relief to enjoin further violations.

## SECOND CAUSE OF ACTION

**Unlawful Recording of and Eavesdropping upon Confidential Communications**

**against Defendant**

**(Violation of California Penal Code § 632)**

40. Plaintiffs incorporate each allegation set forth above as if fully set forth herein and further alleges as follows.

41. Plaintiff Sarabia participated in several telephone calls that she made to a toll-free reservation telephone number from California and that was routed to one of Defendant's No-warning English-speaking call centers. Plaintiff Sarabia used a hardwired landline telephone to engage in at least one of those conversations.

42. Plaintiffs are informed and believe and on that ground allege that, at all relevant times, Defendant had a policy and practice of using hardware and/or software that enabled it to surreptitiously record and/or monitor calls from Plaintiff Sarabia and PC § 632 Class members who used hardwired landline telephones to place calls to Defendant's toll-free reservation telephone numbers and were routed to the No-warning English-speaking call centers.

43. Plaintiffs are informed and believe and on that ground allege that, at all times on or before July 18, 2012, Defendant had and followed a policy and practice of intentionally and surreptitiously, and without warning or disclosure, recording and/or monitoring Plaintiff

Sarabia's and PC § 632 Class members' hardwired telephone calls that were placed to Defendant's toll-free reservation telephone numbers and routed to any of the No-warning English-speaking call centers.

44. Because, at all relevant times through and including July 18, 2012, Defendant had and followed a policy and practice of not disclosing to Plaintiff Sarabia or PC § 632 Class members that their telephone calls to Defendant's toll-free reservation telephone numbers that were routed to one of the No-warning English-speaking call centers would be recorded and/or eavesdropped upon, Defendant did not obtain, and could not have obtained, Plaintiff Sarabia's or PC § 632 Class members' express or implied advance consent to the recording or eavesdropping of those conversations.

45. Plaintiffs are informed and believe and on that ground allege that the telephone calls that were made to Defendant's toll-free reservation telephone numbers and routed to one of the No-warning English-speaking call centers and were surreptitiously recorded and/or eavesdropped upon by Defendant were "confidential communications" within the meaning of California Penal Code § 632(c) in that Plaintiff and PC § 632 Class members desired and expected the telephone communications as a whole (i.e., both sides of the conversation, taken together) to be confined to the parties to those calls and not recorded, monitored, and/or further disseminated. Because Defendant never disclosed to them that their calls were being recorded and/or eavesdropped upon and their consent for recording and/or eavesdropping upon their calls never was sought, Plaintiff and PC § 632 Class members had an objectively reasonable expectation that their calls were not being recorded and/or eavesdropped upon. That expectation and its objective reasonableness arise, in part, from the objective offensiveness of surreptitiously recording people's conversations, the absence of even a simple pre-recorded message as short as four simple words – "calls may be recorded" – and the ease with which such a message could have been put in place. As the California Supreme Court has stated, "in light of the circumstance that California consumers are accustomed to being informed at the outset of a telephone call whenever a business entity intends to record the call, it appears equally plausible that, in the absence of such an advisement, a California consumer reasonably

1 would anticipate that such a telephone call is not being recorded, particularly in view of the strong privacy interest most persons have with regard to the personal financial information frequently disclosed in such calls." (See *Kearney v. Salomon Smith Barney* (2006) 39 Cal. 4th 95.)

46. Defendant's conduct as described above violated California Penal Code § 632(a). Under Penal Code § 637.2, Plaintiffs and PC § 632 Class members therefore are entitled to $5,000 in statutory damages per violation, even in the absence of proof of actual damages, the amount deemed proper by the California Legislature. Plaintiffs and PC § 632 Class members also are entitled to injunctive relief to enjoin further violations.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiffs, on behalf of themselves and members of the Class and the PC § 632 Class, pray for the following relief:

a. An order certifying the Class and appointing Plaintiffs representatives of the Class, and appointing counsel for Plaintiffs as lead counsel for the Class;

b. An order certifying the PC § 632 Class and appointing Plaintiff Sarabia as representative of the PC § 632 Class, and appointing counsel for Plaintiff as lead counsel for the PC § 632 Class;

c. An order declaring that the actions of Defendant, as described above, violate California Penal Code § 632.7;

d. An order declaring that the actions of Defendant, as described above, violate California Penal Code § 632;

e. A judgment for and award of statutory damages to Plaintiffs and the members of the Class and the PC § 632 Class under California Penal Code § 637.2;

f. A permanent injunction under California Penal Code § 637.2 enjoining Defendant from engaging in further violations of California Penal Code § 630, *et seq.;*

g. Payment of costs of the suit;

h. Payment of attorneys' fees under California Code of Civil Procedure § 1021.5;

i. An award of pre- and post-judgment interest to the extent allowed by law; and

THIRD AMENDED COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF 13

1        j.      For such other or further relief as the Court may deem proper.

                                                                                               Respectfully submitted,

Dated: July 6, 2015                           **KELLER GROVER LLP**

                                                                     */s/ Eric A. Grover*
                                                                     Eric A. Grover
                                                                     Attorneys for Plaintiffs

## JURY DEMAND

Plaintiffs request a trial by jury of all claims that can be so tried.

Respectfully submitted,

Dated: July 6, 2015                    **KELLER GROVER LLP**


/s/ *Eric A. Grover*
Eric A. Grover
Attorneys for Plaintiffs

THIRD AMENDED COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF                    15