PERRIE M. WEINER (SBN 134146)
perrie.weiner@dlapiper.com
EDWARD D. TOTINO (SBN 169237)
edward.totino@dlapiper.com
MONICA D. SCOTT (SBN 286109)
monica.scott@dlapiper.com
**DLA PIPER LLP (US)**
2000 Avenue of the Stars, Suite 400 North Tower
Los Angeles, CA 90067-4704
Telephone: 310.595.3000
Facsimile: 310.595.3300

Attorneys for Defendant
SIX CONTINENTS HOTELS, INC.

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAURA MCCABE and LATROYA SIMPSON, individually and on behalf of similarly situated individuals,<br><br>Plaintiffs,<br><br>v.<br><br>SIX CONTINENTS HOTELS, INC.; and DOES 2 through 10, inclusive,<br><br>Defendants. | CASE NO. C12-4818-NC<br><br>**DEFENDANT'S ANSWER TO PLAINTIFFS' THIRD AMENDED COMPLAINT**<br><br>Complaint Filed: July 8, 2012<br>FAC Filed: July 19, 2012<br>SAC Filed: Oct. 11, 2013<br>TAC Filed: June 30, 2015<br>Trial Date: None |

Defendant SIX CONTINENTS HOTELS, INC. ("Defendant" or "Six Continents"), by and through its attorneys, hereby answers the Third Amended Class Action Complaint ("TAC") filed by Plaintiffs LAURA McCABE and LATROYA SIMPSON, and CHRISTY SARABIA ("Plaintiffs") as follows:

## I. INTRODUCTION

1. Defendant admits that it answers telephone calls at call centers located in Salt Lake City, Utah; Charleston, South Carolina; Gurgaon, India; Baguio, Philippines; Manila, Philippines; and Birmingham, England (collectively, the "English-Speaking Call Centers") and that certain telephone calls made to the English-Speaking Call Centers are recorded for quality assurance purposes. Defendant further admits that, prior to July 18, 2012, calls made to U.S. toll free numbers received an automated warning that calls may be monitored or recorded only if answered by the Birmingham, England call center. Except as expressly admitted, Defendant denies the allegations contained in Paragraph 1 of the TAC.

2. Defendant admits that 1-888-HOLIDAY, a toll-free reservation number for Holiday Inn hotels, is owned by Defendant. Defendant also admits that 1-888-HOLIDAY can connect callers with the English-Speaking Call Centers. Defendant further admits that 1-888-211-9871, a toll-free reservation number for Priority Club Rewards members, is owned by Defendant. Defendant also admits that 1-888-211-9871 can connect callers with the English-Speaking Call Centers. Defendant also admits that it owns other toll-free reservation numbers, related to its other hotel brands, including, Holiday Inn Express, Crown Plaza Hotels and Resorts, InterContinental Hotels and Resorts, Staybridge Suites Hotels, Candlewood Suites Hotels and Hotel Indigo, which can connect callers with the English-Speaking Call Centers. Except as expressly admitted, Defendant denies the allegations contained in Paragraph 2 of the TAC.

3. Defendant admits that certain calls made to Defendant's telephone numbers were recorded for quality assurance purposes. Except as so admitted, Defendant denies the allegations contained in Paragraph 3 of the TAC.

4. Defendant denies the allegations contained Paragraph 4 of the TAC.

5. Defendant denies the allegations contained Paragraph 5 of the TAC

## II. THE PARTIES

6. Defendant lacks sufficient knowledge or information to admit or deny the allegations contained in Paragraph 6 of the TAC and, on that basis, denies the allegations.

7. Defendant admits that Six Continents Hotels, Inc. is a corporation headquartered in Atlanta, Georgia and does business in California. Except as expressly admitted, Defendant denies the remaining allegations contained paragraph 7 of the TAC.

## III. JURISDICTION

8. Defendant admits that this Court has subject matter jurisdiction over this action. Except as expressly admitted, Defendant denies the remaining allegations contained paragraph 8 of the TAC.

9. Defendant admits that this Court has personal jurisdiction over the parties. Except as expressly admitted, Defendant denies the allegations contained in paragraph 9 of the TAC.

## IV. FACTUAL ALLEGATIONS COMMON TO THE CLASS

10. Defendant admits that Defendant owns the Holiday Inn, Holiday Inn Express, Crown Plaza Hotels and Resorts, InterContinental Hotels and Resorts, Staybridge Suites Hotels, Candlewood Suites Hotel, and Hotel Indigo hotel brands. Except as expressly admitted, Defendant denies the remaining allegations contained in Paragraph 10 of the TAC.

11. Defendant admits that certain toll-free reservation telephone numbers associated with its hotel brands may, in certain circumstances, connect callers to the

English-Speaking Call Centers operated by Defendant. Except as expressly admitted, Defendant denies the remaining allegations contained in Paragraph 11 of the TAC.

12. Defendant admits that its English-Speaking Call Centers receive incoming calls from persons, including certain persons from California. Except as expressly admitted, Defendant denies the remaining allegations contained in Paragraph 12 of the TAC.

13. Defendant admits that it records certain incoming calls for quality assurance purposes. Except as expressly admitted, Defendant denies the remaining allegations contained in Paragraph 13 of the TAC.

14. Defendant admits that certain calls from Plaintiff McCabe during the relevant time period were answered by Defendant's call centers in the Philippines and recorded. Except as expressly admitted, Defendant denies the remaining allegations contained in Paragraph 14 of the TAC.

15. Defendant admits that one call from Plaintiff Latroya Simpson during the relevant time period was answered by one of Defendant's call centers in the Philippines. Except as expressly admitted, Defendant denies the remaining allegations contained paragraph 15 of the TAC.

16. Defendant admits that one call from Plaintiff Christy Sarabia during the relevant time period was answered by one of Defendant's call centers. Except as expressly admitted, Defendant denies the remaining allegations contained paragraph 16 of the TAC.

17. Defendant admits that it did not have an automated notice of recording in place when Plaintiffs' calls were answered in its call centers. Except as expressly admitted, Defendant denies the remaining allegations contained paragraph 17 of the TAC.

18. Defendant denies the allegations contained in Paragraph 18 of the TAC.

## V. CLASS ACTION ALLEGATIONS

19. Defendant admits that Plaintiffs purport to bring this action as a putative class action. Except as expressly admitted, Defendant denies the remaining allegations contained in Paragraph 19 of the TAC.

20. Defendant admits that Plaintiffs purport to bring this action as a putative class action. Except as expressly admitted, Defendant denies the remaining allegations contained in Paragraph 20 of the TAC.

21. Defendant denies the allegations contained in Paragraph 21 of the TAC.

22. Defendant denies the allegations contained in Paragraph 22 of the TAC.

23. Defendant denies the allegations contained in Paragraph 23 of the TAC.

24. Defendant denies the allegations contained in Paragraph 24 of the TAC.

25. Defendant admits that it received tens of thousands of telephone calls. Except as expressly admitted, Defendant denies the remaining allegations contained in Paragraph 25 of the TAC.

26. Defendant denies the allegations contained in Paragraph 26 of the TAC.

27. Defendant denies the allegations contained in Paragraph 27 of the TAC.

28. Defendant denies the allegations contained in Paragraph 28 of the TAC.

29. Defendant denies the allegations contained in Paragraph 29 of the TAC.

30. Defendant denies the allegations contained in Paragraph 30 of the TAC.

31. Defendant denies the allegations contained in Paragraph 31 of the TAC.

32. Defendant denies the allegations contained in Paragraph 32 of the TAC.

33. Defendant denies the allegations contained in Paragraph 33 of the TAC.

## FIRST CAUSE OF ACTION

**Unlawful Recording and Intercepting of Communications
(Violation of California Penal Code § 632.7)**

34. Defendant incorporates by reference, as though fully set forth herein, Paragraphs 1 through 33 of this Answer.

35. Defendant admits that certain telephone calls made by Plaintiff McCabe were routed to Defendant's call centers in the Philippines. Defendant further admits that one telephone call made from a number allegedly belonging to Plaintiff Simpson was routed to one of Defendant's call centers in the Philippines. Except as expressly admitted, Defendant lacks sufficient knowledge or information to admit or deny the allegations contained in Paragraph 35 of the TAC and, on that basis, denies the allegations.

36. Defendant admits that it records certain incoming calls for quality assurance purposes. Except as expressly admitted, Defendant denies the remaining allegations contained in Paragraph 36 of the TAC.

37. Defendant admits that it records certain incoming calls for quality assurance purposes. Except as expressly admitted, Defendant denies the remaining allegations contained in Paragraph 37 of the TAC.

38. Defendant admits that it records certain incoming calls for quality assurance purposes and that it did not provide an automated notice of recording to certain calls prior to July 18, 2012. Except as expressly admitted, Defendant denies the remaining allegations contained in Paragraph 38 of the TAC.

| | |
|---|---|
| 1 | 39. Defendant denies the allegations contained in Paragraph 39 of the TAC. |

## SECOND CAUSE OF ACTION

**Unlawful Recording of and Eavesdropping upon Confidential Communications against Defendant
(Violation of California Penal Code § 632)**

40. Defendant incorporates by reference, as though fully set forth herein, Paragraphs 1 through 39 of this Answer.

41. Defendant admits that one telephone call made by Plaintiff Sarabia was routed to one of Defendant's call centers during the relevant period Except as expressly admitted, Defendant lacks sufficient knowledge or information to admit or deny the allegations contained in Paragraph 41 of the TAC and, on that basis, denies the allegations.

42. Defendant admits that it records certain incoming calls for quality assurance purposes. Except as expressly admitted, Defendant denies the remaining allegations contained in Paragraph 42 of the TAC.

43. Defendant admits that it records certain incoming calls for quality assurance purposes. Except as expressly admitted, Defendant denies the remaining allegations contained in Paragraph 43 of the TAC.

44. Defendant admits that it records certain incoming calls for quality assurance purposes and that it did not provide an automated notice of recording to certain calls prior to July 18, 2012. Except as expressly admitted, Defendant denies the remaining allegations contained in Paragraph 44 of the TAC.

45. Defendant denies the allegations contained in Paragraph 45 of the TAC.

46. Defendant denies the allegations contained in Paragraph 46 of the TAC.

# PRAYER FOR RELIEF

Defendant denies that Plaintiffs are entitled to any of the relief prayed for in the TAC.

# AFFIRMATIVE DEFENSES

## FIRST AFFIRMATIVE DEFENSE

(Failure to State Claim Upon Which Relief Can Be Granted)

47. Neither the TAC nor any purported cause of action therein states facts sufficient to constitute a claim upon which relief can be granted against Defendant.

## SECOND AFFIRMATIVE DEFENSE

(Statute of Limitations)

48. The entire TAC, and all claims therein, are barred by the applicable statutes of limitation, including, but not limited to, California Code of Civil Procedure sections 312, 335.1, 337, 338, 340, and/or 343.

## THIRD AFFIRMATIVE DEFENSE

(Lack of Standing)

49. The TAC, and all causes of action therein, are barred in whole or in part because Plaintiffs and/or other putative class members lack standing to assert the claims alleged, and/or have not been injured or suffered any actual damages as a result of Defendant's alleged actions.

## FOURTH AFFIRMATIVE DEFENSE

(Consent)

50. Plaintiffs and the members of the purported class consented to the recording or monitoring of their telephone calls with Defendant.

## FIFTH AFFIRMATIVE DEFENSE

(No Reasonable Expectation of Privacy)

51. Plaintiffs and the members of the purported class had no reasonable expectation of privacy in their telephone calls with Defendant.

## SIXTH AFFIRMATIVE DEFENSE

(Reasonableness and Good Faith)

52. Defendant acted reasonably and in good faith at all times material herein, based on all relevant facts and circumstances known by Defendant at the time they so acted.

## SEVENTH AFFIRMATIVE DEFENSE

(Applicable Statutes Ambiguous)

53. The applicable statutes, including but not limited to those referenced in the TAC, are ambiguous and unclear, and do not impart any notice on Defendant or others similarly situated that its conduct would constitute violation of the statutes.

## EIGHTH AFFIRMATIVE DEFENSE

(Preemption)

54. Plaintiffs and the putative class members' claims are preempted in whole or in part by the Commerce Clause of the United States Constitution and other federal laws including, without limitation, the Communications Act of 1934, including the regulations promulgated thereunder, and the Omnibus Crime Control and Safe Streets Act of 1968.

## NINTH AFFIRMATIVE DEFENSE

(Improper Class Action)

55. To the extent Plaintiffs purport to certify a class, Plaintiffs' allegations do not give rise to class status as there is no typicality, numerosity, commonality, ascertainability or adequate representation present in this action. The class action is also not manageable or superior to individual actions.

## TENTH AFFIRMATIVE DEFENSE

(Proximate Cause)

56. The damages alleged by Plaintiffs and/or the putative class members were not proximately caused by any act or omission on the part of Defendant.

## ELEVENTH AFFIRMATIVE DEFENSE

(Limitation on Recoverable Damages)

57. Plaintiffs and/or the putative class members' recovery of their alleged statutory damages are limited by the applicable statutory ceilings on recoverable damages. In addition, under Penal Code section 637.2, the maximum amount of statutory damages without proof of actual damages that can be recovered in this action is $5,000.

## TWELFTH AFFIRMATIVE DEFENSE

(Justification)

58. At all relevant times, the acts or omissions of Defendant was legally justified and therefore Defendant cannot be liable for those acts or omissions.

## THIRTEENTH AFFIRMATIVE DEFENSE

(Due Process)

59. The application of Penal Code section 632.7 to Defendant violates due process because Defendant has no reasonable way of determining whether the person calling them is using a cordless or cellular telephone. In addition, it violates due process for California to regulate recording that takes place outside of its borders.

## FOURTEENTH AFFIRMATIVE DEFENSE

(Uncertainty)

60. The TAC and each cause of action therein is vague, ambiguous and uncertain.

## FIFTEENTH AFFIRMATIVE DEFENSE

(Attorney's Fees Improper)

61. Plaintiffs' TAC fails to state a claim for attorney's fees or set forth facts sufficient to support such a claim.

## SIXTEENTH AFFIRMATIVE DEFENSE

(Cause in Fact)

62. Plaintiffs' claims are barred in whole or in part because no act by Defendant was the cause of any injury, damages or loss of money or property by Plaintiffs.

## SEVENTEENTH AFFIRMATIVE DEFENSE

(Performance of Duties)

63. Defendant has performed any and all contractual, statutory, and other duties owed to Plaintiff, and Plaintiff is therefore estopped from asserting any cause of action against Defendant.

## EIGHTEENTH AFFIRMATIVE DEFENSE

(Estoppel)

64. Plaintiffs' TAC is barred, in whole or in part, because Plaintiffs are estopped by their own actions and conduct from pursuing the claims in the TAC.

## NINETEENTH AFFIRMATIVE DEFENSE

(Unjust Enrichment)

65. An award to Plaintiffs or the purported class would constitute unjust enrichment.

## TWENTIETH AFFIRMATIVE DEFENSE

(Service Observing)

66. Any recording of telephone calls made by Plaintiffs were done for purposes of quality assurance (also known as service-observing) and therefore was excepted from the restrictions imposed by Penal Code section 632.7.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

(Superseding Causes)

67. Plaintiffs' claims are barred in whole or in part because any and all violations alleged in the TAC were the result of superseding or intervening causes arising from the acts or omissions of parties that Defendant neither controlled nor

had the legal right to control, and such alleged violations were not proximately or otherwise caused by any act, omission, or other conduct of Defendant.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

(Inapplicability of California Penal Code Sections 630 *et seq*.)

68. The provisions of California Penal Code sections 630, *et seq*., are not applicable to the recording or monitoring of any telephone calls where the recording or monitoring took place outside the State of California.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

(Waiver)

69. The TAC, and all purported causes of action contained therein, are barred by the doctrine of waiver, as a result of the acts, conduct, and omissions of Plaintiff and/or other putative class members, or others that are attributable to Plaintiff and/or other putative class members.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

(Calls Not Answered On Cellular, Cordless, or Landline Telephone)

70. California Penal Code section 632.7 is not applicable to the calls at issue in this case because Defendant did not answer the calls using a cellular, cordless or landline telephone but instead received them on computers using Voice Over Internet Protocol (VOIP). Therefore the calls were not a "communication transmitted between two cellular radio telephones, a cellular radio telephone and a landline telephone, two cordless telephones, a cordless telephone and a landline telephone, or a cordless telephone and a cellular radio telephone[.]"

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

(Lack of Intent)

71. Defendant did not believe that the telephone calls at issue were confidential communications, and did not know that any particular call came from a cordless or cellular telephone. Therefore, Defendant did not intend to record

confidential communications or communications made on cordless or cellular telephones, and did not violate California Penal Code section 632.7.

### **TWENTY-SIXTH AFFIRMATIVE DEFENSE**

(Mistake)

72. The failure to provide required notices and/or violation of the law, if any, was the result of mistake.

### **TWENTY-SEVENTH AFFIRMATIVE DEFENSE**

(Right to Raise Other Defenses)

73. Plaintiffs and the putative class members have not set out their claims with sufficient particularity to permit Defendant to raise all appropriate affirmative defenses. Defendant has not knowingly or intentionally waived any applicable affirmative defenses, but Defendant reserves the right to assert and to rely upon additional affirmative defenses not stated here, including such other defenses as may become available or apparent during discovery of this action and reserve the right to amend this Answer to assert any such defenses.

### **PRAYER**

WHEREFORE, Defendant prays for judgment as follows:

1. That Plaintiffs take nothing by their TAC;
2. That judgment be entered in favor of Defendant and against Plaintiffs on all causes of action;
3. That Defendant be awarded the costs of suit herein incurred; and
4. That Defendant be awarded such other and further relief as the Court may deem appropriate.

Dated: July 9, 2015

**DLA PIPER LLP (US)**

By  s/ Monica D. Scott
PERRIE M. WEINER
EDWARD D. TOTINO
MONICA D. SCOTT
Attorneys for Defendant
SIX CONTINENTS HOTELS, INC.