United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

LAURA MCCABE, et al.,
Plaintiffs,
v.
SIX CONTINENTS HOTELS, INC.,
Defendant.

Case No.12-cv-04818 NC

**ORDER GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT; GRANTING IN PART AND DENYING IN PART MOTION FOR ATTORNEYS' FEES AND COSTS**

This case arises out of defendant's alleged policy and practice of recording calls made to its call centers without giving notice to callers. Plaintiffs sue on behalf of all California residents who called defendant, alleging that defendant's recording policies violate the California Penal Code. While plaintiffs' motion for class certification and defendant's motion for summary judgment were pending with the Court, the parties settled the case. As part of the settlement, defendant agreed to pay $11,700,000. The Court now considers final approval of the settlement, and the fees request.

## I. LEGAL STANDARD

Federal Rule of Civil Procedure 23(e) requires judicial approval of any settlement by a certified class. Although there is a "strong judicial policy that favors settlements, particularly where complex class action litigation is concerned," *Linney v. Cellular Alaska P'ship*, 151 F.3d 1234, 1238 (9th Cir. 1998), "[t]he purpose of Rule 23(e) is to protect the

unnamed members of the class from unjust or unfair settlements affecting their rights." *In re Syncor ERISA Litig.*, 516 F.3d 1095, 1100 (9th Cir. 2008). Accordingly, a settlement should only be approved if it is "fundamentally fair, adequate, and reasonable." *Torrisi v. Tucson Elec. Power Co.*, 8 F.3d 1370, 1375 (9th Cir. 1993) (internal quotation marks omitted).

## II. DISCUSSION

The Court already conditionally certified the class, granted preliminary approval of the settlement, and ordered notice be directed to the putative class members. Dkt. No. 147. On February 3, 2016, the Court held a final approval hearing, and heard arguments from plaintiffs' counsel as to their fees request. Now, the Court considers final approval of the settlement agreement.

### A. Settlement Class

As previously approved, those individuals subject to the settlement are: All persons who, while residing or located in California, placed a call to one of Defendant's toll-free telephone numbers at any time during the period from March 1, 2011 through July 18, 2012, inclusive, and spoke with a representative. Excluded from the settlement class are the 17 people listed in the attachment, who timely requested to be excluded from the settlement class.

### B. Settlement Notice

The Court finds that the settlement notice, provided via email, U.S. mail, a settlement website, an online advertising campaign, and in print publication, complied with Federal Rules of Civil Procedure 23(c)(2)(B) and 23(e)(1).

### C. Untimely Claims

Shortly before the February 3, 2016, hearing, the Court received notice from the claims administrator that 480 paper claim forms had been submitted after the December 18, 2015, deadline. At the hearing, plaintiffs moved to include the untimely claims in the class. The Court GRANTED the request in the interest of justice.

/

United States District Court
Northern District of California

### D. Settlement Approval

In deciding whether to grant final approval, the Court considers: (1) objections to the settlement; (2) the *cy pres* beneficiaries; (3) administration costs; (4) enhancement payments for the named plaintiffs; (5) attorneys' costs; and (6) attorneys' fees.

#### 1. Objections to the Settlement

Two objections were received to the settlement. Class member Jonathan Peske objects because he believes the case should have gone to trial. Additionally, Charles Messer objected on the grounds that the California Privacy statutes alleged by the plaintiffs are unconstitutional. Messer attended the February 3 hearing and argued to the Court that its support of the settlement agreement would be an unconstitutional ratification of the California privacy laws.

The Court finds that plaintiffs have adequately addressed the concerns of the two class members in their briefing, and the Court does not believe that these concerns challenge the fundamental fairness of the settlement agreement.

#### 2. *Cy Pres* Beneficiaries

The parties have designated two *cy pres* beneficiaries, Electronic Frontier Foundation and Consumer Action to equally split the amount of any checks that are uncashed after 90 days. The Court finds the non-profit organizations meet the requirements for approval set forth in *Dennis v. Kellogg Co.*, 697 F.3d 858, 865 (9th Cir. 2012) (holding that there must be "a driving nexus between the plaintiff class and the *cy pres* beneficiaries" and that the *cy pres* award must be "guided by (1) the objectives of the underlying statute(s) and (2) the interests of the silent class members, . . . and must not benefit a group too remote from the plaintiff class").

#### 3. Administration Costs

The claims administrator, Heffler Group, estimated that its cost of administering the class would be $500,000. According to its December 22 filing, the actual and anticipated cost of administering the cost is $491,684. The Court approves this amount to be taken from the settlement fund, less any amount that defendant has already paid.

United States District Court
Northern District of California

**4. Enhancement Payment**

Plaintiffs request enhancement awards of $15,000 each to McCabe and Simpson, and $10,000 to Sarabia. The Court previously expressed its concern that these amounts were too high. Dkt. No. 147. *See Spalding v. City of Oakland*, No. 11-cv-02867 TEH, Dkt. No. 99 (N.D. Cal. Sept. 9, 2013) (approving $9,000 incentive award); *Covillo v. Specialtys Cafe*, No. 11-cv-00594 DMR, 2014 WL 954516, at *8 (N.D. Cal. Mar. 6, 2014) (approving $8,000 incentive award); *Barel v. Bank of Am.*, 255 F.R.D. 393, 402 (E.D. Pa. 2009) (approving $10,000 incentive award). Additionally, the incentive awards are significantly greater than the $5,000 statutory maximum recovery, so class representatives may be receiving more than their expected recovery in the lawsuit.

The Court grants an enhancement award of $10,000 each to McCabe and Simpson, and $7,500 to Sarabia. The Court finds these amounts are appropriate and reasonable.

**5. Attorneys' Costs**

The settlement agreement provides that plaintiffs may seek attorneys' costs estimated not to exceed $100,000. Settlement Agreement ¶ 3.2. Plaintiffs now seek more than $120,000 in costs. At the hearing, the Court granted costs in the amount of $100,000, finding the original estimate to be reasonable and the additional costs to be unreasonable.

**6. Attorneys' Fees**

Rule 23(h) of the Federal Rules of Civil Procedure provides that "[i]n a certified class action, the court may award reasonable attorneys' fees and nontaxable costs that are authorized by law or by the parties' agreement." Courts, however, "have an independent obligation to ensure that the award, like the settlement itself, is reasonable, even if the parties have already agreed to an amount." *In re Bluetooth Headset Products Liab. Litig.*, 654 F.3d 935, 941 (9th Cir. 2011) (citations omitted). Under both Ninth Circuit and California law, courts have discretion to use the lodestar method in awarding attorneys' fees, or the percentage-of-recovery method. *Id.* at 942. Applying the percentage-of-recovery method, "courts typically calculate 25% of the fund as the 'benchmark' for a reasonable fee award, providing adequate explanation in the record of any 'special

circumstances' justifying a departure." *Id*.

Here, the settlement agreement provides that defendant will not object to attorneys' fees of 25% of the settlement fund. Plaintiffs have requested 30% of the general fund, $3,510,000. Under the lodestar method, this provides a multiplier of slightly less than 1.69. Defendant objects, stating that 25% is reasonable.

The Court agrees with defendant and finds that 25% of the common fund is reasonable, and that no special circumstances justify a departure in this case. Thus, the Court grants an attorneys' fees award in the amount of $2,925,000.

**III. CONCLUSION**

The Court concludes that the settlement is fair, adequate, and reasonable. The Court approves payments from the settlement fund in the following amounts:

1. $10,000 to Laura McCabe and Latroya Simpson, and $7,500 to Christy Sarabia;
2. $491,684 to the claims administrator;
3. $100,000 in attorneys' costs;
4. $2,925,000 in attorneys' fees;
5. The remaining fund to be allocated pro rata amongst class members who have filed valid claim forms; and,
6. An equal payment of any funds from uncashed settlement checks to the two *cy pres* recipients, Consumer Action and the Electronic Frontier Foundation. Consumer Action and the Electronic Frontier Foundation must use the funds for activities that benefit California resident.

This final approval order shall have a res judicata effect and bar the named plaintiffs and each settlement class member who is not listed in the attached opt-out list from bringing any action asserting any released claims.

The Court dismisses the case with prejudice, but retains jurisdiction to enforce the terms of the settlement agreement and release until February 8, 2017. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 378 (1994).

/

United States District Court
Northern District of California

Plaintiffs' counsel are ordered to file a report with the Court by September 8, 2016, summarizing the settlement disbursement.

**IT IS SO ORDERED.**

Dated: February 8, 2016

NATHANAEL M. COUSINS
United States Magistrate Judge

United States District Court
Northern District of California

Class Members Excluded from the Settlement Agreement

The following class members submitted timely requests to be excluded from the settlement agreement. These individuals shall receive no part in the settlement distribution, and their future claims will not be barred by the res judicata effect of this order.

1. Thomas Brown
2. Stephen Buckhout
3. Daphne Cannata
4. Douglas Churchill
5. Donal Ebersole
6. Eilene Hamilton
7. Paul Herzfeldt
8. Dennis Kaden
9. Carolyn Leahy
10. Carolyn Mackay
11. June Martin
12. Lenore McLeod
13. Alan Nelson
14. Carole Nelson
15. Lucy Nicandri
16. Robert Snyder
17. Stella Yang